IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Fluxo-Cane Overseas Ltd., <br> 2nd floor Abbott Building, Road Town, <br> Tortola, British Virgin Islands. <br><br> Plaintiff, <br> v. <br><br> E.D.& F. Man Sugar Inc. <br> 2525 Ponce De Leon Blvd., Suite 1200, <br> Coral Gables, Miami, Florida 33134, <br><br> Defendant | Case No. 08- <br> WDQ08CV 356 |

## VERIFIED COMPLAINT

Plaintiff Fluxo-Cane Overseas Ltd. (hereinafter "Fluxo-Cane"), through undersigned counsel, as and for its Verified Complaint against Defendant ED & F Man Sugar Inc. ("Man Sugar") alleges upon information and belief as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction of this action under 28 U.S.C. §§ 1332 and 1333.

2. This claim is designated as an admiralty or maritime claim pursuant to Fed. R. Civ. P. 9(h) to the extent set forth below.

### The Parties

3. At all times material hereto, the Plaintiff, Fluxo-Cane, was and still is a foreign corporation or other business entity duly organized and existing pursuant to the laws of a foreign

country with principal office and place of business at 2nd floor Abbott Building, Road Town, Tortola, British Virgin Islands.

4. The Plaintiff, Fluxo-Cane, operates a business selling sugar for shipment overseas, including for shipment to the United States.

5. Upon information and belief, and at all times hereto, the Defendant, Man Sugar, was and still is a foreign corporation registered in Delaware, with its principle place of business at 2525 Ponce De Leon Boulevard, Suite 1200, Coral Gables, Miami, Florida 33134.

6. Upon information and belief, the Defendant, Man Sugar is a buyer and broker of sugar cargoes carried by sea.

7. Man Sugar is subject to personal jurisdiction within this District pursuant to Maryland Statute § 4-201 & 6-103(b)(1)-(3) due to its conduct of business within this District, to wit, the sale and delivery of sugar cargoes in this district and tortuous injury of Plaintiff in this District as set forth below.

## Background

8. The Parties had a long-standing business relationship for the purchase and delivery of sugar lasting many years, and upon information and belief in no prior instance had Defendant Man Sugar failed to promptly pay for shipments of sugar.

9. During the period January 5-7, 2008, Defendant Man Sugar contacted Plaintiff Fluxo-Cane regarding the purchase of approximately 26,000 metric tons of sugar for shipment.

10. On or about January 7, 2008, Defendant Man Sugar sent to Plaintiff Fluxo-Cane by electronic mail a "business confirmation" to buy 23,428.91 metric tons of sugar for shipment, with terms that payment shall be made in full, in cash, against presentation of the shipping documents to Defendant.

11. Defendant Man Sugar entered into Purchase Contract No. P01688.00 dated January 7, 2008 and as amended by the Letter of Addendum dated January 11, 2008, with Plaintiff Fluxo-Cane (which by administrative error of Man Sugar appears in the contract under its prior name of Cane International Corp., Ltd.) for Defendant's purchase of 25,209.99 metric tons of sugar for delivery in Baltimore, Maryland (Attachment 1).

12. Purchase Contract No. P01688.00 explicitly provided payment terms to be "cash against presentation of original shipping documents" for the subject cargo of sugar (Attachment 1).

13. On or about January 17, 2008, the M/V TINA LITRICO completed the first loading of sugar cargo at Recife, Brazil towards satisfaction of Purchase Contract No. P01688.0, and issued bills of lading numbers CSCV3048RE02 and CSCV3048RE01 (Attachment 2).

14. Plaintiff Fluxo-Cane issued to Defendant Man Sugar Commercial Invoice No. 305/08 dated January 18, 2008 for 7,482.930 metric tons of sugar, in the amount of $2,538,265.23 (Attachment 3).

15. On or about January 23, 2008, Defendant Man Sugar submitted to Plaintiff payment in respect of the first loading of 7,482.930 metric tons of sugar.

16. On or about January 26, 2008, the M/V TINA LITRICO completed the second loading of sugar cargo at Maceio, Brazil towards satisfaction of Purchase Contract No. P01688.0, and issued bills of lading numbers CSCV3048MA03, CSCV3048MA04, and CSCV3048MA05 (Attachment 4).

17. Plaintiff Fluxo-Cane issued to Defendant, Man Sugar, Commercial Invoice No. 319/08 dated January 28, 2008 for 17,727.060 metric tons of sugar, in the amount of $6,013,149.93 (Attachment 5).

18. On or about January 30, 2008, Plaintiff Fluxo-Cane sent the shipping documents corresponding to invoice No. 319/08 (Attachment 6) to Defendant Man Sugar as required by Purchase Contract No. P01688.00.

19. The shipping documents for the subject sugar cargo were delivered to Defendant Man Sugar on or about January 30, 2008 (Attachment 6).

20. Plaintiff Fluxo-Cane corresponded by electronic mail with Defendant Man Sugar and repeatedly requested payment for the sugar during the period February 1-4, 2008 and at no time during these exchanges did Defendant dispute its obligation to make payment or signal any intention not to make such payment (Attachment 6).

21. Only after the subject sugar cargo was loaded on board the M/V TINA LITRICO the shipping documents were received by Defendant Man Sugar did Defendant then notify Plaintiff Fluxo-Cane for the first time by electronic mail dated February 4, 2008 that it would not make payment to Plaintiff of the sum of $6,013,149.93 as required by Commercial Invoice 319/08. Defendant stated its intention to refuse payment on the invoice due to an alleged debt of

Plaintiff *not* to Defendant, but purportedly to an alleged affiliate of Defendant, which debt nonetheless is in dispute. (Attachment 7).

22.   In its firm offer to buy the sugar, by electronic mail from Elizabeth Alters dated January 5, 2008, Defendant affirmatively misrepresented its intent to pay Plaintiff when Defendant's representative stated "Payment: 100 pct shall be paid cash against presentation of the original shipping documents . . ." (Attachment 8).

23.   Man Sugar's misrepresentation of its intent to pay the sum due prejudiced Plaintiff Fluxo-Cane's rights in the sugar cargo.

24.   On or about February 7, 2008, by an electronic mail, Plaintiff Fluxo-Cane again requested payment of the sums due under Commercial Invoice 319/08, notified defendant that its failure to make payment would constitute breach of Contract P01688.000 (Attachment 9), and demanded return of the bills of lading for the sugar.

25.   On or about February 7, 2008, through an electronic mail Plaintiff Fluxo-Cane demanded return of the sugar cargo, but Defendant Man Sugar refused (Attachment 9).

26.   Defendant Man Sugar has not paid Plaintiff the $6,013,149.93 corresponding to Commercial Invoice 319/08.

27.   Upon information and belief, the cargo corresponding to Commercial Invoice 319/08 has arrived or will shortly arrive in the Port of Baltimore on board the M/V TINA LITRICO.

### Count I (Conversion)

28. Plaintiff re-alleges and incorporates by reference Paragraphs 1 to 27 herein.

29. Defendant Man Sugar took possession of the $6,013,149.93 lot of sugar with no intention to pay for such cargo.

30. Defendant Man Sugar misrepresented to Plaintiff Fluxo-Cane its intent to pay for the aforesaid sugar, and failed to pay for such sugar, as a result of which Plaintiff Fluxo-Cane has a superior right of possession of the sugar.

31. Defendant Man Sugar wrongfully exercised unauthorized and distinct dominion and control over the subject sugar cargo to the exclusion of Plaintiff Fluxo-Cane's rights with respect thereto.

32. Plaintiff Fluxo-Cane has superior right to possession of the subject sugar cargo.

33. Plaintiff Fluxo-Cane has demanded the return of the sugar, and Defendant Man Sugar has refused to return it.

## Count II (Breach of Contract)

34. Plaintiff re-alleges and incorporates by reference Paragraphs 1 to 33 herein.

35. Defendant has materially breached the contract for the sale of sugar when it failed to pay the sums due and owing upon presentation of the shipping documents therefor, thereby causing damages and harm to Plaintiff.

36. Upon information and belief, Defendant Man Sugar is a corporation which is not resident in this State and which has no resident agent in this State.

37. This action involves property in this State to be attached, including but not limited to the subject approximately 17,727.060 metric tons of sugar cargo carried to Baltimore on board the M/V TINA LITRICO.

**Prayer for Relief**

WHEREFORE, Plaintiff Fluxo-Cane prays as follows:

38. That Defendant Man Sugar be summoned to appear and answer this Complaint;

39. That Defendant, Man Sugar, not being found within this District, as set forth in the Affidavit of Bryant E. Gardner, all of its certain assets, accounts, freights, monies, credits, effects, payments for cargo, cargo, goods or services, and the like belonging to or claimed by Defendant within this district, up to the amount sued for herein, be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims;

40. That Defendant, Man Sugar, not being found within this District, as set forth in the Affidavit of Bryant E. Gardner, all of its certain assets, accounts, freights, monies, credits, effects, payments for cargo, cargo, goods or services, and the like belonging to or claimed by Defendant within this district, up to the amount sued for herein, be attached pursuant to Maryland Code § 3-303(b)(2); and

41. That this Court order Defendant to return the cargo of sugar to Plaintiff; or in the alternative that this Court award judgment against Defendant for damages in the amount of $6,013,149.93 plus pre-judgment interest, costs and fees; and

42. That Plaintiff Fluxo-Cane be granted such other and further relief as the Court may determine to be just and proper under the circumstances.

Dated: February 8, 2008

                        Respectfully submitted,

By: _____
H. Allen Black, III (No. 024542)
Bryant E. Gardner (*pro hac vice pending*)
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, DC 20006
(202) 282-5821
(202) 282-5100 (Facsimile)

*Counsel for Fluxo-Cane Overseas, Ltd.*

## **VERIFICATION**

I am Commercial Director with the Plaintiff, Fluxo-Cane Overseas Ltd.

The facts alleged in the foregoing Complaint are true and correct to the best of my knowledge and information, based upon my personal knowledge and the records of Plaintiff.

The documents marked as Attachments ___ through ___ to the Complaint are true and correct copies of the records of Plaintiff, as represented in the foregoing Complaint.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 8th day of February, 2008.

_____
**Marcos Bruno Daniel**

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Verified Complaint was served by first class mail, postage prepaid, on this 8th day of February, 2008, on E.D.& F. Man Sugar Inc., 2525 Ponce De Leon Boulevard, Suite 1200, Coral Gables, Miami, Florida 33134.

Bryant E. Gardner