**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| Fluxo-Cane Overseas, Ltd., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.:  08-CV-0356 (WDQ) |
| ) | |
| E.D. & F. Man Sugar, Inc., ) | |
| ) | |
| Defendant *in personam* ) | |
| ) | |
| and ) | |
| ) | |
| Cargo of 17,727 Metric Tons, More or ) | |
| Less of Raw Sugar Laden on Board the ) | |
| M/V TINA LITRICO and related bills ) | |
| of lading, *in rem* ) | |
| ) | |
| Defendants. ) | |

**ANSWER**

Defendant E.D. & F. Man Sugar, Inc. ("Man Sugar"), through undersigned counsel, hereby Answers the Amended Verified Complaint of plaintiff Fluxo-Cane Overseas Ltd. ("Fluxo-Cane").  Man Sugar further states as follows:

**Jurisdiction and Venue**

1. Man Sugar admits that the Court has subject matter jurisdiction under 28 U.S.C. § 1332, but otherwise denies this allegation.

2. Man Sugar denies this allegation.

**The Parties**

3. Man Sugar is without information sufficient to admit or deny this allegation, and this allegation is therefore denied.

4.  Man Sugar admits this allegation.

5.  Man Sugar admits this allegation.

6.  Man Sugar denies this allegation.

7.  This allegation is a legal conclusion for which no response is required, and this allegation is therefore denied.

## **Background**

8.  Man Sugar admits that it had a business relationship with Fluxo-Cane.  Man Sugar denies the remaining allegations in this paragraph.

9.  Man Sugar admits that it communicated with Fluxo-Cane regarding the purchase of sugar.  Man Sugar denies the remaining allegations in this paragraph.

10.  Man Sugar admits that it sent an electronic communication to Fluxo-Cane on or about January 7, 2008.  Man Sugar denies the remaining allegations of this paragraph.

11.  Man Sugar admits that it entered into the agreement included as Attachment 1.  Man-Sugar denies the remaining allegations of this paragraph.

12.  The document attached as Attachment 1 speaks for itself, and this allegation is therefore denied.

13.  Man Sugar is without information sufficient to admit or deny the allegation in this paragraph, and this allegation is therefore denied.

14.  Man Sugar admits that it received the invoice included as Attachment 3.  Man Sugar denies the remaining allegations in this paragraph.

15.  Man Sugar denies this allegation.

16.  Man Sugar is without information sufficient to admit or deny this allegation, and it is therefore denied.

17. Man Sugar admits that it received the document included as Attachment 5. Man Sugar denies the remaining allegations in this paragraph.

18. Man Sugar admits that it received the documents included as Attachment 6. Man Sugar denies the remaining allegations in this paragraph.

19. Man Sugar admits that it received the documents included as Attachment 6. Man Sugar denies the remaining allegations in this paragraph.

20. Man Sugar admits that it communicated by email with Fluxo-Cane during this time period. Man Sugar denies the remaining allegations in this paragraph.

21. Man Sugar admits that it sent an e-mail communication to Fluxo-Cane on or about February 4, 2008. Man Sugar denies the remaining allegations in this paragraph.

22. Man Sugar denies this allegation.

23. Man Sugar denies this allegation.

24. Man Sugar admits that it received an e-mail communication from Fluxo-Cane on or about February 7, 2008. Man Sugar denies the remaining allegations in this paragraph.

25. Man Sugar admits that it received an e-mail communication from Fluxo-Cane on or about February 7, 2008. Man Sugar denies the remaining allegations in this paragraph.

26. Man Sugar denies that it owes Fluxo-Cane the moneys identified in this paragraph. Man Sugar denies the remaining allegations in this paragraph.

27. Upon information and belief, the subject cargo was unloaded from the carrying vessel at the Port of Baltimore.

**Count I (Conversion)**

28. Man Sugar incorporates by reference its responses to the allegations in paragraphs 1 to 27.

29. Man Sugar denies the allegations in this paragraph.

30. Man Sugar denies the allegations in this paragraph.

31. Man Sugar denies the allegations in this paragraph.

32. Man Sugar denies the allegations in this paragraph.

33. Man Sugar denies the allegations in this paragraph.

## Count II (Breach of Contract)

34. Man Sugar incorporates by reference its responses to the allegations in paragraphs 1 to 33.

35. Man Sugar denies the allegations in this paragraph.

36. Man Sugar admits this allegation.

37. Man Sugar is without information to admit or deny whether the sugar currently exists in the State of Maryland, and this allegation is therefore denied.  Man Sugar denies the remaining allegations in this paragraph.

## Count III (Misappropriation of Bills of Lading and Sugar Cargo)

38. Man Sugar incorporates by reference its responses to the allegations in paragraphs 1 to 37.

39. Man Sugar denies the allegations in this paragraph.

40. Man Sugar is without information to admit or deny whether the sugar currently exists in the District of Maryland.  Man Sugar denies the remaining allegations in this paragraph.

41. Man Sugar is without information to admit or deny whether the bills of lading currently exists in the District of Maryland, and this allegation is therefore denied.  Man Sugar denies the remaining allegations in this paragraph.

## **Prayer for Relief**

42. This allegation is a prayer for relief to which no response is required. To the extent a response is required, any allegations in this paragraph are denied.

43. This allegation is a prayer for relief to which no response is required. To the extent a response is required, any allegations in this paragraph are denied.

44. This allegation is a prayer for relief to which no response is required. To the extent a response is required, any allegations in this paragraph are denied.

45. This allegation is a prayer for relief to which no response is required. To the extent a response is required, any allegations in this paragraph are denied.

46. This allegation is a prayer for relief to which no response is required. To the extent a response is required, any allegations in this paragraph are denied.

47. This allegation is a prayer for relief to which no response is required. To the extent a response is required, any allegations in this paragraph are denied.

48. This allegation is a prayer for relief to which no response is required. To the extent a response is required, any allegations in this paragraph are denied.

## **Affirmative Defenses**

First Affirmative Defense

Fluxo-Cane's claim is barred by the doctrine of set-off.

Second Affirmative Defense

Fluxo-Cane's claim is barred by the doctrine of recoupment.

Third Affirmative Defense

Fluxo-Cane's claim is barred by the doctrine of accord and satisfaction.

<u>Fourth Affirmative Defense</u>

Fluxo-Cane's claim is barred by the doctrine of waiver.

<u>Fifth Affirmative Defense</u>

Fluxo-Cane's claim is barred by the doctrine of estoppel.

<u>Sixth Affirmative Defense</u>

Fluxo-Cane's claim is barred by Fluxo Cane's breach of contract.

<u>Seventh Affirmative Defense</u>

Fluxo-Cane has failed to state a claim upon which relief can be granted.

WHEREFORE, Man Sugar urges the Court to dismiss the Amended Verified Complaint with prejudice at Fluxo-Cane's sole cost and expense.

Respectfully submitted,

_/s/___Robert A. Gaumont_____
Robert A. Gaumont
DLA Piper US LLP
6225 Smith Avenue
Baltimore, MD  21209

Stanley McDermott III
DLA Piper US LLP
1251 Avenue of the Americas
New York, NY  10020-1104

Attorneys for Defendant E.D. & F. Man Sugar Inc.