# EXHIBIT Q

FREEZING INJUNCTION

IN THE HIGH COURT OF JUSTICE
QUEEN'S BENCH DIVISION
COMMERCIAL COURT

BEFORE THE HONOURABLE MR JUSTICE ANDREW SMITH

29TH APRIL 2008

2008 Folio No 276

Applicants  (1) ED&F MAN COMMODITY ADVISERS LIMITED

(2) ED&F MAN SUGAR INC

- and -

Respondents (1) FLUXO-CANE OVERSEAS LIMITED

(2) S/A FLUXO-COMMERCIO E ASSESSORIA INTERNATIONAL

Names and Addresses of Respondents

Fluxo-Cane Overseas Limited, Beaufort House, PO Box 438, Road Town, Tortola, British Virgin Islands

S/A Fluxo-Commercio E Assessoria International, Rua Dr Renato paes de Barros, 778 Haim Bibi, Sao Paulo, 04530-001, Brasil

PENAL NOTICE

IF YOU ED&F MAN COMMODITY ADVISERS LIMITED, AND ED&F MAN SUGAR INC DISOBEY THIS ORDER YOU MAY BE HELD IN CONTEMPT OF COURT AND MAY BE IMPRISONED, FINED OR HAVE YOUR ASSETS SEIZED.

ANY OTHER PERSON WHO KNOWS OF THIS ORDER AND DOES ANYTHING WHICH HELPS OR PERMITS THE RESPONDENTS TO BREACH THE TERMS OF THIS ORDER MAY ALSO BE HELD TO BE IN CONTEMPT OF COURT AND MAY BE IMPRISONED, FINED OR HAVE THEIR ASSETS SEIZED.

**THIS ORDER**

1. This is a Freezing Injunction made against Fluxo-Cane Overseas Limited, and S/A Fluxo-Commercio E Assessoria International, ('the Respondents') on 29th April 2008 by Mr Justice Andrew Smith on the application of ED&F Man Commodity Advisers Limited and S/A Fluxo-Commercio E Assessoria International ('the Applicants'). The Judge read the evidence listed in Schedule A and accepted the undertakings set out in Schedule B at the end of this Order.

2. This order was made at a hearing without notice to the Respondents. The Respondents have a right to apply to the court to vary or discharge the order – see paragraph 12 below.

3. There will be a further hearing in respect of this order at 10.30am on Friday 9th May 2008 ('the return date').

4. If there is more than one Respondent –

    (a) unless otherwise stated, references in this order to 'the Respondent' mean both or all of them; and

    (b) this order is effective against any Respondent on whom it is served or who is given notice of it.

**FREEZING INJUNCTION**

5. Until the return date or further order of the court, the Respondent must not-

    (1) remove from England and Wales any of his assets which are in England and Wales up to the value of $15,444,201.79; or

    (2) in any way dispose of, deal with or diminish the value of any of his assets whether they are in or outside England and Wales up to the same value.

6. Paragraph 5 applies to all the Respondent's assets whether or not they are in his own name and whether they are solely or jointly owned. For the purpose of this order the Respondent's assets include any asset which he has the power, directly or indirectly, to dispose of or deal with as if it were his own. The Respondent is to be regarded as having such power if a third party holds or controls the asset in accordance with his direct or indirect instructions.

7. This prohibition includes the following assets in particular-

    (a) a bank account numbered 2096.27.25 with BIC code BCVLCH2LXXX at Banque Cantonale Vaudoise, Lausanne, 14 Place Saint Francoise 1001 Lausanne, Switzerland

(b) the benefit of a standby letter of credit issued by Rabobank International to the First Respondent in the amount of US $6,300,000.00, transaction reference TF/LC32566

8. (1) If the total value free of charges or other securities ("unencumbered value") of the Respondent's assets in England and Wales exceeds $15,444,201.79, the Respondent may remove any of those assets from England and Wales or may dispose of or deal with them so long as the total unencumbered value of the Respondent's assets still in England and Wales remains above $15,444,201.79.

(2) If the total unencumbered value of the Respondent's assets in England and Wales does not exceed $15,444,201.79, the Respondent must not remove any of those assets from England and Wales and must not dispose of or deal with any of them. If the Respondent has other assets outside England and Wales, he may dispose of or deal with those assets outside England and Wales so long as the total unencumbered value of all his assets whether in or outside England and Wales remains above $15,444,201.79.

**PROVISION OF INFORMATION**

9. (1) Unless paragraph (2) applies, the Respondent must, within 3 working days of service of this order, inform the Applicants' solicitors of all his assets worldwide exceeding $25,000 in value in an affidavit (to be sworn by an officer of the Respondent) whether in his own name or not and whether solely or jointly owned, giving the value, location and details of all such assets.

(2) If the provision of any of this information is likely to incriminate the Respondent, he may be entitled to refuse to provide it, but is recommended to take legal advice before refusing to provide the information. Wrongful refusal to provide the information is contempt of court and may render the Respondent liable to be imprisoned, fined or have his assets seized.

**EXCEPTIONS TO THIS ORDER**

10. (1) This order does not prohibit the Respondent from spending a reasonable sum on legal advice and representation. But before spending any money the Respondent must tell the Applicants' legal representatives where the money is to come from.

(2) This order does not prohibit the Respondent from dealing with or disposing of any of his assets in the ordinary and proper course of business.

(3) The Respondent may agree with the Applicants' legal representatives that the above spending limits should be increased or that this order should be varied in any other respect, but any agreement must be in writing.

(4) The order will cease to have effect if the Respondent-

(a) provides security by paying the sum of $15,444,201.79 into court, to be held to the order of the court; or

(b) makes provision for security in that sum by another method agreed with the Applicants' legal representatives.

## COSTS

11. The costs of this application are reserved to the judge hearing the application on the return date.

## VARIATION OR DISCHARGE OF THIS ORDER

12. Anyone served with or notified of this order may apply to the court at any time to vary or discharge this order (or so much of it as affects that person), but they must first inform the Applicants' solicitors. If any evidence is to be relied upon in support of the application, the substance of it must be communicated in writing to the Applicants' solicitors in advance.

## INTERPRETATION OF THIS ORDER

13. A Respondent which is not an individual which is ordered not to do something must not do it itself or by its directors, officers, partners, employees or agents or in any other way.

## PARTIES OTHER THAN THE APPLICANT AND RESPONDENT

14. **Effect of this order**

It is a contempt of court for any person notified of this order knowingly to assist in or permit a breach of this order. Any person doing so may be imprisoned, fined or have their assets seized.

15. **Set off by banks**

    This injunction does not prevent any bank from exercising any right of set off it may have in respect of any facility which it gave to the respondent before it was notified of this order.

16. **Withdrawals by the Respondent**

    No bank need enquire as to the application or proposed application of any money withdrawn by the Respondent if the withdrawal appears to be permitted by this order.

17. **Persons outside England and Wales**

    (1) Except as provided in paragraph (2) below, the terms of this order do not affect or concern anyone outside the jurisdiction of this court.

    (2) The terms of this order will affect the following persons in a country or state outside the jurisdiction of this court -

    (a) the Respondent or his officer or agent appointed by power of attorney;

    (b) any person who-

    (i) is subject to the jurisdiction of this court;
    (ii) has been given written notice of this order at his residence or place of business within the jurisdiction of this court; and
    (iii) is able to prevent acts or omissions outside the jurisdiction of this court which constitute or assist in a breach of the terms of this order; and

    (c) any other person, only to the extent that this order is declared enforceable by or is enforced by a court in that country or state.

18. **Assets located outside England and Wales**

    Nothing in this order shall, in respect of assets located outside England and Wales, prevent any third party from complying with-

    (1) what it reasonably believes to be its obligations, contractual or otherwise, under the laws and obligations of the country or state in which those assets are situated or under the proper law of any contract between itself and the Respondent; and

(2) any orders of the courts of that country or state, provided that reasonable notice of any application for such an order is given to the Applicants' solicitors.

## SERVICE OF THIS ORDER

19. Service of this Order shall be effective on both Respondents for the purposes of RSC Order 45 rule 7 by serving the same on Middleton Potts, solicitors at 3 Cloth Street, Barbican, London, EC1A 7NP marked for the attention of Andrew Meads.

## COMMUNICATIONS WITH THE COURT

All communications to the court about this order should be sent to –

All communications to the court about this order should be sent to Room EB09, Royal Courts of Justice, Strand, London WC2A 2LL quoting the case number. The telephone number is 020 7947 6826.

The offices are open between 10 a.m. and 4.30 p.m. Monday to Friday.

## SCHEDULE A
## EVIDENCE

The Applicant relied on the following evidence –

(1) First Affidavit of John Daniel Whittaker sworn on 25th April 2008 with exhibit JDW1.

## SCHEDULE B
## UNDERTAKINGS GIVEN TO THE COURT BY THE APPLICANTS

(1) If the court later finds that this order has caused loss to the Respondent, and decides that the Respondent should be compensated for that loss, the Applicants will comply with any order the court may make.

(2) The Applicant will cause an affidavit to be sworn and filed confirming the substance of any additional matters said to the court by the Applicants' counsel.

(3) The Applicant will serve upon the Respondent as soon as practicable-

   (i) copies of the affidavits and exhibits containing the evidence relied upon by the Applicant, and any other documents provided to the court on the making of the application;
   (ii) an application notice for continuation of the order.

(4) Anyone notified of this order will be given a copy of it by the Applicants' legal representatives.

(5) The Applicants will pay the reasonable costs of anyone other than the Respondent which have been incurred as a result of this order including the costs of finding out whether that person holds any of the Respondent's assets and if the court later finds that this order has caused such person loss, and decides that such person should be compensated for that loss, the Applicants will comply with any order the court may make.

(6) If this order ceases to have effect (for example, if the Respondent provides security) the Applicants will immediately take all reasonable steps to inform in writing anyone to whom they have given notice of this order, or who they have reasonable grounds for supposing may act upon this order, that it has ceased to have effect.

(7) The Applicants will not without the permission of the court use any information obtained as a result of this order for the purpose of any civil or criminal proceedings, either in England and Wales or in any other jurisdiction, other than this claim.

(8) The Applicants will not without the permission of the court seek to enforce this order in any country outside England and Wales or seek an order of a similar nature including orders conferring a charge or other security against the Respondent or his assets; save that the Applicants may take steps in the state of New York to make this order enforceable in respect of the asset listed at paragraph 7(b) of this Order.

NAME AND ADDRESS OF APPLICANTS' LEGAL REPRESENTATIVES

The Applicants' legal representatives are –

Clyde & Co LLP, 51 Eastcheap, London, EC3M 1JP

| | |
|---|---|
| Tel | 020 7623 1244 |
| Fax | 020 7623 5427 |
| Ref | JDW/0800645 |

| | |
|---|---|
| Contact 1 | Mr John Whittaker |
| Email | john.whittaker@clydeco.com |
| Out of hours | 07899 064409 |
| Contact 2 | Mr Michael Swangard |
| Email | michael.swangard@clydeco.com |
| Out of hours | 07739 788209 |