# EXHIBIT S

**IN THE HIGH COURT OF JUSTICE**
**QUEEN'S BENCH DIVISION**
**COMMERCIAL COURT**

BETWEEN:

### (1) ED&F MAN COMMODITY ADVISERS LIMITED
### (2) ED&F MAN SUGAR INC.

Claimants

- and -

### (1) FLUXO-CANE OVERSEAS LIMITED
### (2) S/A FLUXO-COMMERCIO E ASSESSORIA INTERNACIONAL

Defendants

_____

### ORDER

_____

Upon hearing Counsel for the Claimants and Counsel for the Defendants

And upon the Defendants undertaking (despite their position being that the Freezing Order dated 29 April 2008 ought not to have been made) until further order in the meanwhile

(A)    not to engage in or procure any corporate restructuring of the Defendant companies or otherwise disposing of or procuring the disposal of shares in the Defendant companies (or any companies directly or indirectly owned or controlled by the Defendant companies) without first giving the Claimants' solicitors 14 days written notice (marked "Urgent: For the attention of John Whittaker/Michael Swangard"); and

(B)    not to dispose of any of their assets otherwise than in the ordinary course of business;

And upon the Claimants undertaking

(A)    (without prejudice to CPR 31.22) not without the permission of the Court to disclose the information obtained as a result of this order to any third party or to use such information for the purpose of any civil or criminal proceedings, either in England and Wales or in any other jurisdiction, other than this claim

(B)    not without the permission of the Court to seek an order of a similar nature including orders conferring a charge or any other security against the Defendants or their assets.

And upon the Claimants having sought further information beyond that ordered herein in relation to the Defendants' up to date net asset position, investments, cash, debtors, and claims from other clearing houses and Fortis and the parties agreeing that the issue of whether this information should be ordered can be held over until

sight of the accounts referred to in paragraph 1(b) of the Further Information annexed to this Order

**IT IS ORDERED** that

1.  The Freezing Order made by the Honourable Mr Justice Andrew Smith is discharged.

2.  The Defendants do provide answers to the Claimants' request for further information annexed hereto confirmed on affidavit by an officer of the Defendant companies, such affidavit to be provided by 16 May 2008.

3.  The time for service of the Defence is extended until 16 May 2008.


4.  There be liberty to apply on 48 hours notice to the other party including in particular

    (a) Liberty to the Claimants to apply for an order in relation to the standby letter of credit issued by Rabobank International to the First Defendant in the amount of US$ 6,300,000, transaction reference TF/LC32566;

    (b) Liberty to the Claimants to make requests for further information reasonably required as a result of the disclosure to be made by the Defendants pursuant to paragraph 2 of this Order;

    (c) Liberty to the Defendants to apply for a declaration that the Freezing Order ought not have been made, any such application to be made by 16 May 2008; and

    (d) Liberty to apply in relation to the costs of the hearings before the Honourable Mr Justice Andrew Smith on 29 April 2008, and 1 and 6 May 2008


**Dated this 6th day of May 2008**

**FURTHER INFORMATION**

1.    In relation to each Defendant:

   a.   Provide a copy of the latest company accounts including the balance sheet and profit and loss account.

   b.   Provide a list of all fixed assets with a value of in excess of US$100,000.

   c.   Provide a list of all subsidiary companies (whether in direct or indirect ownership or control of the Defendant).

2.    Please list any transfers or changes in the asset structure of each Defendant in the previous 12 months (other than the merger described in paragraphs 10 to 12 of the first affidavit of John Daniel Whittaker dated 25 April 2008) that fall within the following categories:

   a.   Transfers which were not at "arm's length".

   b.   Transfers which were to a connected party or person.

   c.   Transfers which were for a consideration of in excess of $100,000 and which were not in the ordinary course of business.

   d.   Transfers which involved the merger, or other change in the existence, nature, name or other constitutional amendment of or to any corporate entity under the direct or indirect ownership or control of the Defendant.

279580