IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Fluxo-Cane Overseas Ltd.,

    Plaintiff,

    v.

E.D. & F. Man Sugar Inc., et al.,

    Defendants.

Case No. 08-cv-356 (WDQ)

**MAN SUGAR'S MEMORANDUM IN RESPONSE TO
FLUXO-CANE OVERSEAS LTD.'S MOTION FOR
LEAVE TO FILE A SUR-REPLY AND MOTION TO
FILE A SUPPLEMENTAL AFFIDAVIT**

Defendant E.D. & F. Man Sugar, Inc. ("Man"), through undersigned counsel, respectfully submits this response to the motions by Plaintiff Fluxo-Cane Overseas Ltd. ("Fluxo-Cane") seeking leave to file a sur-reply (Docket No. 42) and a supplemental affidavit (Docket No. 43).

### STANDARD OF REVIEW

Local Rule 105.2(a) states plainly that "[u]nless otherwise ordered by the Court, sur-reply memoranda are not permitted to be filed." "Sur-replies may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003). "When allowed to be filed (which itself should be an infrequent occurrence), a sur-reply should be limited to addressing new arguments raised by the movant in a reply." *Proper v. Ispat Inland, Inc.*, 2006 WL 2399281, at * 1 (N.D. Ohio May 8, 2006).

The only arguably "new" issue raised by Man concerns whether or not this Court might consider staying this action pending the outcome of the separate action between the parties

pending in the High Court in London ("English Action"). In its "Opposition to Man's Motion for Summary Judgment," Fluxo argued for the first time that "this Court could not, and should not, attempt to adjudicate the competing claims of MCA [ED & F Man Commodity Advisers Ltd.] and Fluxo-Cane that are currently being litigated in the U.K. Action." (Fluxo-Cane Opp. Mem. at 15.) As Man has explained, this Court can and should order the set-off requested by Man regardless of the English Action. But in its Reply Memorandum, Man also noted, alternatively, that were this Court to conclude that Man's set-off defense should not be adjudicated until the English Action has been resolved, then a stay would be warranted. (*See* Man's Reply at 13.) That two-paragraph mention of a possible stay should not give Fluxo-Cane license to submit six further pages of argument, most of which concerns issues unrelated to a stay. Fluxo's assertions are redundant and also incorrect.

**ARGUMENT**

**A.    *This Court Has The Discretion to Stay This Matter, But It Should Do So Only If It Determines That Man's Set-off Right Would Be Governed By The Outcome of the English Action.***

The argument in Man's reply addressing this Court's discretion to issue a stay is not a "new matter." Rather, it responds to Fluxo-Cane's argument that this Court could not render rulings related to the English Action because it involves "competing claims." (Fluxo Cane Opp. Mem. at 15.) Man replied to this argument by explaining that this Court could rightfully grant Man's cross motion for summary judgment without interfering with the English Action because the only effect would be either to reduce the amount of any judgment entered against Fluxo-Cane in the English Action or add damages to Fluxo-Cane's counterclaims in the English Action. (*See* Man Reply at 13.) Fluxo-Cane does not challenge this argument in its proposed sur-reply.

Instead, Fluxo-Cane seeks leave to respond to Man's alternative argument that **if** this Court were nonetheless to conclude that Man's claim for set-off cannot be decided until the

2

English Action has been resolved, **then** the proper course of action would be to stay this action pending a final adjudication of the English Action. In its instant motion, Fluxo-Cane does not acknowledge that Man expressly stated in its reply that it did not believe a stay was necessary.

Fluxo-Cane also overstates the type of stay that Man is seeking when it argues that the *Colorado River* abstention doctrine has relevance. The *Colorado River* abstention doctrine is "an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it" because, when properly applied, *Colorado River* abstention usually results in the dismissal of an action. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). Here, Man did not argue for *Colorado River* abstention in a motion to dismiss. Instead, Man has filed an Answer to the Complaint and seeks an adjudication of Fluxo-Cane's claims in the light of Man's affirmative defenses.[1]

Man therefore is requesting that this Court exercise its discretion to enter a stay if, and only if, it concludes that the outcome of the English Action would have bearing on the parties' motions. Man's request is consistent with the factors that a Court should consider in determining any stay requests, starting with whether the two cases involve "parallel duplicative" proceedings. *See McLaughlin v. United Virginia Bank*, 955 F.2d 930, 935 (4th Cir. 1992). The disputed issues in this case and in the English action are "duplicative"—*i.e.*, in both cases the disputed issues involve the damages resulting from Fluxo-Cane's inability to make its margin calls (a matter, however, to be adjudicated only in the English action). The fact that this case concerns claims

---

[1] The fact that Man filed an Answer to this Complaint and agreed to forgo the discovery period provided in this Court's Scheduling Order in favor of an accelerated briefing schedule shows that Man seeks a quick resolution of these cross motions for summary judgment. Fluxo-Cane's suggestion that Man is engaging in delay is baseless and contrary to the record. Instead, it is Fluxo-Cane that has unnecessarily complicated this case by suggesting, incorrectly, that this Court would need to resolve the issues in the English Action in order to find in Man's favor on the set-off issue.

by Fluxo-Cane for the price of the sugar sold to Man is immaterial because the only issue that is actually disputed in this case is Man's set-off right based on the larger Fluxo-Cane debt pleaded in the English Action.

Likewise, both "judicial efficiency" and the desire of avoiding "piecemeal litigation" favor a stay if this Court determines that the alleged facts in the English Action need to be resolved before this Court rules on the set-off. *See Johns Hopkins Health Sys. Corp. v. Al Reem Gen. Trading & Company Rep. Est.*, 374 F. Supp.2d 465, 473 (D. Md. 2005); *Continental Time Corp. v. Swiss Credit Bank*, 543 F. Supp. 408, 410 (S.D.N.Y. 1982).[2] It would make no sense for this Court (in that event) to make rulings in respect of the claims being litigated in the English Action when the parties have not asked this Court to decide any of the issues that the English court will decide.

Further, the "source of the governing law" and "whether the foreign proceedings are adequate to protect the parties' rights," *Johns Hopkins*, 374 F. Supp. 2d at 473, would also support a stay. As Fluxo-Cane notes in its opposition, the English Action involves "a complex commercial dispute arising under English law." (Fluxo-Cane Opp. Mem. at 15.) And, as Man noted in its reply, Fluxo-Cane's rights are protected and it will suffer no prejudice because any judgment in the English Action against Fluxo-Cane will be reduced by the amount of any set-off in this proceeding. (Man Reply at 13 (citing Swangard Decl. ¶ 13).). This point has been made explicit in the Particulars of Claim in the English Action when the assignor, ED & F Man Commodity Advisers Ltd. ("MCA"), stated that "[f]or the avoidance of doubt, MCA will give credit for the Assigned Debts insofar as [the English Court] accepts [the] set-off [or if] the set off is

---

[2] Because the Fourth Circuit and Second Circuit appear to adopt identical standards for granting a stay (with slightly different wording), Fluxo-Cane is creating a false conflict when it suggests that there is any relevance to determining which forum's law applies to this case.

sanctioned by a competent court against the sum due under the [Customer] Agreement." *See* Particulars of Claim ¶ 41 (Bouet Ex. N to Man's cross-motion).

The other factors that courts consider in determining the propriety of a stay include the "inconvenience" of the federal forum, the temporal sequence of filing each action, and the order in which jurisdiction was obtained in the forums. *See Johns Hopkins.*, 374 F. Supp.2d at 473; *Continental Time Corp.*, 543 F. Supp. at 410. These factors would be relevant in a motion to dismiss under a *Colorado River* abstention analysis. Because the parties are actively litigating in **both** this Court and the English court, however, these "convenience" and "first filed" factors do not have any bearing on whether this Court should defer to the English court if it finds that the actions being litigated in London are relevant to the determination of the set-off issue.

In sum, Fluxo-Cane has taken an argument that Man made in its reply in direct response to an argument that Fluxo-Cane made in its opposition and has attempted to characterize it as a new issue, warranting a sur-reply. Man believes, however, that a stay would be appropriate only if this Court were to conclude that the English Action should be adjudicated before this Court decides the cross motions. Man does not, as noted, believe that such a stay should be necessary, because, by granting Man's cross-motion for summary judgment, this Court would neither interfere with nor adversely affect the English Action. (See Man Reply at 13.)

**B.** *Fluxo-Cane's Other Arguments for a Sur-Reply Are Duplicative And Incorrect.*

Accusing Man of "three material misrepresentations," Fluxo-Cane attempts to obtain the last word on three issues that were exhaustively briefed by the parties in their cross-motions for summary judgment. (Fluxo-Cane Request at 1.) These issues add nothing new and are not appropriate subjects of a sur-reply.

1.   First, Fluxo-Cane argues that the "Assignment" provision of the Customer Agreement does not allow for the assignment of MCA's set-off rights, just the assignment of the contract itself. (Fluxo-Cane's Proposed Sur-Reply at 4.) This Court has before it the Customer Agreement (attached as Exhibit A to Man's cross-motion for summary judgment) and can decide for itself the effect of both the "Set Off" provision of the Customer Agreement (§ 10.4) and the "Assignment" provision of the Customer Agreement (§ 24.8.1). Man interprets these provisions as meaning that—in addition to Man's common law right to set-off —Man also has a further contractual right to set-off. Fluxo-Cane has disagreed with this interpretation once (in its opposition to Man's cross-motion) and now just repeats the arguments made in its earlier opposition. And even if Fluxo-Cane were right, Man's common law set-off right would still be controlling.

2.   Second, Fluxo-Cane claims that Man's explanation of English law concerning the "declaration of trust" is inaccurate. (Fluxo-Cane's Proposed Sur-Reply at 4-5.) Man has provided a declaration explaining that, under English law, a legal assignment requires that the full debt be assigned. *See* Swangard Decl. ¶¶ 8-9. This distinction does not create a trustee or beneficiary relationship and it is not a "declaration of trust." *Id.* The assignment has been described in the English Action as a "declaration of trust" because, under English law, (a) this was necessarily an "equitable assignment," (b) the assignor MCA retained the "legal chose" to bring the legal action, and (c) a "bare legal trust" was therefore given to Man. Swangard Decl. ¶¶ 10-12. Fluxo-Cane's proposed sur-reply and the proposed affidavit of Andrew Meads do not address this analysis. Nor does Fluxo-Cane dispute that the "declaration of trust" is an English-law procedural requirement due to the assignment of a partial debt.

3.   Third, Fluxo-Cane states that Man misrepresents the recent amended decision in the English action because Man has noted that the English court ruled on a very narrow issue on

summary judgment and made no ruling indicating that Fluxo-Cane would likely prevail on the merits. (Fluxo-Cane's Proposed Sur-Reply at 5-6.) The Reasons for Judgment ("Reasons") recently issued by the English court confirm what Man has said, *i.e.*, the English court ruling is narrow in scope and concerns only how the parties agreed to act on January 17-18, 2008. (Man Reply at 12-13 (citing Swangard Decl. at ¶¶ 4-7).) That ruling, among many other things, does not address the liquidation of Fluxo-Cane's accounts after January 18, 2008.

Nonetheless, Fluxo-Cane seeks leave to file a supplemental affidavit from Andrew Meads, its London solicitor, which states that "[i]t follows from the [opinion] that … Man will not be entitled to any money judgment in the U.K. Action." (Proposed Supplemental Mead Aff. at ¶ 6.) Nowhere in the Reasons, however, does the English court say any such thing. The Reasons focus only on the conduct of the parties on January 17-18, 2008. (Reasons for Judgment at ¶ 135.)

In particular, the Reasons are consistent with the explanation of the initial draft opinion provided in the Declaration of Michael Swangard, stating that:

> …. The actual effect of the Order … appears quite limited. … Among other things Fluxo-Cane, at the 18th January 2008 meeting, did not agree to pay any margin. On the contrary they indicated at that meeting that margin would not be paid and in effect abandoned their position with MCA. Nor did Fluxo-Cane pay margin to MCA at any later date before all its futures positions were finally liquidated on 14th April. Nor is it all clear whether or to what extent, if at all, Fluxo-Cane sustained any loss due to the liquidations of the positions on 18th January 2008 ahead of the uneventful 18th January meeting, in contrast to all the positions liquidated following that meeting. …

Swangard Decl. ¶ 7.

In sum, the only evident effect of the English court's ruling is that Fluxo-Cane can now present the defense that the amount of money claimed by MCA may be reduced by losses, if any,

incurred in respect of the positions allegedly liquidated prematurely on January 18, 2008 (rather than on later dates). That narrow issue has no impact on the cross motions now before this Court.

## CONCLUSION

For these reasons, Man respectfully requests that this Court deny Fluxo-Cane's motion for leave to file the sur-reply memorandum on the grounds that it adds nothing new to these proceedings. Man also re-urges its request that this Court grant summary judgment in its favor and dismiss the amended complaint.

Respectfully submitted,

_____/s/_____
Robert A. Gaumont
DLA Piper LLP (US)
6225 Smith Avenue
Baltimore, Maryland 21209

Stanley McDermott III
(admitted *pro hac vice*)
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, NY 10020-1104

Attorneys for Defendant,
E.D. & F. Man Sugar Inc.