# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Fluxo-Cane Overseas Ltd., )<br> )<br>             Plaintiff, )<br>    v. )<br> )<br>E.D. & F. Man Sugar Inc., et al., )<br> )<br>            Defendants. )<br> ) | Case No. 08-cv-356 (WDQ) |

## REPLY OF FLUXO-CANE OVERSEAS LTD.
## TO E.D. & F. MAN SUGAR, INC.'S RESPONSE TO FLUXO-CANE'S MOTIONS
## FOR LEAVE TO FILE A SURREPLY
## AND FOR LEAVE TO FILE SUPPLEMENTAL AFFIDAVIT

Fluxo-Cane Overseas Ltd. ("Fluxo-Cane") requests leave to file a Surreply to address the conditional request for a stay of this matter made by E.D. & F. Man Sugar, Inc. ("Man Sugar") for the first time in its Reply Memorandum. As acknowledged by Man Sugar, a surreply is permissible "when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003).

Fluxo-Cane is confident that this Court will see through Man Sugar's strained and futile effort to bring its conditional request for a stay within the standards articulated in the proposed Surreply. However, the key point, overlooked by Man Sugar, is that Man Sugar's request for a conditional stay, is itself an implicit admission that the claim it seeks to use as a set-off is not liquidated.

The other justification for the proposed Surreply is to note to the Court three material misrepresentations made by Man Sugar in its Reply memorandum. The first two such

misrepresentations consist of assertions by Man Sugar that directly contradict earlier representations made to the court in the U.K Action.

The third misrepresentation is of the decision from the U.K. Court. The U.K. Court's Reasons for Judgment, released on September 19, 2008, reveal the extent of that misrepresentation and the true impact of the U.K. Court's decision. Man Sugar's argument in its Reply Memorandum that the sole effect of the decision is to require the court to calculate Fluxo-Cane's damages against MCA (by reference to the Swangard Declaration), is not only contradicted by ¶ 16 (page 8) and ¶¶ 134-135 (page 44) of the Reasons for Judgment but is also a tacit admission that MCA's claim cannot be a liquidated one, and therefore merits the concise response set forth in the proposed Surreply.

This matter is straightforward: Man Sugar can only set off its acknowledged debt to Fluxo-Cane if set- off is not prohibited by contract and if the proposed offsetting claim is both mutual and liquidated. The Enclosure to the Supplemental Affidavit and the responses to new arguments in the proposed Surreply are relevant to show that Man Sugar cannot meet those requirements here.

Dated: October 1, 2008.

Respectfully submitted,

By: /s/ 
H. Allen Black, III (No. 024542)
Bryant E. Gardner (*pro hac vice*)
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, DC  20006
hblack@winston.com
bgardner@winston.com
(202) 282-5821
(202) 282-5100 (Facsimile)

*Counsel for Fluxo-Cane Overseas, Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing Reply of Fluxo-Cane Overseas Ltd. to E.D. & F. Man Sugar, Inc.'s Response to Fluxo-Cane's Motions for Leave to File a Surreply and for Leave to File Supplemental Affidavit were served on this 1st day of October, 2008, on Robert A. Gaumont of DLA Piper, counsel of record for Defendant, by the Court's Electronic Filing System.

                               /s/
                        H. Allen Black III