IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| Fluxo-Cane Overseas Ltd., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 08-cv-356 (WDQ) |
| E.D. & F. Man Sugar Inc., et al., | ) ) ) | |
| Defendants. | ) ) | |

**RESPONSE OF FLUXO-CANE OVERSEAS LTD.
TO E.D. & F. MAN SUGAR, INC.'S MOTION TO SUPPLEMENT RECORD WITH
<u>MOST RECENT DECISION IN ENGLISH ACTION</u>**

The submissions proffered by E.D. & F. Man Sugar, Inc. ("Man Sugar") are not relevant to this matter, and therefore should not be added to the record in this case. Indeed, Man Sugar does not identify any relevance for the submissions.

Rather, Man Sugar misrepresents an order of Her Majesty's Court of Appeal (the "Order") merely to suggest that it is "consistent with the opinion expressed by MCA's solicitor, Michael Swangard," which Man Sugar also misrepresents. Contrary to Man Sugar's suggestion that the Order indicates a conclusion by the Court of Appeal that the appeal has a "significant likelihood" of success, the Order states only that "[i]t is difficult to say that there is no prospect of showing that the Judge's conclusion (that a binding agreement was made) is wrong. But that is all that any appeal can be about." Exhibit 2 to Motion. Similarly, Swangard did not opine that the appeal would be successful, as indeed he could not. He merely stated that he had "received advice from Leading Counsel that they have good prospects of success."

The Order does not give any reason for supposing the appeal to have a "significant likelihood" of success or even "good prospects" of it, whatever such speculations could be worth. The threshold for showing a "real prospect of success" for the purposes of permitting an appeal under the English rule 52.3(6) is not a high one. Thus, the Order does not support the inference that Man seeks to conjure from it. Likewise, the second-hand assertion of a barrister's appellate hopes after losing in court adds nothing to this case, which both parties have agreed is ready for decision as a matter of law. Rather, the submissions offered by Man Sugar only serve to show that the claim of E.D. & F. Man Commodity Advisors Ltd. is very far from being a liquidated one, and therefore cannot possibly serve as a set-off to Man Sugar's acknowledged obligations.

Clearly, the U.K. case will continue to drag on through the appeal process and further trial court proceedings. However, this Court need not wait out that process, and need not be burdened by further pointless submissions from Man Sugar, since this matter is ripe for decision. Accordingly, we respectfully request that this Court decide this matter and grant summary judgment to Fluxo-Cane.

Dated:  December 3, 2008

                                              Respectfully submitted,

By: /s/
H. Allen Black, III (No. 024542)
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, DC  20006
hblack@winston.com
(202) 282-5821
(202) 282-5100 (Facsimile)

*Counsel for Fluxo-Cane Overseas, Ltd.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing Response of Fluxo-Cane Overseas Ltd. to E.D. & F. Man Sugar, Inc.'s Motion to Supplement Record With Most Recent Decision in English Action were served on this 3d day of December, 2008, on Robert A. Gaumont of DLA Piper, counsel of record for Defendant, by the Court's Electronic Filing System.

                                                                                 /s/
                                                       H. Allen Black III