IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

```
                              *
FLUXO-CANE OVERSEAS LTD.,
                              *
     Plaintiff,
                              *
        v.                          CIVIL NO.: WDQ-08-356
                              *
E.D. & F. MAN SUGAR INC.,
                              *
     Defendant.
                              *
```

*    *    *    *    *    *    *    *    *    *    *    *    *

MEMORANDUM OPINION

Plaintiff Fluxo-Cane Overseas Ltd. ("Fluxo-Cane") sued E.D. & F. Man Sugar Inc. ("Man Sugar") for breach of contract, conversion, and misappropriation of bills of lading and sugar cargo for Man Sugar's refusal to pay $6,013,149.93 for 17,727.060 metric tons of sugar. Pending are Fluxo-Cane's and Man Sugar's motions for summary judgment, Fluxo-Cane's motions for leave to file a surreply, and Man Sugar's motion to amend its motion for summary judgment. For the following reasons, Fluxo-Cane's motion for summary judgment and motion for leave to file a surreply will be denied, Man Sugar's motion for summary judgment will be granted in part and denied in part, and its motion to amend its motion for summary judgment will be granted.

I.   Background

Man Sugar and E.D. & F. Man Commodity Advisers, Ltd. ("MCA") are subsidiaries of E.D. & F. Man Holdings, Ltd., a London-based

group of companies that trade in commodities worldwide.  Def. Cross. Mot. Summ. J. at 1.  On February 1, 2005, Fluxo-Cane entered into a contract with MCA to trade commodities futures. *Id.* at Ex. A.

On January 7, 2008, Man Sugar agreed to buy 25,209.99 metric tons of sugar ("sugar contract") from Fluxo-Cane.  Pl. Mot. Summ. J. Ex. 8. On January 28, 2008, Fluxo-Cane invoiced Man Sugar for $6,135,867.28 for the sugar.  Pl. Mot. Summ. J. Ex. 14.  On June 2, 2008, Fluxo-Cane issued a final invoice to Man Sugar for $6,597,456.62.  *Id.* at 5.

Before February 4, 2008, MCA terminated the futures contract, liquidated Fluxo-Cane's account, and determined that Fluxo-Cane owed it $41,961,982.07.[1]  Pl. Mot. Summ. J. Ex. 16. On February 4, 2008, MCA assigned $6,013,149.14 of that amount to Man Sugar in exchange for $5,900,000, due upon Fluxo-Cane's satisfaction of the assigned debt.  *Id.*  On that day, Man Sugar also notified Fluxo-Cane that it was setting off its $6,135,867.28 debt under the sugar contract against the

---

[1]   On September 19, 2008, the High Court of Justice, Queen's Bench Division, Commercial Court, in the United Kingdom issued its Reasons for its August 8, 2008, Order for Summary Judgment. The U.K. Court held that MCA and Fluxo-Cane agreed on January 17, 2008, to abstain for less than 24 hours from unilaterally liquidating Fluxo-Cane's account.  MCA liquidated Fluxo-Cane's account during that period, and Fluxo-Cane's debt to MCA resulted.  Pl. Supp. Aff.  MCA's appeal of this decision was granted.  Def. Am. Mot. Summ. J.  The U.K. Court has not addressed whether this liquidation was improper.  Pl. Supp. Aff.; Def. Am. Mot. Summ. J.

$6,013,149.40 assignment from MCA.  *Id.*  On February 7, 2008, Fluxo-Cane demanded payment.  Pl. Mot. Summ. J. Ex. 17, 18.  Man Sugar refused.  *Id.*  On February 8, 2008, Fluxo-Cane filed this suit.  On June 10, 2008, Fluxo-Cane moved for summary judgment. On July 18, 2008, Man Sugar filed a cross motion for summary judgment.  On September 12, 2008, Fluxo-Cane moved for leave to file a surreply.  On September 19, 2008, Fluxo-Cane moved for leave to file a supplemental affidavit, which the Court granted on October 10, 2008.  On November 26, 2008, Man Sugar moved to amend its cross motion for summary judgment with the most recent decision in the U.K. action.

II.  Analysis

   A.   Summary Judgment Motions

      1.   Standard of Review

Under Rule 56(c), summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The court must view the facts and reasonable inferences therefrom "in the light most favorable to the party opposing the motion."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475

3

U.S. 574, 587 (1986) (*quoting United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam)).  The opposing party, however, must produce evidence upon which a reasonable factfinder could rely.  *Celotex*, 477 U.S. at 324.  A mere "scintilla" of evidence is insufficient to preclude summary judgment.  *Anderson*, 477 U.S. at 252.

When multiple parties file motions for summary judgment, the Court applies the same standard of review to each motion.  *ITCO Corp. v. Michelin Tire Corp.*, 722 F.2d 42, 45 n.3 (4th Cir. 1983).  The Court must consider each motion "separately on its own merits to determine whether either of the parties deserves judgment as a matter of law."  *Rossignol v. Vorhaar*, 316 F.3d 516, 523 (4th Cir. 2003) (*citing Philip Morris Inc. v. Harshbarger*, 122 F.3d 58, 62 n.4 (1st Cir. 1997)).  "When considering each individual motion, the [C]ourt must take care to resolve all factual disputes and any competing, rational inferences in the light most favorable to the party opposing that motion."  *Id.*  (*citing Wightman v. Springfield Terminal Ry. Co.*, 100 F.3d 228, 230 (1st Cir. 1996)).

2.   Applicable Law

In diversity jurisdiction cases, a federal court must apply the choice of law rules of the state in which it sits.  *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941). Maryland follows the principle of *lex loci contractus*, which

applies the law of the state where the contract was made. *Allstate Ins. Co. v. Hart*, 327 Md. 526, 528, 611 A.2d 100, 101 (Md., 1992).  Maryland also follows the principle of *lex loci delicti*, which applies the law of the state where the injury occurred.  *Laboratory Corp. of America v. Hood*, 395 Md. 608, 615, 911 A.2d 841, 845 (Md. 2006).  The sugar contract between Fluxo-Cane and Man Sugar was made under the Domino Sugar Rules,[2] and is governed by New York law.  Pl. Mot. Summ. J. Ex. 8, Ex. 10 § 15. The commodities contract between Fluxo-Cane and MCA was formed in the United Kingdom and is governed by its law.[3]  Def. Cross Mot. Summ. J. Ex. A at 1, 21.  The alleged conversion occurred in Maryland, where Man Sugar sold the sugar to a third party, despite Fluxo-Cane's demands for its return.  Compl. ¶ 27.  Thus, Maryland tort law governs the issue of conversion.

     3.    Fluxo-Cane's Motion for Summary Judgment

        a.    Set-Off

Fluxo-Cane seeks summary judgment on the contract claim on the ground that the sugar contract prohibits set-off.  At trial, Man Sugar will bear the burden of proving the affirmative defense

---

[2]  The Domino Sugar Rules regulate the sale and transport of sugar, including (1) pricing, (2) payment of customs duties and other fees, (3) quality assurance, (4) insurance costs, and (5) recision by the buyer.  Pl. Mot. Summ. J. Ex. 10.

[3]  Although the commodities contract is governed by U.K. law, the parties cite no U.K. law but rely exclusively on case law from New York and depositions and afidavits from British solicitors.

of set-off.  *See Ruhlmann v. Smith*, 323 F. Supp. 2d 356 (N.D.N.Y. 2004).

"If the language of a contract is clear and unambiguous, its interpretation is a question of law and left to the court." *Scott v. New York Health and Human Services Union*, No. 00 Civ. 9381 (JFK) 2003 WL 359534, *9 (S.D.N.Y. Feb. 6, 2003).  "If, however, the contract's language is ambiguous and susceptible to differing, reasonable interpretations, the contract's interpretation becomes a question of fact for a jury or trier of fact," provided there is extrinsic evidence of the contract's meaning. *Id; Revson v. Cinque & Cinque, P.C.*, 221 F.3d 59, 66 (2nd Cir. 2000).[4]

Fluxo-Cane argues that the payment clause of the sugar contract unambiguously prohibits set-off.  Pl. Mot. Summ. J. Ex. 8.  Under the heading "Payment," the sugar contract states, "cash

---

[4]   An ambiguous contract will be interpreted by the Court if there is no extrinsic evidence as to the contract's meaning. *Revson*, 221 F.3d at 66.  Extrinsic evidence is evidence not incorporated in the contract. *See Tyree Organization, Ltd. v. Cashin Associates, P.C.*, No. 12361095, 2007 WL 171906, *8 (N.Y.Sup.) 836 N.Y.S.2d 490, (Table) (N.Y.Sup. Jan. 22, 2007).

Under New York law, whether a contract is ambiguous is a question of law. *R.B. Williams Holding Corp. v. Ameron Intern. Corp.*, No. 97-CV-0679E(SR), 2001 WL 266026, *9 (W.D.N.Y. March 12, 2001) (*citing Readco, Inc. v. Marine Midland Bank*, 81 F.3d 295, 199 (2nd Cir. 1996).  A contract is ambiguous "where reasonable minds could differ on what a term means, but no ambiguity exists where the alternative construction would be unreasonable."  *Id.*  "Where consideration of the contract as a whole will remove the ambiguity created by a particular clause, there is no ambiguity."  *Id.*

against presentation of original shipping documents." *Id.*
Fluxo-Cane argues that this provision requires Man Sugar to pay
in full.

Alternatively, Fluxo-Cane argues that if the payment clause
does not unambiguously address set-offs, the contract's silence
indicates that set-offs are not allowed.  Fluxo-Cane relies on
the ICE Sugar No. 14 Rules,[5] which governed previous contracts
between Fluxo-Cane and Man Sugar and prohibit set-off.  Pl. Mot.
Summ. J. Ex. 1 at 14.06(c)(1); Cipriani Aff. ¶ 5.  Fluxo-Cane
argues that the ICE Sugar Rules prohibition is an industry norm
incorporated in the payment clause.

Man Sugar does not dispute that the industry norm prohibits
set-off, but argues that (1) Fluxo-Cane stretches the payment
clause--that addresses the manner and time of payment--beyond its
ordinary meaning; (2) the contract's silence indicates that set-
offs are allowed under the common law of contracts; and (3) the
ICE Sugar No. 14 Rules do not apply because the sugar contract
incorporates the "Domino Rules," which Man Sugar argues--and
Fluxo-Cane does not dispute--permit set-offs.  Pl. Mot. Summ. J.
Ex. 8.

Fluxo-Cane asserts that the Domino Rules are "general
contract provisions" which were made inapplicable by the

---

[5]   The ICE Sugar No. 14 Rules, like the Domino Sugar Rules,
regulate the sale and transport of sugar.  Pl. Mot. Summ. J. Ex.
1.

contract's payment clause, which differs from the Domino Rules'
time and method of payment provisions.  Pl. Mot. Summ. J. at 3,
Ex. 10.

The payment clause does not bar set-offs.  First, although
the clause states Man Sugar shall pay "cash," the clause does not
void the common law right of set-off, which allows a debtor to
offset his payment obligation with debts owed to him.  *See Matter
of Midland Ins. Co.*, 167 A.D.2d 75, 78, 569 N.Y.S.2d 951 (N.Y.
App. Div. 1991).

Further, the payment clause does not expressly override the
Domino Sugar Rules.  Fluxo-Cane is correct that the Domino Sugar
Rules are "general contract provisions."  Pl. Mot. Summ. J. Ex.
10.  The payment provision of the Domino Sugar Rules recognizes
that "special contract provisions" may alter the person who may
receive payment for the seller.  Pl. Mot. Summ. J. Ex. 10 § 10.
This "special contract provisions" clause does not bar set-off.

Finally, Fluxo-Cane's contention that the ICE Sugar No. 14
Rules bar set-offs is not persuasive.  The sugar contract
expressly incorporates the Domino Sugar Rules and does not
mention the ICE Sugar No. 14 Rules.  Pl. Mot. Summ. J. Ex. 8.  A
reasonable jury would not be required to find that the sugar
contract's payment provision bars a set-off.

Fluxo-Cane has argued that its course of dealing with Man
Sugar shows that the sugar contract incorporates the ICE Sugar

No. 14 Rules.  Jose Luiz Cipriani, Fluxo-Cane's Director of Operations and Futures, stated in an affidavit that "[r]ecent contracts between Fluxo-Cane and Man Sugar for the sale of U.S. Quota sugar have been performed subject to the ICE Futures U.S., Inc. Sugar No. 14 Rules and incorporate those ICE Rules."  Pl. Mot. Summ. J. Cipriani Aff. ¶ 5.  Cipriani does not state whether the past contracts he references textually incorporated the ICE Sugar No. 14 Rules, or whether all contracts between Fluxo-Cane and Man Sugar incorporated--either expressly or by implication-- the ICE Sugar No. 14 rules.

Neither the plain language of the contract nor the parties' course of dealing requires the finding that set offs are not permitted under the contract.

b.   Set-Off Requirements

"The right of set-off... allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding the absurdity of making A pay B when B owes A." *Westinghouse Credit Corp. v. D'Urso*, 278 F.3d 138 (2d Cir. 2002). Set-off is appropriate only when the debts between parties are liquid and mutual.  *Id.; see Willett v. Lincolnshire Mgmt.*, 756 N.Y.S.2d 9, 10 (N.Y. App. Div. 2003).  The parties agree that Man Sugar owes Fluxo-Cane $6,597.456.62.  Pl. Mot. Summ. J. Ex. 16; Def. Mot. Summ. J. at 2.

### 1.   Mutuality

"Debts are mutual when they are due to and from the same persons in the same capacity." *Westinghouse Credit Corp.*, 278 F.3d at 149.  Debts are not mutual when one party's debt is based on a trust relationship with a third party. *Id.*  Fluxo-Cane argues that the debts between it and Man Sugar are not mutual because (1) under MCA's assignment, Man Sugar's rights are limited to the rights of a trustee, and (2) MCA is claiming the entire Fluxo-Cane debt in the United Kingdom action, meaning it did not fully assign Man Sugar part of that debt  Pl. Resp. at 12-13.   Man Sugar responds that (1) it has no trust relationship with MCA, and (2) British law required MCA to claim the entire $41,961,982.07 Fluxo-Cane debt in the U.K. court.  Def. Mot. at 13, Def. Repl. at 7-11.

### a.   Trust Relationship

Although an assignment need not use a particular form or phraseology, it must be a "completed transfer of the entire interest of the assignor in the particular subject of the assignment." *Miller v. Wells Fargo Bank Intern. Corp.*, 540 F.2d 548, 558 (2nd Cir. 1976).  The assignment between MCA and Man Sugar requires Man Sugar to repay $5,900,000 of the $6,013,149.14 assignment to MCA upon payment by Fluxo-Cane or set-off against Fluxo-Cane.  Def. Mot. Ex. J.  That the assignment specifically references Fluxo-Cane and requires almost the full amount of the

assignment in consideration is evidence that MCA--a subsidiary of the same corporation that owns Man Sugar--intended to use Man Sugar to collect from Fluxo-Cane.  On the other hand, Michael Swangard, a soliciter who represents MCA, has stated that MCA's assignment to Man Sugar did not create a trust relationship. Def. Repl. Ex.1 ¶ 11.

Although Swangard and Man Sugar contend that no trust relationship exists as a matter of U.K. law, Man Sugar has failed to brief U.K. law in support of this assertion, instead relying solely on Swangard's affidavit.[6]  Although Man Sugar bears the burden of proving set-off, there is a question of fact whether MCA and Man Sugar were in a trust relationship.  Accordingly, whether there was a completed transfer of MCA's interest to Man Sugar is a matter for the fact finder.

b.   Validity of Assignment to Man Sugar

Fluxo-Cane contends that MCA's assignment to Man Sugar was invalid because it was a partial assignment.

The commodities contract states that "[MCA] may assign this Agreement to any person or associate without your consent, provided that we give you at least seven business days prior written notice."  Def. Mot. Summ. J. Ex. A § 24.8.1.  In a submission to the U.K. court, MCA stated that this clause

---

[6]  Fluxo-Cane has similarly failed to brief the law supporting its contention that the relationship between MCA and Man Sugar is a trust relationship.  *See* Pl. Resp.

"applied only to the assignment of the complete agreement."  Def.
Mot. Summ. J. Ex. P ¶ 31.c.  "Partial assignment of a debt," MCA
continued, "was therefore governed by the default position at
common law which is that it is assignable." *Id.*  Here, Man Sugar
argues that the commodities contract allowed partial assignment.
Def. Repl. at 2.

   Given the factual dispute about the completion of the
transfer of the debt, the Court will refrain from determining
whether a partial assignment was permissible.

### 2.   Liquidity

   Set-off is appropriate only if the debts are liquidated.  "A
debt is liquidated if, at the time it arose, it was an easily
ascertainable sum." *Printers II, Inc. v. Professionals Pub.,
Inc.*, 615 F.Supp. 767, 774 (S.D.N.Y. 1985).

    Fluxo-Cane's $6,013.149.14 debt which MCA assigned to Man
Sugar is liquidated.  Although Fluxo-Cane's liability to MCA is
being determined by a United Kingdom court, Pl. Mot. Summ. J.
Swangard Aff. ¶ 3, the debt amount, $6,013,149.14, is clear and
easily ascertainable; the claim is liquid.

### c.  Conversion

   Under Maryland law, "the tort of conversion may consist of
the wrongful deprivation of the use of goods." *Humphrey v.
Herridge*, 103 Md. App. 238, 247 (Ct. Spec. App. 1995).  The tort
requires either "the defendant's converting to his own use the

plaintiff's goods" or "wrongfully depriving the plaintiff of their use..." *Kirby v. Porter*, 144 Md. 261, 266, 125 A. 41, 43 (1923).  To recover for conversion, a plaintiff must have either been in actual possession of the goods or have had a right to the immediate possession of the goods.  *Baltimore & Ohio R. Co. v. Equitable Bank, N.A.*, 77 Md.App. 320, 325, 550 A.2d 407, 410 (Md. Ct. Spec. App. 1988).

Fluxo-Cane argues that (1) Man Sugar committed conversion when it failed to return the sugar upon Fluxo-Cane's request after Man Sugar declared its intent to set-off its debt under the sugar contract, and (2) that summary judgment must be granted on its conversion claim because there is no issue of material fact.  Pl. Mot. Summ. J. at 10-11.  Man Sugar responds that there was no conversion.  Def. Mot. Summ. J. at 17.

Under the Domino Sugar Rules, title to the sugar passed to Man Sugar on January 26, 2008, when the sugar was placed in the carrier's hold.[7]  Pl. Mot. Summ. J. Ex. 10 § 11(a).  *See* Pl. Mot. Summ. J. Ex. 8.  Because Fluxo-Cane did not have title to the

---

[7] Under § 11(b) of the Domino Rules, title passes to the buyer at the latter of (a) when the goods are loaded onto the carrier, or (b) upon completion of the sale contract.  The sugar contract was completed on January 7, 2008.  Pl. Mot. Summ. J. Ex. 8.  The sugar was loaded on the M/V TINA LITRICO on January 26, 2008.  Pl. Mot. Summ. J. at 3.  Under the Domino Rules, title passed when the sugar was loaded.

sugar on February 4, 2008, there was no conversion.[8]  *See* Pl.
Mot. Summ. J. at 4.

Accordingly, Fluxo-Cane's motion for summary judgment on its
conversion claim must be denied.

                4.   Man Sugar's Motion for Summary Judgment

                    a.   Set-Off

Man Sugar seeks summary judgment on Fluxo-Cane's contract
claim.  Def. Mot. Summ. J. at 2.  At trial, Man Sugar will bear
the burden of proving the affirmative defense of set-off.  *See*
*Ruhlmann*, 323 F. Supp. 2d 356.  As discussed above, Man Sugar

---

    [8]  The cases that Fluxo-Cane cites are distinguishable.
*Goodpasture Inc. v. M/V Pollux*, 602 F.2d 84 (5th Cir. 1979) held
that a seller of goods stated a claim of conversion when the
third-party vessel refused to issue bills of lading to the seller
that were necessary for the seller to receive payment for the
goods.  *Id.*  Unlike here, the seller and buyer had contracted
that title of the goods would not pass until payment was made;
because the third-party refused to pay the seller, the seller
retained title of the goods.  *Id.* at 85.  Because Fluxo-Cane
relinquished title to the sugar when it was loaded on the ship,
*Goodpasture* is inapplicable.
    *Port Welcome Cruises, Inc. v. S.S. Bay Belle*, 215 F. Supp.
72 (D. Md. 1963), is also distinguishable.  Fluxo-Cane cites *Port
Welcome Cruises* for the proposition that "the failure of a party
to return goods to a person who becomes entitled to their return
also constitutes the tort of conversion under maritime law."  Pl.
Mot. Summ. J. at 10.  Under the sugar contract however, Fluxo-
Cane relinquished its right of return of the sugar after it had
been loaded on to the ship.
    The case cited in Fluxo-Cane's Response *brief--Fleet Capital
Corp. v. Yamaha Motor Corp., U.S.A.--*is similarly inapplicable.
*Fleet Capital Corp.*, No. 01 Civ. 1047 (AJP) 2002 WL 31174470
(S.D.N.Y. Sept. 25, 2002) holds that interference with the right
to possession of property is conversion.  As explained above,
however, Fluxo-Cane had no right to the sugar when the alleged
conversion occurred.  *Id.* at *15.

contends that the sugar contract allows it to set off its debt to Fluxo-Cane.  Because (1) the sugar contract is ambiguous as to whether set-off is permitted under the sugar contract; (2) there is a factual dispute about whether--if set-off is permitted--the requirements have been met; and (3) there is extrinsic evidence which the trier of fact must consider, Man Sugar's motion for summary judgment must be denied.

           b.   Conversion

    Man Sugar moves for summary judgment on Fluxo-Cane's conversion claim, because Fluxo-Cane had relinquished possession of the sugar when the alleged conversion occurred.  Def. Mot. Summ. J. at 17-18.  As stated above, Fluxo-Cane did not have title to the sugar when the alleged conversion occurred; thus there was no conversion.  Summary judgment on the conversion claim will be granted to Man Sugar.

           5.   Surreply

    Fluxo-Cane moves for leave to file a surreply because, it contends, Man Sugar (1) moved to stay this proceeding in its reply to Fluxo-Cane's motion for summary judgment; (2) mis-represented the assignment clause in the commodities contract; (3) attempted to disclaim MCA's admission that the assignment to Man Sugar was a declaration of trust; and (4) made false statements about an order in the U.K. proceedings.  Pl. Mot. Surreply at 1.

15

Surreplies may be permitted "when the moving party would be
[otherwise] unable to contest matters presented to the court for
the first time in the opposing party's reply." *Khoury v.
Meserve*. 268 F. Supp. 2d 600, 605 (D. Md. 2003).

Contrary to Fluxo-Cane's assertion, Man Sugar did not seek a
stay pending resolution by the U.K. court.  Instead, Man Sugar
noted that this Court may issue a stay if it deems resolution of
the U.K. proceedings necessary to the resolution of this suit.
Def. Repl. at 13.  As the U.K. suit need not be resolved before
the pending motions are decided, a stay is unnecessary.

Because the other matters had been raised before Man Sugar's
reply, no surreply is necessary.  Fluxo-Cane's motion for leave
to file a surreply will be denied.

> 6.   Motion to Amend/Correct Cross Motion for Summary
>      Judgment

Man Sugar moves to amend its cross motion for summary
judgment by filing a record of the U.K. court's order granting
MCA permission to appeal its summary judgment order.  Because
both parties discussed the U.K. proceeding in their submissions
to the Court, the motion will be granted.

III. Conclusion

For the above-stated reasons, Fluxo-Cane's motion for
summary judgment will be denied, and Man Sugar's motion for
summary judgment will be granted only on Fluxo-Cane's conversion
claim.  Fluxo-Cane's motion for leave to file a surreply will be

16

denied, and Man Sugar's motion for leave to amend its cross

motion for summary judgment will be granted.


<u>February 24, 2009</u>                           <u>            /s/            </u>
Date                                        William D. Quarles, Jr.
                                            United States District Judge