IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Fluxo-Cane Overseas Ltd.,

    Plaintiff,

v.

E.D. & F. Man Sugar Inc., et al.,

    Defendants.

Case No. 08-cv-356 (WDQ)

**MAN SUGAR'S OPPOSITION TO FLUXO-CANE
OVERSEAS LTD.'S MOTION TO DISMISS
MAN SUGAR'S AFFIRMATIVE DEFENSES OF
<u>SETOFF AND RECOUPMENT</u>**

Defendant E.D. & F. Man Sugar, Inc. ("Man"), through undersigned counsel, respectfully submits this response to the motion to dismiss filed by Plaintiff Fluxo-Cane Overseas Ltd. ("Fluxo-Cane") (Docket No. 59).

### INTRODUCTION

Fluxo-Cane's motion to dismiss is groundless and untimely. It is simply the latest in a series of pre-trial motions by Fluxo-Cane that are now redundant. As with the previous motions, this Court should deny this motion.

    A.    Fluxo-Cane's argument for dismissal under Fed. R. Civ. P. 12(b)(6) because Man pleaded its set-off right as an affirmative defense rather than as a counterclaim disregards the express wording of Fed. R. Civ. P. 8(c)(2) and the case law interpreting it. Whether Man's set-off defense should be pleaded as a counterclaim or an affirmative defense cannot be grounds for dismissal. As the United States Supreme Court has expressly noted, former Rule 8(c) (now Rule

8(c)(2)) plainly states that Courts *must* relabel or treat affirmative defenses as counterclaims if a defense is properly pleaded as a counterclaim. *See Reiter v. Cooper*, 507 U.S. 258, 263 (1993).

  B. Also meritless is Fluxo-Cane's assertion that this Court should dismiss the set-off claim under Fed. R. Civ. P. 12(b)(7) because MCA is allegedly an indispensable party under Fed. R. Civ. P. 19(b) whose joinder would destroy diversity. Fluxo-Cane's arguments are meritless for at least four reasons.

    1. First, MCA is not a "necessary" party under Rule 19(a). Rule 19(a)(1)(A) is inapplicable because there is no reason to conclude that "complete relief" cannot be granted between Fluxo-Cane and Man. Rule 19(a)(2)(B)(i) is inapplicable because MCA does not claim an interest in the action, having assigned to Man the partial obligation owed by Fluxo-Cane. Rule 19(a)(2)(B)(ii) is inapplicable because MCA's absence does not expose Fluxo-Cane to "a substantial risk" of incurring "double" or "inconsistent" obligations, the more so when MCA and Man have already pleaded in the English action that Fluxo-Cane will be credited with the amount of any set-off realized by Man in this action. (*See* Particulars of Claim ¶ 41, attached as Ex. N to Declaration of Christian Bouet, Man's Cross Motion for Summary Judgment, Docket No. 39).[1] Fluxo-Cane wholly ignores that pleaded undertaking on the part of MCA and Man in the English action—which precludes Fluxo-Cane's assertion that MCA is an indispensable party to this action.

---

[1] Specifically, MCA and Man pleaded in the English action as follows (and re-pleaded in its Amended Particulars of Claim) as follows:

> 41. For the avoidance of doubt MCA will give credit for the Assigned Debts insofar as FCO [Fluxo-Cane] accepts MSI's [Man's] set off, alternatively the set off is sanctioned by a competent court, against the sum due under the Sugar Purchase Agreement, alternatively insofar as FCO tenders sums assigned to MSI.

      2.    Second, even if MCA were a necessary party it would not be an indispensable party under Rule 19(b). There is no reason why "in equity and good conscience" the action could not proceed without MCA. There are a number of ways by which any theoretical prejudice to Fluxo-Cane could be "lessened or avoided" through "protective provisions in the judgment, the shaping of relief, or other measures" Rule 19(b)(2)(A)-(C)," especially when MCA and Man, as stated (*see* note 1 above), have pleaded in the English action that Fluxo-Cane will be credited with the amount of any set-off realized by Man in this action.

      3.    Third, even though MCA need not be joined in the action, this Court could exercise supplemental jurisdiction under 28 U.S.C. § 1367 over MCA without contravening 28 U.S.C. § 1367(b) or 28 U.S.C. § 1332(a). That section precludes jurisdiction over "claims" that would otherwise be prohibited by the jurisdictional requirements of 28 U.S.C. § 1332. Here, Fluxo-Cane is not a claimant against MCA, and MCA would be joined, if at all, only for the limited purpose of ensuring that Fluxo-Cane would not be exposed to the risk of double recovery in London—a risk already wholly foreclosed by MCA and Man's pleadings in the English action. Fluxo-Cane also disregards the fact that its initial and amended complaints also plead admiralty and maritime jurisdiction in accordance with 28 U.S.C. § 1333—which Fluxo-Cane apparently no longer believes exists, without explaining why that would be so.

      4.    Fourth, Rule 19(b) contemplates the dismissal of the action. Fluxo-Cane is not seeking the dismissal of the action, only the striking of Man's set-off defense. If MCA truly were indispensable, then Fluxo-Cane's action would have to be dismissed, not Man's defense.

    C.    Finally, Fluxo-Cane's motion is untimely. Man first provided notice one year ago, on April 25, 2008, that its principal defenses in this case resulted from set-off and recoup-

ment. (*See* Man's Answer, Affirmative Defenses Nos. 1 & 2, Docket No. 25.) This Court then issued its Scheduling Order setting a June 12, 2008 deadline for "[m]oving for joinder of additional parties and amendment of pleadings" and an October 10, 2008 deadline for "[d]ispositive pretrial motions." (*See* Scheduling Order, Docket No. 27.) After the parties extensively briefed the set-off issue on summary judgment, this Court issued its Order and Memorandum Opinion which extensively analyzed the set-off defense. (*See* Memorandum Opinion, Docket No. 50.)

Now, after losing on summary judgment, Fluxo-Cane has suddenly developed a concern about the manner in which Man has pleaded the set-off defense and whether MCA should be joined as a party. Fluxo-Cane's delay in presenting these arguments until after this Court denied Fluxo-Cane summary judgment (while granting Man summary judgment in part) is a further reason as to why this Court should deny Fluxo-Cane's motion to dismiss.

## ARGUMENT

**A.  Fluxo-Cane Fails to Identify the Proper Remedy for Mistaken Designation of a Defense or Counterclaim Under Fed. R. Civ. P. 8**

Fluxo-Cane argues at great length that the affirmative defense of set-off pleaded by Man is actually a counterclaim. (*See* Fluxo Cane's Motion to Dismiss at 2-6.) Fluxo-Cane's argument, however, misses the point of Rule 8(c)(2), which specifically contains a "misdesignation provision" that "reflects the conscious attempt by the draftsmen to ignore pleading technicalities … [and to] promote the liberality with which courts generally construe pleadings under the federal rules." *See* 5 C. Wright & A. Miller, Federal Practice & Procedure, § 1275, at 622 (3d ed. 2004). While Fluxo-Cane cites 8(c)(2) in passing (Mem. at 6), it ignores the purpose of that Rule and the United States Supreme Court authority holding that trial courts must treat affirmative defenses and counterclaims of set-off and recoupment as if they have been properly labeled, regardless of the trial court's view as to whether they should be affirmative defenses or coun-

terclaims.  Furthermore, it is purposeless for Fluxo-Cane to assert that Man has not pleaded the jurisdictional basis for the set-off and/or counterclaim (Mem. at 6) when Fluxo-Cane itself cites diversity as the jurisdictional basis of the action between admittedly non-diverse parties.

Rule 8(c)(2) includes mandatory wording directing the Courts to treat any mistakenly designated affirmative defense as a counterclaim, *i.e.*, "[i]f a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court *must*, if justice requires, treat the pleading as though it was correctly designated, and may impose terms for doing so" (emphasis added).  Interpreting this provision (in former Rule 8(c)), the United States Supreme Court has held that, because of the uncertainty of whether set-off and recoupment defenses are affirmative defenses or counterclaims, district courts should must treat any such designation as properly pleaded.  *See Reiter v. Cooper*, 507 U.S. 258, 263 (1993).  In *Reiter*, the Court considered the issue as to whether a recoupment or set-off defense plead as an affirmative defense needed to be asserted as a counterclaim.  The Court noted that  "it *makes no difference* that petitioners may have mistakenly designated their counterclaims as defenses, since Federal Rule of Civil Procedure 8(c) provides that 'the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation.'"  *Reiter*, 507 U.S. at 263 (emphasis added).  The Court then explained that there is a lack of clarity concerning the designation status of equitable defenses like set-off and recoupment.  Thus, the Court noted that "'[i]nasmuch as it is not clear whether set-offs and recoupments should be viewed as defenses or counterclaims, the court, by invoking the misdesignation provision in Rule 8(c), should treat matter of this type as if it had been properly designated by defendant, and should not penalize improper labeling.'"  *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice & Procedure, § 1275, at 622 (3d ed. 2004)).

In sum, the plain wording of Rule 8(c)(2) and *Reiter* render Fluxo-Cane's dismissal application groundless in the extreme.

**B.     Fluxo-Cane's Arguments For Dismissal Under Fed. R. Civ. P. 12(b)(7) Are Without Merit.**

1.     MCA is not a "necessary party" under Fed. R. Civ. P. 19(a).

The first inquiry as to whether joinder is required whether the absent party is necessary under Rule 19(a). *See National Union Fire Ins. Co. v. Rite ex. rel. S.C.*, 210 F.3d 246, 249 (4th Cir. 2000); *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 440 (4th Cir. 1999). The factors that a court should consider in determining whether an absent party is necessary are whether "in that person's absence the court cannot accord complete relief among existing parties" (Rule 19(a)(1)(A)), or, "if that person claims an interest relating to the subject of the action" (Rule 19(a)(1)(B)), whether the disposition of the action may either "as a practical matter impair or impede the person's ability to protect the interest" (Rule 19(a)(1)(B)(i)) or "leave an existing party subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations" (Rule 19(a)(1)(B)(ii)). All these factors demonstrate that MCA is not a necessary party.

(a)     First, Rule 19(a)(1)(A) is inapplicable. This Court is fully capable of granting complete relief between Man and Fluxo-Cane in MCA's absence because MCA has assigned to Man rights relating to the partial debt that Fluxo-Cane owes MCA. Fluxo-Cane disputes this, arguing, once again, that under English law, an assignee suing on a partial debt must include the assignor in the action. *See* Fluxo-Cane's Motion to Dismiss at 8-10 (citing the purportedly "basic proposition" that it submitted previously in its motion for reconsideration based on *Deposit Protection Board* as well as a new "expert opinion" from a retired English judge (*id.* at 8-9)). Fluxo-Cane is, however, advocating an English *procedural* rule that does not

6

control this Court's analysis under Rule 19(a).  Since *Provident Tradesmens Bank & Trust Co. Patterson*, 390 U.S. 102 (1968), it has been well settled that Rule 19 analysis is procedural, not substantive, and that, as a result, federal courts apply federal law in determining the application of its provisions.  *See* 5 C. Wright & A. Miller, Federal Practice & Procedure, § 1603, at 28-30 (3d ed. 2004).  The English procedural rule cited by Fluxo-Cane is therefore irrelevant.

Furthermore, Sir Simon Tuckey's opinion confirms the purpose of MCA's and Man's undertaking in its pleadings in the English action to give Fluxo-Cane full credit to the extent of Man's set-off defense (or counterclaim).  That purpose is to ensure that Fluxo-Cane would not remain liable to MCA, thereby creating a risk of double recovery.  (*See* Tuckey Opin. ¶ 7 (quoting *Weddell v. JA Pearce and Major* (1988) Ch. 26, 41)).  As Sir Tuckey states, "[t]he claim by the assignee or assignee is not considered to be a nullity (*Weddell* op at, p-41) but unless the other parties are joined no recovery can be made" (Tuckey Opin. ¶ 9).  The *substantive* issue is that the assignment is not a nullity.  The joinder of the assignor MCA that would be required in an English court is a *procedural* rule that does not determine whether and to what extent, if at all, MCA would be a necessary or indispensable party under Rule 19.

Even if this Court were to consider Fluxo-Cane's reliance on a rule of English procedure relevant, however, Man has already shown that, under English law, an assignee has the power to enforce the assignment of a partial debt.  (*See* Man's Opposition to Fluxo-Cane's Motion for Reconsideration at 4-9.)  The absence of the assignor from an English action does not deprive the assignee of the substantive right conferred by the assignment, as Sir Tuckey states.  Furthermore, in an English court, the joinder of the assignor assures the debtor that it will not face separate claims from both assignor and assignee.  Here, MCA and Man have already pleaded in the English action that they will give Fluxo-Cane full credit for the amount of any set off enforced

7

by Man.  (*See* note 1 above.)  That pleaded undertaking wholly forecloses any risk of prejudice due to the fact only Man is enforcing the partial assignment by way of set-off in the action in this Court.  Due to that undertaking, MCA and Man would not be able to "double" recover in the English action moneys finally set-off against Fluxo-Cane here.  In its motion papers Fluxo-Cane essentially repeats the same argument concerning English law raised in its pending motion for reconsideration, except that it has now substituted the opinion from the former Court of Appeal Judge Sir Tuckey in place of the affidavit of its London solicitor Mr. Meads—and Sir Tuckey confirms the substantive right that MCA has equitably assigned to Man.  In addition, the Court has already ruled in its Memorandum Opinion that English-law issues concerning the validity of the assignment are to be tried to the extent necessary.  (Significantly, however, Fluxo-Cane has not explained why MCA's assignment of the partial debt to Man is not valid under English law.)  There is no reason that this Court should serially reconsider the effect of the assignment on Man's set-off defense.

        (b)       Second, Rule 19(a)(1)(B) is generally inapplicable because MCA does not claim an interest in the action.  It has assigned the partial obligation owed by Fluxo-Cane to Man.  Only Man is asserting the interest in the assigned debt and hence only Man has an "interest" in this action.

        (c)       Third, Rule 19(a)(1)(B)(ii) is inapplicable because Fluxo-Cane does not face "substantial risk of incurring double, multiple or otherwise inconsistent obligations because of the interest."  As noted (note 1 above), and as Fluxo-Cane is fully aware, MCA and Man have already undertaken in their pleadings in the English action to recognize any set-off realized by Man in this action.  The whole purpose of that undertaking is to remove any risk of prejudice to

Fluxo-Cane. For these reasons, MCA should not be viewed as a necessary party under Fed. R. Civ. P. 19(a) and MCA need not be joined in the action.

      2.      <u>MCA is not an "indispensable party" under Fed. R. Civ. P. 19(b)</u>.

Under Rule 19(b), if a person who is required to be joined cannot be joined, "the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." "Federal courts are extremely reluctant to grant motions to dismiss based on nonjoinder and, in general, dismissal will be ordered only when the defect cannot be cured and serious prejudice or inefficiency will result." 7 Wright & A. Miller, Federal Practice & Procedure, § 1609, at 130 (3d ed. 2004); *see also Rosengarten v. Buckley¸* 565 F. Supp. 193, 1999 (D. Md. 1983) ("In general, federal courts are reluctant to dismiss a complaint for failure to join a party unless it appears that serious prejudice or inefficiency will result.").

Rule 19(b) sets forth four factors that a court should consider in deciding whether a case should be dismissed:

> (1)    the extent to which a judgment in the person's absence might prejudice the person or existing parties;
> (2)    the extent to which any prejudices could be lessened or avoided by:
>     (A)    protective provisions in the judgment;
>     (B)    shaping the relief; or
>     (C)    other measures;
> (3)    whether a judgment rendered in the person's absence would be adequate; and
> (4)    whether the plaintiff will have an adequate remedy if the action were dismissed for nonjoinder.

The first and third factors in Rule 19(b) are identical to the issues in respect of Rule 19(a)(2). *See Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 441 (4th Cir. 1999). Those factors, as noted, do not require MCA to be joined. Given MCA and Man's undertaking in the English action, there is no risk of prejudice to Fluxo-Cane and this Court's judgment would plainly be

adequate in MCA's absence. The second factor likewise does not require joining Man in this proceeding because this Court can provide in the judgment or shape any relief to avoid any risk of prejudice to Fluxo-Cane—even if Man's and MCA's undertaking in the English action to credit Fluxo-Cane to the extent of any set-off realized here were not the end of the matter (as it surely is). Among other things this Court could condition Man's exercise of the set-off right on Man's and MCA's undertaking in the English action to forgo any recovery in that action of the sum set-off here—as MCA and Man have already proposed to do. The fourth factor also does not require joining MCA as Fluxo-Cane, the plaintiff, is not seeking to dismiss the action.

      3.      <u>This Court May Exercise Supplemental Jurisdiction Over MCA</u>.

Even if this Court were to conclude that MCA should be joined, this Court would be able to exercise supplemental jurisdiction under 28 U.S.C. § 1367, notwithstanding the constraints imposed by 28 U.S.C. § 1367(b), because Fluxo-Cane, the plaintiff, is not asserting any claim against MCA, nor is MCA asserting any claim against Fluxo. Were MCA to be joined, it would be only for the limited purpose of ensuring that MCA could not itself recover from Fluxo-Cane the moneys assigned to Man and actually set-off by Man—despite the undertaking already provided by Man and MCA in the English action. Joinder for that exceeding limited purpose would not be "inconsistent with the jurisdictional requirements of [28 U.S.C. §] 1332." (*See* David D. Siegel, Commentary on 1988 Revision, reprinted at 28 U.S.C.A. § 1367 ("Subdivision (b) of § 1367 is concerned only with efforts of a plaintiff to smuggle in claims that the plaintiff would not otherwise be able to interpose against certain parties in specific contexts for want of subject matter jurisdiction.") Furthermore, as noted, Fluxo-Cane does not address the fact that it pleaded admiralty and maritime jurisdiction (28 U.S.C. § 1333) in its complaint and amended complaint an alternate basis for subject matter jurisdiction.

      4.      <u>Rule 19(b) Requires Dismissal</u>.

10

Fluxo-Cane's reliance on Rule 19(b) is also misguided because Fluxo-Cane, the plaintiff, is not seeking to dismiss the action—which is what Rule 19(b) would require if MCA truly were an indispensable party.  The authorities cited by Fluxo-Cane (Mem. at 12-14) deal with the dismissal of an *action*, not discrete defenses or counterclaims asserted in an action.  Rule 19(b) would not have the limited effect of invalidating only Man's affirmative defense or counterclaim.  Were Fluxo-Cane correct, this Court would have to dismiss the action altogether.

**C.     Fluxo-Cane's Motion Is Untimely and Evidences Undue Delay.**

Fluxo-Cane's motion is untimely and, for that reason alone, this Court would be warranted in denying it.  Man first provided notice one year ago – on April 25, 2008 – that its principal defenses in this case resulted from set-off and recoupment.  (*See* Man's Answer, Affirmative Defenses Nos. 1 & 2, Docket No. 25.)  This Court then immediately issued its Scheduling Order setting a June 12, 2008 deadline for "[m]oving for joinder of additional parties and amendment of pleadings" and an October 10, 2008 deadline for "[d]ispositive pretrial motions."  (*See* Scheduling Order, Docket No. 27.)  After the parties extensively briefed the set-off issue on summary judgment, this Court issued its Order and Memorandum Opinion which extensively analyzed the set-off defense.  (*See* Memorandum Opinion, Docket No. 50.)

Fluxo-Cane has waited until now to file its motion to dismiss for one obvious reason – it believed that it would be successful on summary judgment.  This type of delay, however, should not be countenanced and this Court can use the delay by Fluxo-Cane as a basis upon which to deny this motion, notwithstanding the wording of Fed. R. Civ. P. 12(h)(2) that a motion seeking dismissal of a claim for failure to join a person under Rule 19(b) may be raised at any time.  *See Barr-Rubber Prods. Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1126-27 (2d Cir. 1970) ("[T]he denial of Barr's motion to join two additional parties … was not an abuse of discretion.  To rule otherwise would have opened up a "Pandora's box' of discovery, further protracting an already

unduly distended case."); *see also* 7 Wright & A. Miller, Federal Practice & Procedure, § 1609, at 134 (3d ed. 2004) (notwithstanding Rule 12(h)(2), "the failure to raise the [joinder] defense in timely fashion may be considered by the court in determining whether the defect is fatal to the continuation of the action.").

The Advisory Committee Note to the 1966 amendment to Rule 19 reinforces this point by stating that:

> when the moving party is seeking dismissal in order to protect himself … and is not seeking vicariously to protect the absent person against a prejudicial judgment … *his undue delay in making the motion can properly be counted against him as a reason for denying the motion.*

*See* Fed. R. Civ. P. 19, advisory committee note, 1966 amendments (emphasis added).

Thus, Fluxo-Cane's delay in bringing this motion presents an additional basis upon which it should be denied.

## CONCLUSION

For these reasons, Man respectfully urges this Court to deny Fluxo-Cane's Motion to Dismiss.

Respectfully submitted,

_____/s/_____
Robert A. Gaumont
DLA Piper LLP (US)
6225 Smith Avenue
Baltimore, Maryland 21209
Stanley McDermott III
(admitted *pro hac vice*)
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, NY 10020-1104

Attorneys for Defendant,
E.D. & F. Man Sugar Inc.