```
          IN THE UNITED STATES DISTRICT COURT FOR
          THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                                *
FLUXO-CANE OVERSEAS, LTD.,
                                *
     Plaintiff,
                                *
          v.                        CIVIL NO.: WDQ-08-356
                                *
E.D. & F. MAN SUGAR, INC.,
                                *
     Defendant.
                                *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Fluxo-Cane Overseas Ltd. ("Fluxo-Cane") sued E.D. & F. Man Sugar Inc. ("Man Sugar") for breach of contract, conversion, and misappropriation of bills of lading and sugar cargo for Man Sugar's refusal to pay $6,013,149.93 for 17,727.060 metric tons of sugar. Pending is Fluxo-Cane's motion for reconsideration. For the following reasons, the motion will be denied.

I.   Background

Man Sugar and E.D. & F. Man Commodity Advisers, Ltd. ("MCA") are subsidiaries of E.D. & F. Man Holdings, Ltd., a London-based group of companies that trade in commodities worldwide. Def. Cross. Mot. Summ. J. at 1. On February 1, 2005, Fluxo-Cane entered into a contract with MCA to trade commodities futures. *Id.* at Ex. A.

Man Sugar contends that before February 4, 2008, MCA terminated the futures contract, liquidated Fluxo-Cane's account,

1

and determined its debt.  Pl. Mot. Summ. J. Ex. 16.  On February 4, 2008, MCA assigned a portion of that debt to Man Sugar.  *Id.*  On that day, Man Sugar notified Fluxo-Cane that it was setting off Man Sugar's debt under a sugar contract against the Fluxo-Cane debt assigned from MCA.  *Id.*  On February 7, 2008, Fluxo-Cane demanded payment.  Pl. Mot. Summ. J. Ex. 17, 18.  Man Sugar refused.  *Id.*

On February 8, 2008, Fluxo-Cane filed this suit.  On February 24, 2009, the Court denied Fluxo-Cane's motion for summary judgment, and granted in part Man Sugar's motion for summary judgment.  Papers No. 50, 51.  On March 11, 2009, Fluxo-Cane filed this motion for reconsideration.[1]

---

[1] The Federal Rules of Civil Procedure do not recognize a motion for reconsideration.  *Auto Servs. Co., Inc. v. KPMG, LLP*, 537 F.3d 853, 855 (8th Cir. 2008).  A party may move for a new trial or to alter or amend a judgment under Rule 59, or for relief from a judgment or order under Rule 60.

A "judgment" is "a decree and any order from which an appeal lies"; it includes final judgments and appealable interlocutory orders.  *Auto Servs. Co.*, 537 F.3d at 856 (*quoting* FED. R. CIV. P. 54(a)).  Thus, Rule 60(b) applies only to final judgments.  *Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 343 (7th Cir. 2004).  Interlocutory orders are subject to modification "prior to the entry of a final judgment adjudicating the claims to which they pertain."  *Williams v. County of Westchester*, 171 F.3d 98, 102 (2d Cir. 1999); FED. R. CIV. P. 54(b).

A motion to alter or amend filed within 10 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls.  *MLC Auto., LLC v. Town of Southern Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d 1, 2-3 (4th Cir. 1992).

2

II. Analysis

    A.   Standard of Review

Under Rule 59(e), a court may grant a motion to alter or amend a judgment to: (1) accommodate an intervening change in controlling law; (2) account for new evidence previously unavailable; or (3) correct a clear error of law or prevent manifest injustice. *Ingle ex rel. Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006). Rule 59(e) may not be used to reargue points that could have been made before judgment was entered. *Medlock v. Rumsfeld*, 336 F. Supp. 2d 452, 467 (D. Md. 2002); *see Exxon Shipping Co. v. Baker*, 128 S. Ct. 2605, 2617 n.5 (2008); *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002).

Mere disagreement with the Court's decision is not a basis for Rule 59(e) relief. *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993). Indeed, when "a motion does not raise new arguments, but merely urges the court to 'change its mind,' relief is not authorized." *Medlock*, 336 F. Supp. 2d at 470; *see Erskine v. Bd. of Educ.*, 207 F. Supp. 2d 407, 408 (D. Md. 2002). "If relying on new evidence, a party must produce a legitimate justification for not presenting the evidence during the earlier proceeding." *Ingle*, 439 F.3d at 197 (*quoting United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002)) (internal quotations omitted); *see Exxon*

3

*Shipping*, 128 S. Ct. at 2617 n.5.

B.  United Kingdom Law

Fluxo-Cane contends that the Court incorrectly held that whether MCA's assignment of debt to Man Sugar was a complete transfer of MCA's interest in the debt was a matter for the fact-finder.  Fluxo-Cane contends that this issue of U.K. law should have been ignored by the Court because Man Sugar violated Federal Rule 44.1 by failing to provide proper notice of reliance upon foreign law.

Fluxo-Cane (1) failed to raise a Rule 44.1 objection to Man Sugar's argument in its reply or proposed surreply,(2) responded to Man Sugar's argument, and (3) has not explained its failure to timely raise the Rule 44.1 violation.  These failures are a sufficient basis to deny the motion for reconsideration. *Ingle*, 439 F.3d at 197.

Fluxo-Cane also contends that Rule 44.1 requires the Court to decide whether the assignment of debt was a complete transfer. Rule 44.1 merely states that, "The court's determination [of an issue of foreign law] shall be treated as a ruling on a question of law.  Fed. R. Civ. P. 44.1.  The Advisory Committee Note to Rule 44.1 (1) explains that treating a court's determination of foreign law as a ruling on a question of law merely prevents appellate courts from being bound by the "clearly erroneous" standard of review.

4

In its motion for reconsideration, Fluxo-Cane relies on U.K. law to contend that MCA's assignment to Man Sugar did not create mutuality between Man Sugar and Fluxo-Cane.  Fluxo-Cane also contends that Man Sugar's solicitor presented conflicting evidence as to whether MCA and Man Sugar had a trust relationship, and his conflicting evidence mandates a finding that MCA and Man Sugar had a trust relationship under U.K. law.  Because Fluxo-Cane(1) failed to provide these arguments and authority earlier and merely opposed the mutuality claim with deposition testimony, and (2) has provided no legitimate reason for that failure, Fluxo-Cane's motion for reconsideration should be denied.  *Ingle*, 439 F.3d at 197.

   C.   Liquidation

Fluxo-Cane contends that the Court incorrectly held that the debt between Man Sugar and Fluxo-Cane was liquidated.  As "[a] debt is liquidated if, at the time it arose, it was an easily ascertainable sum,"  Fluxo-Cane's motion for reconsideration must be denied.  *Printers II, Inc. v. Professionals Pub., Inc.*, 615 F.Supp. 767, 774 (S.D.N.Y. 1985).

   D.   Conversion

Fluxo-Cane contends that the Court incorrectly applied the law in granting Man Sugar's motion for summary judgment on Fluxo-Cane's conversion claim.  Under the Domino Sugar Rules title to the sugar passed to Man Sugar on January 26, 2008, when the sugar

was placed in the carrier's hold.  Because Fluxo-Cane did not have title to the sugar on February 4, 2008, there was no conversion.  The Court correctly granted summary judgment for Man Sugar.

    E.    Manifest Injustice

Fluxo-Cane contends that Man Sugar's failure to pay the $6,597,456.62 debt owed to Fluxo-Cane is a manifest injustice that requires immediate correction.  As the Court correctly held in its Memorandum Opinion and Order, genuine issues of material fact about the set-off preclude summary judgment on Fluxo-Cane's breach of contract claim.

III. Conclusion

For the above stated reasons, Fluxo-Cane's motion for reconsideration will be denied.


<u>May 5, 2009</u>                            <u>     /s/              </u>
Date                                    William D. Quarles, Jr.
                                        United States District Judge