```
        IN THE UNITED STATES DISTRICT COURT FOR
       THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                              *
FLUXO-CANE OVERSEAS LTD.,
                              *
     Plaintiff,
                              *
          v.                         CIVIL NO.: WDQ-08-0356
                              *
E.D. & F. MAN SUGAR INC.,
                              *
     Defendant.
                              *

 *    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Fluxo-Cane Overseas Ltd. ("Fluxo-Cane") sued E.D. & F. Man Sugar Inc. ("Man Sugar") for breach of contract, conversion, and misappropriation of bills of lading and sugar cargo for Man Sugar's refusal to pay $6,013,149.93 for 17,727.060 metric tons of sugar. Pending is Fluxo-Cane's motion to dismiss Man Sugar's affirmative defenses of set-off and recoupment. For the following reasons, the motion will be denied.

I.   Background

Man Sugar and E.D. & F. Man Commodity Advisers, Ltd. ("MCA") are subsidiaries of E.D. & F. Man Holdings, Ltd., a London-based group of companies that trade in commodities worldwide. Def. Cross. Mot. Summ. J. at 1. On February 1, 2005, Fluxo-Cane entered into a contract with MCA to trade commodities futures. *Id.* at Ex. A.

Man Sugar contends that before February 4, 2008, MCA

1

terminated the futures contract, liquidated Fluxo-Cane's account, and determined its debt.  Pl. Mot. Summ. J. Ex. 16.  On February 4, 2008, MCA assigned a portion of that debt to Man Sugar.  *Id.*  On that day, Man Sugar notified Fluxo-Cane that it was setting off Man Sugar's debt under a sugar contract against the Fluxo-Cane debt assigned from MCA.  *Id.*  On February 7, 2008, Fluxo-Cane demanded payment.  Pl. Mot. Summ. J. Ex. 17, 18.  Man Sugar refused.  *Id.*

On February 8, 2008, Fluxo-Cane filed this suit.  On February 24, 2009, the Court denied Fluxo-Cane's motion for summary judgment, and granted in part Man Sugar's motion for summary judgment.  Papers No. 50, 51.  On March 11, 2009, Fluxo-Cane moved for reconsideration; the motion was denied on May 6, 2009.  Papers No. 53, 65.  On April 4, 2009, Fluxo-Cane moved to dismiss Man-Sugar's affirmative defenses of set-off and recoupment.  Paper No. 59.

II. Analysis

    A.   Should Man Sugar's set-off defense be dismissed as an improperly labeled counterclaim?

Fluxo-Cane contends that Man-Sugar's affirmative defense of set-off must be dismissed because it is a counterclaim improperly pled under Rules 8(a) and 12(b)(6).

        1.   Standard of Review

Under Rule 12(b)(6) an action may be dismissed for failure to state a claim upon which relief can be granted.  Fed. R. Civ.

P. 12(b)(6).  A complaint need not contain detailed factual allegations, but there must be facts sufficient to create a "reasonable expectation that discovery will reveal evidence" of the elements of the claim.  *See Bell Atlantic Corp. V. Twombly*, 127 S. Ct. 1955, 1965 (2007).

The court "should view the complaint in a light most favorable to the plaintiff" and "accept as true all well-pleaded allegations."  *Mylan Labs., Inc. V. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993).

In deciding a Rule 12(b)(6) motion, the court will consider the facts stated in the complaint and any incorporated documents.  *See Biospherics*, *Inc. V. Forbes, Inc., 989 F. Supp. 748, 749* (D. Md. 1997), *aff'd*, 151 F.3d 180 (4th Cir. 1998).  The court may also consider documents referred to in the complaint and relied upon by the plaintiff in bringing the action.  *Id.*

The purpose of Rule 12(b)(6) is to test the legal sufficiency of a complaint and not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir., 2006).  In deciding a Rule 12(b)(6) motion, the court bears in mind that FRCP 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001).

Under Rule 8(a), a claim must include "a short and plain statement of the grounds for the court's jurisdiction" and "that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).

    2.   Analysis

Man Sugar raised set-off as an affirmative defense in its answer to Fluxo-Cane's amended complaint.  Paper No. 25.  Fluxo-Cane contends that Man Sugar improperly labeled its set-off counterclaim and accordingly failed to comply with Rule 8(a); Fluxo-Cane moves to dismiss under rule 12(b)(6).[1]  Pl. Mot. at 3-6.

Set-off is a counterclaim under the Federal Rules.  *Valley Disposal Inc. v. Central Vermont Solid Waste Mgmt. Dist.*, 113 F.3d 357, 364 (2nd Cir. 1997); *First National Bank v. Master Auto Service Corp.*, 693 F.2d 308, 310 n.1 (4th Cir. 1982).  Rule 8(c)(2), however, provides that "if a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated. . .."  Fed. R. Civ. P. 8(c)(2).

Accordingly, "when the defendant asserts matter as a defense to the plaintiff's claim that is legally insufficient to constitute an affirmative defense, but nonetheless could serve as an independent counterclaim, the district court may re-label the

---

[1] The parties appear to agree that Man Sugar's defense or claim is one of set-off, not recoupment.  *See* Pl. Mot. at 3-4; Def. Resp. at 1.

defense as a counterclaim." 5 Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 1275 (3rd ed. 2004) (*citing Reiter v. Cooper*, 507 U.S. 258 (1993); *National Sur. Corp. v. Charles Carter & Co.*, 539 F.2d 450 (5th Cir. 1976); *Southern Pac. Co. v. Miller Abattoir Co.*, 454 F.2d 357 (3rd Cir. 1972)).

Man Sugar notes that *Reiter*--quoting Wright & Miller--states, "[i]nasmuch as it is not clear whether set-offs and recoupments should be viewed as defenses or counter-claims, the courts, by invoking the mis-designation provision in Rule 8(c), should treat matter of this type as if it had been properly designated by the defendant, and should not penalize improper labeling." *Reiter*, 507 U.S. at 263 (*citing* 5 Wright & Miller § 1275). Def. Resp. at 5.

Fluxo-Cane responds that even if a mislabeled claim is accepted by a court, the claim must nonetheless satisfy the pleading requirements of Rule 8(a). Pl. Mot. at 2 (*citing White v. Potocska*, 589 F.Supp.2d 631, 641 (E.D. Va. 2008)). Because Man Sugar did not state the basis for the Court's jurisdiction over its counterclaim defense, the facts on which it relies, and a demand for relief, Fluxo-Cane moves to dismiss Man-Sugar's defense.

Although *White v. Potocska* states that counterclaims must meet the same pleading requirements as a complaint, *White*, 589 F.Supp.2d at 641, the mislabeled counterclaims in that case were

introduced in a response to a summary judgment motion, rather than as affirmative defenses. *Id.* at 639. Accordingly, the court did not consider Rule 8(c). *Reiter* makes clear that district courts should not dismiss improperly labeled affirmative defenses and counterclaims. *Reiter*, 507 U.S. at 263 (*citing* 5 Wright & Miller § 1275). Man Sugar's affirmative defense of set-off will be considered a counterclaim under Rule 8(c).

B.   Is MCA a Necessary and Indispensable Party?

Fluxo-Cane contends that (1) MCA is a necessary and indispensable party to Man Sugar's set-off counterclaim, and (2) MCA's joinder would violate diversity jurisdiction. Accordingly, Fluxo-Cane moves to dismiss Man-Sugar's counterclaim under Rules 12(b)(7) and 19.[2]  Pl. Mot. at 7-14. Man Sugar responds that MCA

---

[2] Fluxo-Cane also contends that MCA is a real party of interest under Rule 17. Pl. Mot. at 10-12.
Rule 17 states that every "action shall be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). The Fourth Circuit has commented that "the best that can be said for Federal Rule 17 is that it conveys a certain amount of correct information about naming plaintiffs. Intended to expand the class of those who may sue to include persons having an equitable or beneficial interest, the rule is unfortunately susceptible to efforts to prevent prosecution of claims. . .." *Virginia Elec. & Power Co. v. Westinghouse Elec. Corp.*, 485 F.2d 78, 82 (4th Cir. 1973) (*citing Wright, Law of Federal Courts* § 70, at 293-294 (2d ed. 1970)).
In *Johnson v. Price*, Judge Motz concluded that in cases where Rule 17 and 19 are both in consideration, "the emphasis should be on whether under Rule 19 the action should be allowed to continue without joinder of the absent party." 191 F.Supp.2d 626, 628 (D. Md. 2001) (*citing Virginia Elec.*, 485 F.2d at 85)). Accordingly, Fluxo-Cane's Rule 17 argument will be considered within the Court's Rule 19 analysis.

is not a necessary or indispensable party.  Def. Resp. at 6-10.

Rule 12(b)(7) authorizes the Court to dismiss a case for failure to join a party under Rule 19.  Fed. R. Civ. P. 12(b)(7).  A motion to dismiss under Rule 12(b)(7) may be made at any time.  Fed. R. Civ. P. 12(h)(2).

"Dismissal of a case is a drastic remedy. . . which should be employed only sparingly."  *National Union Fire Ins. Co. of Pittsburgh, PA v. Rite Aid ex rel. S.C.*, 210 F.3d 246, 249 (4th Cir. 2000) (*citing Teamsters Local Union No. 171 v. Keal Driveway Co.*, 173 F.3d 915, 918 (4th Cir. 1999)).  "In general, federal courts are reluctant to dismiss a complaint for failure to join a party unless it appears that serious prejudice or inefficiency will result."  *Rosengarten v. Buckley*, 565 F.Supp. 193, 199 (D. Md. 1983).

Rule 19 requires a party who is subject to service of process and whose joinder will not deprive the Court of subject matter jurisdiction to be joined if: (1) the Court would be unable to give complete relief among the existing parties in the missing party's absence; (2) disposing of the matter without the missing party would impair the missing party's ability to protect an interest; or (3) an existing party would be exposed to a substantial risk of inconsistent or multiple obligations without the missing party's presence.  Fed. R. Civ. P. 19(a).

Rule 19 establishes a two-step inquiry to determine whether

a party should be joined in an action. "First, the district court must determine whether the party is 'necessary' to the action under Rule 19(a). If the court determines that the party is 'necessary,' it must then determine whether the party is 'indispensable' to the action under Rule 19(b)." *National Union Fire Ins. Co.*, 210 F.3d at 249 (*citing Keal Driveaway Co.*, 173 F.3d at 917-18). Rule 19 analysis is procedural, and federal courts apply federal law to determine the Rule's application. Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 1603 (3d. ed. 2004).

    1.   Is MCA a Necessary Party?

Fluxo-Cane contends that MCA is a necessary party because (1) it retains the legal right to pursue Fluxo-Cane's debt under U.K. law, (2) Man-Sugar's set-off counterclaim cannot be proved without MCA's participation, and (3) the Court's decision regarding set-off will affect MCA's interests. Pl. Mot. at 10-12. Man Sugar responds that the Court may grant complete relief in MCA's absence, MCA does not claim an interest in the suit, and Fluxo-Cane will not face risk of incurring double or inconsistent obligations if the case proceeds without MCA. Def. Resp. at 6-9.

Because Rule 19 analysis is procedural, Fluxo-Cane's assertion that MCA owns Man Sugar's set-off counterclaim under U.K. substantive law––and therefore is a real party in interest under Rule 17 and a necessary party under Rule 19––is irrelevant.

8

Assuming Fluxo-Cane's assertion is relevant, there is an issue of fact whether the Court is capable of granting complete relief in MCA's absence.  MCA and Man have testified in the presiding U.K. court that any set-off due Man Sugar will offset any debt that Fluxo-Cane owes MCA in the U.K. court, and that MCA has therefore disowned any interest in money recovered by Man Sugar in this suit.  Def. Resp. at 2 (citing MCA Amended Particulars of Claim ¶ 41).  Accordingly, there is evidence that: (1) this Court is capable of granting complete relief between Fluxo-Cane and Man Sugar; (2) MCA's rights will not be impaired by the Court's disposition of the set-off claim because it has assigned its interest in the set-off amount to Man Sugar; and (3) Fluxo-Cane will not risk incurring double or inconsistent obligations regarding the debt claimed asserted as set-off.  *See also* Paper No. 50, Mem. Op. at 10-12.

   2.   Is MCA an Indispensable Party?

When determining whether a party is indispensable, the Court examines: (1) the extent to which a judgment rendered without the missing party would prejudice the existing or missing parties; (2) the extent to which prejudice could be avoided by protective provisions in the judgment, the relief granted, or other measures; (3) whether the judgment rendered without the missing party would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder.

9

Fed. R. Civ. P. 19(b).

Assuming MCA is a necessary party, there is an issue of fact whether MCA is an indispensable party under Rule 19(b). As explained above, there is evidence that a judgment in MCA's absence will not prejudice the parties or MCA because Fluxo-Cane will not face multiple judgments regarding the set-off amount and MCA has claimed no interest in this action. Likewise, there is evidence that (1) a judgment without MCA would be adequate, and (2) the Court would not need to take protective measures for the benefit of Fluxo-Cane, Man Sugar, or MCA. Because Fluxo-Cane seeks to dismiss only Man Sugar's set-off counterclaim, the fourth factor is not at issue. Fluxo-Cane's motion to dismiss will be denied.

III. Conclusion

For the reasons stated above, Fluxo-Cane's motion to dismiss Man Sugar's set-off counterclaim will be denied.

<u>September 23, 2009</u>                     _____/s/_____
Date                                          William D. Quarles, Jr.
                                              United States District Judge