## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

_____
                                        )
Fluxo-Cane Overseas Ltd.,               )
                                        )
                                        )
                        Plaintiff,      )
            v.                          )
                                        )          Case No. 1:08-cv-356
E.D. & F. Man Sugar Inc.                )
                                        )
                        Defendants      )
_____)


## PROPOSED PRETRIAL ORDER

Plaintiff Fluxo-Cane Overseas Ltd., ("Fluxo-Cane") and Defendant E.D. & F. Man Sugar, Inc. ("MSI") hereby submit this Proposed Pretrial Order pursuant to Local Rule 106.

## a.    PLAINTIFF'S STATEMENT OF FACTS AND LEGAL THEORIES

### a-1.    *Plaintiff's Brief Statement of Facts*

This case concerns the misappropriation of a cargo of sugar taken by Defendant MSI without payment.  MSI does not deny taking the sugar, does not deny that it owes Fluxo-Cane for the sugar, and does not deny that it refused to return the sugar after it informed Fluxo-Cane that it did not intend to pay for the sugar.  Instead, MSI is seeking to offset its acknowledged debt with the disputed claim of its affiliate against Fluxo-Cane.

Pursuant to an agreement for the sale of the cargo of sugar, Fluxo-Cane agreed to sell a quantity of sugar to MSI.  The contract for the sale of the sugar, as supplemented by the course of dealing and customs of the industry, was for payment in cash upon delivery of the transportation documents for the cargo, without set-off or deduction.

The first portion of the sugar was loaded in the port of Recife, Brazil.  Fluxo-Cane presented the shipping documents and an invoice, and MSI paid upon presentation of the documents.  Then, the second, and significantly larger portion of the sugar was loaded in the port of Maceio, Brazil.  However, MSI did not pay for the sugar upon receipt of the transportation documents.  Instead, after stalling for several days, MSI acknowledged that it owed Fluxo-Cane for the sugar. as of that date, but it refused to pay, claiming that its acknowledged debt is to be set off against a claim being asserted by its affiliate E.D. & F. Man Commodity Advisors, Ltd. ("MCA") in connection with a complex commodities futures dispute currently pending in London, U.K.

MSI has represented that MCA made an "equitable assignment" under U.K. law of part of its claim against Fluxo-Cane to MSI for collection, on the condition that MSI pay forward to MCA all amounts (less a small commission) that it realizes from Fluxo-Cane either through collection or set-off of the claimed debt subject to the equitable assignment.  If such an amount is collected and paid forward to MCA, then MCA has said that it would reduce its claim against Fluxo-Cane in the U.K. action; however until such time, MCA has not reduced its claim against Fluxo-Cane in the U.K. action.

Under U.K. law, the assignor of an equitable assignment of a claimed debt remains the legal owner of the debt and must be joined to any action to collect the assigned debt.

- 2 -

The underlying claim of MCA is based upon the disputed liquidation of Fluxo-Cane's sugar futures trading position with MCA.  MCA has claimed that its liquidation failed to produce sufficient proceeds to cover Fluxo-Cane's debt to MCA.  Fluxo-Cane has counter-claimed in the U.K. action that MCA's precipitous and unlawful liquidation was a direct cause of the insufficient proceeds and resulted in additional losses to Fluxo-Cane.

The English court is the forum selected for the resolution of disputes under Section 26.2 of the Customer Agreement between MCA and Fluxo-Cane.  The current dispute between Fluxo-Cane and MCA remains in litigation in that court.

### a-2.    *Plaintiff's Legal Theories*

1.    Breach of Contract

To establish a claim in federal court for breach of contract under New York law, the plaintiff must prove (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages.  *See, e.g., Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996).

MSI has acknowledged the existence of the contract for the sale of the sugar, and performance by Fluxo-Cane under that contract.  MSI has further acknowledged that it did not pay for the cargo, and therefore owes Fluxo-Cane $6,597,456.62. for the cargo of sugar that it took.  Accordingly, Fluxo-Cane is entitled to judgment on its claim for breach of contract.

2.     Conversion[1]

To establish a conversion under the applicable maritime law, Plaintiff will show that it had the right to repossess the sugar cargo under the law governing the sale transaction.  MSI's refusal to pay for the cargo gave rise to Fluxo-Cane's right to repossession of the cargo, and the right to stop delivery of the cargo in transit.  MSI's refusal to return the cargo to Fluxo-Cane's possession was therefore a conversion of the cargo under maritime law.

3.     Defense against the Counter-Claim of Setoff

This Court has confirmed that MSI's claim of setoff is a counterclaim.  Mem. Op. at 6 (Docket No. 67).  The counterclaim is a permissive counterclaim.  Fed. R. Civ. P. 13.

As this Court has noted, MSI bears the burden of proving its right to a setoff.  Mem Op. at 11 (Docket No. 50).  MSI's pleading only states in relevant part, in an assertion mislabeled as its "First Affirmative Defense," that "Fluxo-Cane's claim is barred by the doctrine of set-off."   Answer at 5 (Docket No. 25).  Under Rule 8(a), any claim for relief must contain a statement of the grounds for the court's jurisdiction, and a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for relief.  Fed. R. Civ. P. 8(a).  Because MSI's pleading has not set out any of the foregoing, MSI's permissive counterclaim must be dismissed.  Fed. R. Civ. P. 8(a).

---

[1] Fluxo-Cane recognizes that its claim of conversion has been dismissed by this Court in its Order of February 24, 2008. Fluxo-Cane reserves the right to request further reconsideration of that ruling or to raise the issue upon appeal, if any.

Although MSI's pleading does not set out its counterclaim, according to MSI's assertions in its prior motion papers, its permissive counterclaim is purely derivative of MCA's claim against Fluxo-Cane, arising out of the MCA Customer Agreement with Fluxo-Cane, which is docketed as Document No. 39-5.   Under that Customer Agreement, all disputes arising thereunder are to be brought in the courts of England.   Customer Agreement at ¶ 26-2 (Docket No. 39-5).   The claim has been brought in an English Court, and MSI is a party to that claim as the equitable assignee of MCA.   Where an agreement contains a choice of forum clause, in the absence of a showing that the chosen forum is unreasonable or was imposed by fraud or unequal bargaining power, the parties' choice should be enforced.   *See, e.g., Vulcan Chem. Techs., Inc. v. Barker*, 297 F.3d 332, 340 (4th Cir. 2002).   Here, the choice of forum was selected by MCA, whose claim is being asserted here by MSI.

In the event that this Court does not dismiss the permissive counterclaim, then MSI would be required to prove the existence of the Customer Agreement, the due performance of the Customer Agreement by MCA, the breach of the Customer Agreement by Fluxo-Cane, and damages.   Fluxo-Cane would also have the right to bring forward its affirmative defenses as set forth more fully in the U.K. action, including its counterclaims against MCA for breach of duty and failure to mitigate.[2]

In the event that this Court decides to proceed with the adjudication of MCA's claim against Fluxo-Cane as brought by MCA's alleged equitable assignee MSI in the form of a permissive counterclaim, then this Court would also need to determine whether the application of the claimed setoff

---

[2] Because any determination by this Court of Man Sugar's counterclaim would necessarily determine MCA's claims against Fluxo-Cane and Fluxo-Cane's counterclaims against MCA, Fluxo-Cane will request this court to revisit whether MCA would be a necessary party and whether this Court would have subject matter jurisdiction to adjudicate the claims arising under the MCA Customer Agreement.

is permissible under the Fluxo-Cane contract with MSI.  That contract referred to the Domino Sugar Rules.  However, the contract is supplemented by the course of dealing between the parties and the customs of the trade.  The contract, as so supplemented, provides that payment for sugar delivered by Fluxo-Cane was to be without setoff or deduction.

Further, even if setoff were permitted by the contract, MSI would also bear the burden of showing that the debt to be setoff is mutual as well as liquidated.

For MSI's claimed debt to be "mutual," the assignment of the debt must have divested the assignor, MCA, of all right, control and interest in the supposedly assigned debt.  A debt held by a party in trust on behalf of another is not "mutual" with a debt owed by the party on its own account.  Where a partial debt is assigned to an assignee for collection, on the condition that the assignee pay any recovery of the partial debt back to the assignor, the purported assignee merely holds the partial debt in trust for the assignor.  Further, where a party has already conceded in litigation that a purported equitable assignment is a trust arrangement, that party is estopped from arguing a contrary position in other litigation.

As a consequence, for MSI to prevail on its permissive counterclaim as a setoff against its acknowledged debt, this Court must make the following determinations:

a.      that the permissive counterclaim has met the necessary pleading requirements of Fed. R. Civ. P. 8(a);

b.      that this Court has an independent basis of subject matter jurisdiction to hear the permissive counterclaim;

c.      that the forum selection clause in the Customer Agreement requiring adjudication in English courts is not valid;

d.      that the Customer Agreement is enforceable, that MCA performed under the Customer Agreement, that Fluxo-Cane breached the Customer Agreement, that MCA did not breach its duties under the Customer Agreement, and that MCA did not fail to mitigate its claimed losses under the Customer Agreement;

e.      that MCA is not a necessary party to the determination of the foregoing issues;

f.      that the Sugar contract between Fluxo-Cane and MSI permit setoff; and

g.      that the debt claimed by MSI as the equitable assignee and trustee of MCA is mutual with the debt claimed by Fluxo-Cane against MSI as the purchaser of a cargo of sugar.

For the reasons set forth above, the permissive counterclaim must be dismissed for failure to set forth the essential elements of a claim, based upon the forum selection clause set forth in the Customer Agreement, for failure to join an indispensable party, and for lack of subject matter jurisdiction. Nevertheless, if the claim is adjudicated in this Court, MCA and MSI are not entitled to damages under the Customer agreement.  Even if MCA/MSI were found to be entitled to damages under the Customer Agreement, any such amounts could not be setoff by MSI in this case, because such a claim is not mutual with MSI's debt to Fluxo-Cane.

**b.**      **DEFENDANT'S STATEMENT OF FACTS AND LEGAL THEORIES**

*b-1.*    *Defendant's Brief Statement of Facts*

This is a simple case concerning the doctrine of set-off—a  well-established doctrine that avoids "the absurdity of making A pay B when B owes A."  *See Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 18 (1995).

Man is a sugar merchant in Miami, Florida.  Fluxo-Cane is a sugar merchant in the British Virgin Islands.  From time to time Fluxo-Cane has sold to Man raw sugar consignments sourced in Brazil.  At all material times, Fluxo-Cane also traded in commodity futures contracts with MCA.

This case arises because Fluxo-Cane owes MCA $22,056,154.62 due to the liquidation of all positions in Fluxo-Cane's futures-trading accounts following its failure to meet MCA's margin calls.  To partially satisfy that obligation MCA has equitably assigned to Man a portion of that debt—amounting to $6,611,952.83—so that Man might in turn set-off that debt against the balance of the purchase price ($6,597,456.62) for a shipment of Brazilian sugar that Man bought from Fluxo-Cane under a purchase-and-sale contract dated January 7, 2008.

Under that sale contract Fluxo-Cane in January 2008 delivered to Man approximately 7,500 metric tons of sugar in Recife, Brazil and a further 17,700 metric tons in Maceio, Brazil.  The sugar was loaded on the M/V TINA LITRICO, a vessel chartered by Man, which shipped the sugar to Baltimore for sale to a third party.  The $6,597,456.62 claimed by Fluxo-Cane represents the final purchase price of the sugar delivered to Man in Maceio.

The set-off in this case should be upheld first because it involves a debt that is both liquid and mutual.  Further, as a matter of English law, there was a complete transfer of MCA's interest in the assigned portion of the debt to Man.  English law recognizes the enforceability of equitable assignments, and this Court should uphold the assignment in this case.

### b-2.    Defendant's Legal Theories

This Court has already ruled on many threshold issues.  It has determined that "there was no conversion."  *See* February 24, 2009 Memorandum Opinion at 15.  It has determined that "the payment clause [of the Sugar contract] does not bar set-offs."  *Id*. at 8.  It has determined that Fluxo-Cane's "debt which was assigned to MSI is liquidated . . . is clear and easily ascertainable; the claim is liquid."  *Id*. at 12.  And Fluxo-Cane itself has conceded the existence of the Customer Agreement—the source of Fluxo-Cane's indebtedness to MCA and, by assignment, MSI.  *See* Fluxo-Cane's Opposition to MSI's Motion for Summary Judgment at 7-8; *see also* February 24, 2009 Memorandum Opinion at 2 ("On February 1, 2005, Fluxo-Cane entered into a contract with MCA to trade commodities futures.").

To prove MSI's counterclaim (originally labeled as an affirmative defense) of set-off Man needs to show that the portion of the debt transferred from MCA to Man is both liquid and mutual.  This Court has previously determined that the debt is liquid and this determination should be viewed as law of the case.  *See* Memorandum Opinion at 12.  Likewise, this Court has ruled that English law is controlling on the issue of mutuality.  *Id.* at 10-12.  Under English law, MCA has provided to Man an equitable assignment of a portion of the debt that is enforceable and broadly recognized.

**c.     COUNTERCLAIMS**

***Discussed in Sections a. and b. above.***

**d.     REQUIRED AMENDMENTS TO THE PLEADINGS (NOT APPLICABLE)**

**e.     ISSUES IN THE PLEADINGS TO BE ABANDONED (NOT APPLICABLE)**

**f.     JOINT STIPULATIONS OF FACT**

The parties have agreed to a limited number of joint stipulations, and may seek to resolve certain other proposed stipulations at the Pretrial Conference.  The agreed Joint Stipulations are as follows:

1.     ED & F Man Sugar Inc. ("MSI") and ED & F Man Commodity Advisors. Ltd ("MCA") are subsidiaries of ED & F Man Holdings, Ltd., a London-based group of companies that trade in commodities worldwide.  Fluxo-Cane Overseas Ltd., ("Fluxo-Cane") is a Brazilian sugar merchant.

2.     MSI and Fluxo-Cane entered into a contract on or about January 7, 2008, and subsequently amended on or about January 11, 2008, whereby Fluxo-Cane agreed to sell, and MSI agreed to buy 25,209.99 metric tons of sugar.

3.     The first portion of Fluxo-Cane's shipment for MSI, consisting of 7,482.930 metric tons of sugar, was loaded at Recife, Brazil on or about January 17, 2008.  Fluxo-Cane issued to MSI the shipping documents and an invoice, which was paid on presentation.

4.     The second portion of Fluxo-Cane's shipment for MSI, consisting of 17,727.060 metric tons of sugar, was loaded at Maceio, Brazil on or about January 26, 2008.  Fluxo-Cane issued to MSI the

shipping documents and an invoice for $6,013.149.93, which included a provision for 2% of the price to be settled after quality and quantity results were known following unloading.

5.      MSI did not pay the second invoice upon presentation.

6.      On February 4, 2008, MCA executed a purported equitable assignment in favor of MSI under which MCA purported to equitably assign to MSI a part of MCA's claim against Fluxo-Cane in the sum of $6,013,149.93, part of a debt claimed by MCA to be owed to it by Fluxo-Cane under the Customer Agreement."

7.      On or about February 4, 2008, MSI sent Fluxo-Cane notice of the assignment.

8.      On March 20, 2008, MCA brought a claim against Fluxo-Cane before the High Court of Justice, Queen's Bench Division, Commercial Court, in London, U.K. for damages claimed to arise under the Customer Agreement between MCA and Fluxo-Cane (the English Action").  MSI joined that action to seek a declaration "that the [purported equitable] Assignment is valid as a matter of English law."

9.      On April 4, 2008, MCA executed a further purported equitable assignment in favor of MSI in the amount of $598,802.90, representing a further part of under the debt claimed by MCA to be owed to it by Fluxo-Cane under the Customer Agreement."

10.      Fluxo-Cane delivered the sugar called for by the parties' purchase-and-sale contract.  On June 2, 2008, Fluxo-Cane, through its bank, issued a final invoice to MSI in the amount of

$6,597.456,62, the balance of the purchase money under the contract following resolution of the quantity and quality determinations.

11.    The trial of the English Action is scheduled to begin on or about November 22, 2009.

**g.    DAMAGES**

Fluxo-Cane claims $6,597.456,62 due under its invoices issued to MSI as the final value of the cargo taken by MSI, plus interest and costs.

MSI, as the equitable assignee of MCA, counterclaims for a setoff amount equal to the amount claimed by Fluxo-Cane.

**h.    EXHIBIT LIST**

Attached as Appendix H-1 is the list of Joint Exhibits, to which the parties have stipulated to authenticity, but have reserved objections as to relevance.

Attached as Appendix H-2 is the list of Plaintiff's Exhibits.

Attached as Appendix H-3 is the list of Defendant's Exhibits.

The parties reserve the right to supplement the foregoing lists of Exhibits subject to the outcome of the Pretrial Conference and further discussions between the parties.

**i.    WITNESSES**

***i-1.    Plaintiff's Witnesses***

1.      Elizabeth Alper

2.      Carlos Machado

3.      Albert Mihey

4.      Jose Luiz Cipriani

5.      Manoel Garcia

6.      Igor Placet

7.      Christian Bouet

8.      John Taylor

9.      Kevin Dyke

10.     Richard Wansbury

11.     Andres Galindo

12.     James Boucher Jenkins

13.     John Daniel Whittaker

14.     Myles Marmion

15.     Phillip Howell

### *i-2.* *Defendant's Witnesses*

    1.      Christian Bouet

    2.      John Whittaker

    3.      Elizabeth Alper

## j.    EXPERT WITNESSES

### *j-1.* *Plaintiff's Expert Witnesses*

    1.      Sir Simon Tuckey, QC [If required to present evidence regarding U.K. Law]

### *j-2.* *Defendant's Expert Witnesses*

    1.      John Whittaker

    2.      Michael Swangard

The parties reserve the right to supplement the foregoing lists of witnesses subject to the outcome of the pretrial conference and further discussions between the parties.

## k.    DEPOSITIONS [NOT APPLICABLE]

## l.    OTHER PRETRIAL RELIEF

### *l-1.* *Plaintiff's Requested Pre-Trial Relief*

For the reasons set forth in its earlier Motion to Dismiss and in view of the legal issues noted above, Plaintiff requests that MSI's permissive counterclaim be dismissed.

### l-2.    *Defendant's Requested Pre-Trial Relief*

Defendant believes that, because this is a bench trial, all pre-trial issues can and should be resolved on the first day of trial.  Defendant notes that this Court already has considered and denied Plaintiff's earlier Motion to Dismiss whereby Plaintiff sought dismissal of Defendant's counterclaim. Thus, the issue has already been addressed.

### m.    OTHER MATTERS TO BE ADDED BY THE COURT

Respectfully submitted,


By: _____/s/_____
H. Allen Black, III (No. 024542)
Bryant E. Gardner (*pro hac vice*)
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, DC  20006
hblack@winston.com
bgardner@winston.com
(202) 282-5821
(202) 282-5100 (Facsimile)
*Counsel for Fluxo-Cane Overseas, Ltd.*



_____/s/_____
Anthony P. Ashton (Fed. Bar No. 25220)
anthony.ashton@dlapiper.com
Stanley McDermott III (*pro hac vice*)
stanley.mcdermott@dlapiper.com
DLA Piper LLP (US)
6225 Smith Avenue
Baltimore, Maryland 21209
410) 580-3000
(410) 580-3100

*Counsel for E.D. & F. Man Sugar, Inc*

**APPENDIX H-1**
**FLUXO-CANE OVERSEAS LTD. V. ED&F MAN SUGAR, INC.**
**Case No. 08-cv-356**

**LIST OF JOINT EXHIBITS**[*]

| JOINT EXHIBIT NO. | DESCRIPTION | PREVIOUSLY FILED AS: | DATE FILED |
|---|---|---|---|
| 1 | ED&F Man Commodity Advisors Limited and Cane International Corp. Ltd. TERMS OF BUSINESS | Man Sugar's Memorandum in Support of Cross Motion for Summary Judgment and In Opposition to Motion for Summary Judgment Declaration of Christian Bouet; Exhibit A. | Filed 7/18/08 |
| 2 | ED&F Man Commodity Advisors Limited Credit Facility | Man Sugar's Memorandum in Support of Cross Motion for Summary Judgment and In Opposition to Motion for Summary Judgment Declaration of Christian Bouet; Exhibit C | Filed 7/18/08 |
| 3 | ED & F Assignment Dated 2/4/08 | Man Sugar's Memorandum in Support of Cross Motion for Summary Judgment and In Opposition to Motion for Summary Judgment Declaration of Christian Bouet; Exhibit J | Filed 7/18/08 |
| 4 | Email from C. Machado to M. Bruno at Fluxo re Payment Offset. Dated 2/1/08 | Man Sugar's Memorandum in Support of Cross Motion for Summary Judgment and In Opposition to Motion for Summary Judgment Declaration of Christian Bouet; Exhibit K | Filed 7/18/08 |

[*] It may become necessary to add additional exhibits depending upon the Court's determination with regard to the trial of the underlying claim.

*List of Joint Exhibits*

| JOINT EXHIBIT NO. | DESCRIPTION | PREVIOUSLY FILED AS: | DATE FILED |
|---|---|---|---|
| 5 | ED & F Assignment Dated 4/4/08 | Man Sugar's Memorandum in Support of Cross Motion for Summary Judgment and In Opposition to Motion for Summary Judgment Declaration of Christian Bouet;  Exhibit L | Filed 7/18/08 |
| 6 | Court Document "Particulars of Claim" In the High Court of Justice Queen's Bench Division Commerical Court | Man Sugar's Memorandum in Support of Cross Motion for Summary Judgment and In Opposition to Motion for Summary Judgment Declaration of Christian Bouet; Exhibit N | Filed 7/18/08 |
| 7 | Court Document "Defense and Counter Claim" | Man Sugar's Memorandum in Support of Cross Motion for Summary Judgment and In Opposition to Motion for Summary Judgment Declaration of Christian Bouet;  Exhibit O | Filed 7/18/08 |
| 8 | Court Document "Reply and Defense to Counter Claim" | Man Sugar's Memorandum in Support of Cross Motion for Summary Judgment and In Opposition to Motion for Summary Judgment Declaration of Christian Bouet;  Exhibit P | Filed 7/18/08 |
| 9 | ICE Futures Sugar No. 14 Rules | Fluxo-Cane Memorandum in Support of Summary Judgment Affidavit of Jose Luiz P. Cipriani in support;  Exhibit 1 | Filed 6/10/08 |
| 10 | Email from E. Alper to M. Bruno re Business Proposal 1/7/08 | Fluxo-Cane Memorandum in Support of Summary Judgment Affidavit of Jose Luiz P. Cipriani in support; Exhibit 2 | Filed 6/10/08 |
| 11 | Email from E. Alper to M. Bruno re Business Proposal 1/5/08 | Fluxo-Cane Memorandum in Support of Summary Judgment Affidavit of Jose Luiz P. Cipriani in support; Exhibit 3 | Filed 6/10/08 |

*List of Joint Exhibits*

| JOINT EXHIBIT NO. | DESCRIPTION | PREVIOUSLY FILED AS: | DATE FILED |
|---|---|---|---|
| 12 | Email from M. Bruno to E. Alper re Business Proposal 1/7/08 | Fluxo-Cane Memorandum in Support of Summary Judgment Affidavit of Jose Luiz P. Cipriani in support; Exhibit 4 | Filed 6/10/08 |
| 13 | Email from E. Alper to M. Bruno re Business Proposal 1/7/08 | Fluxo-Cane Memorandum in Support of Summary Judgment Affidavit of Jose Luiz P. Cipriani in support; Exhibit 5 | Filed 6/10/08 |
| 14 | Email from M. Bruno to E. Alper re Business Proposal. Dated 1/11/08 | Fluxo-Cane Memorandum in Support of Summary Judgment Affidavit of Jose Luiz P. Cipriani in support; Exhibit 6 | Filed 6/10/08 |
| 15 | Email from R. Nelson to M. Bruno re M/V TINA LITRICO or substitute nomination | Fluxo-Cane Memorandum in Support of Summary Judgment Affidavit of Jose Luiz P. Cipriani in support; Exhibit 7 | Filed 6/10/08 |
| 16 | ED & F Purchase Contract No. P01688.000 | Fluxo-Cane Memorandum in Support of Summary Judgment Affidavit of Jose Luiz P. Cipriani in support; Exhibit 8 | Filed 6/10/08 |
| 17 | The Sugar Assoc. of London Rules and Regulations | Fluxo-Cane Memorandum in Support of Summary Judgment Affidavit of Jose Luiz P. Cipriani in support; Exhibit 9 | Filed 6/10/08 |
| 18 | Domino Sugar General Contract Provisions | Fluxo-Cane Memorandum in Support of Summary Judgment Affidavit of Jose Luiz P. Cipriani in support; Exhibit 10 | Filed 6/10/08 |
| 19 | Bill of Lading M/V TINA LITRICO 1/17/08 | Fluxo-Cane Memorandum in Support of Summary Judgment Affidavit of Jose Luiz P. Cipriani in support; Exhibit 11 | Filed 6/10/08 |
| 20 | Fluxo-Cane Commercial Invoice #305/08 | Fluxo-Cane Memorandum in Support of Summary Judgment Affidavit of Jose Luiz P. Cipriani in support; Exhibit 12 | Filed 6/10/08 |

*List of Joint Exhibits*

| JOINT EXHIBIT NO. | DESCRIPTION | PREVIOUSLY FILED AS: | DATE FILED |
|---|---|---|---|
| 21 | Bill of Lading M/V TINA LITRICO Dated 1/26/08 | Fluxo-Cane Memorandum in Support of Summary Judgment Affidavit of Jose Luiz P. Cipriani in support; Exhibit 13 | Filed 6/10/08 |
| 22 | Fluxo-Cane Commercial Invoice #319/08 | Fluxo-Cane Memorandum in Support of Summary Judgment Affidavit of Jose Luiz P. Cipriani in support; Exhibit 14 | Filed 6/10/08 |
| 23 | Email from E. Alper to M. Bruno re M/V TINA LITRICO – Maceio Port 2/4/08 | Fluxo-Cane Memorandum in Support of Summary Judgment Affidavit of Jose Luiz P. Cipriani in support; Exhibit 15 | Filed 6/10/08 |
| 24 | Email from C. Machado to M. Bruno re Payment Offset 2/4/08 | Fluxo-Cane Memorandum in Support of Summary Judgment Affidavit of Jose Luiz P. Cipriani in support; Exhibit 16 | Filed 6/10/08 |
| 25 | Email from M. Bruno to A. McGregor re PAYMENT M/V TINA LITRICO | Fluxo-Cane Memorandum in Support of Summary Judgment Affidavit of Jose Luiz P. Cipriani in support; Exhibit 17 | Filed 6/10/08 |
| 26 | Email from C. Machado to M. Bruno re Payment MV TINA LITRICO. 2/7/09 | Fluxo-Cane Memorandum in Support of Summary Judgment Affidavit of Jose Luiz P. Cipriani in support; Exhibit 18 | Filed 6/10/08 |
| 27 | Letter from Middleton Potts to ED & F. Man 2/7/08 | Fluxo-Cane Memorandum in Support of Summary Judgment Affidavit of Jose Luiz P. Cipriani in support; Exhibit 19 | Filed 6/10/08 |
| 27 | BCV letter re Documentary Credits Department | Fluxo-Cane Memorandum in Support of Summary Judgment Affidavit of Jose Luiz P. Cipriani in support; Exhibit 20 | Filed 6/10/08 |
| 28 | Expert Opinion Report of the Hon. Sir Simon Tuckey 1/4/09 | Fluxo-Cane Memorandum in Support of Motion to Dismiss; Exhibit 1 | Filed 4/02/09 |
| 29 | Transcript of Meeting 1/17/08 | | |
| 30 | Plan of Merger | Bouet Declaration Exhibit E | Filed 7/18/08 |

*List of Joint Exhibits*

**APPENDIX H-2**
**FLUXO-CANE OVERSEAS LTD. V. ED&F MAN SUGAR, INC.**
**Case No. 08-cv-356**

**LIST OF PLAINTIFF'S EXHIBITS**[*]

| PLAINTIFF'S EXHIBIT NO. | DESCRIPTION | PREVIOUSLY FILED AS: | DATE FILED |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

---

[*] It may become necessary to add additional exhibits depending upon the Court's determination with regard to the trial of the underlying claim.

*List of Joint Exhibits*

H-2-1

**APPENDIX H-3**
**FLUXO-CANE OVERSEAS LTD. V. ED&F MAN SUGAR, INC.**
**Case No. 08-cv-356**

**LIST OF DEFENDANT'S EXHIBITS**

| DEFENDANT'S EXHIBIT NO. | DESCRIPTION | PREVIOUSLY FILED AS: | DATE FILED |
|---|---|---|---|
| 1 | Statement of Account as of April 14, 2008 | Bouet Decl. Ex. M | Filed 7/18/08 |
| 2 | Declaration of Michael Swangard (Sept. 5, 2008) | | Filed 9/5/08 |
| 3 | Supplemental Declaration of Michael Swangard (April 6, 2009) | | Filed 4/6/09 |

*List of Joint Exhibits*