IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| Fluxo-Cane Overseas Ltd., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Case No. 08-cv-356 (WDQ) |
| E.D. & F. Man Sugar Inc., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**REPLY TO OPPOSITION TO
REQUEST TO VACATE
INDEFINITE EXTENSION OF TIME TO ADDRESS MOTIONS
AND FOR A HEARING**

E.D.& F. Man Sugar Inc. ("MSI") devotes its opposition brief to an unnecessary assertion of this Court's discretion, but fails utterly to address the fundamental points before this Court:[1]

(1) MSI itself conceded at the pretrial conference that there is no genuine issue of material fact with regard to Fluxo-Cane's breach of contract claim, and in fact, there is no defense to that claim now that MSI's claim of setoff has been determined to not constitute an "affirmative defense" at all.

(2) MSI's claim is instead a permissive counterclaim that must be dismissed because, among other things, it is subject to a mandatory choice of venue provision requiring the dispute to be resolved in England, where the matter has in fact been tried.

(3) Whether considered as a request for an extension under Fed. R. Civ. P. 6(b)(1)(a) or as a request for a stay, MSI's request to delay its response to Fluxo-Cane's motions serves no purpose, because (i) the English Action is irrelevant to Fluxo-Cane's claim, (ii) the matters involved in the permissive counterclaim have been tried to the English Court, which will decide the matter; and (iii) the final resolution of that case is likely to continue for some time beyond the scheduled trial date here because of the parties' rights to appeal.

---

[1] MSI has filed two Oppositions to the Request to Vacate (Docket Nos. 80 and 81). We assume that the slightly revised version at Docket No. 81 is intended as a corrected version.

Even assuming that MSI's letter request for an indefinite extension of time, and this Court's prompt grant of that request, were consistent with the Rules of this Court, this Court indisputably now has the right and duty to address Fluxo-Cane's opposition to MSI's request for a purposeless delay, as discussed in Fluxo-Cane's Request to Vacate.

This Court has the power to bring this case to a rapid conclusion by addressing Fluxo-Cane's pending motions. There was an undisputed contract; there was an undisputed breach. There are no defenses. Under these circumstances, summary judgment – not still further delay – is warranted.

### 1. *The pending motions are reasonable and proper, not repetitive.*

At the outset, MSI erroneously suggests that the underlying motions are merely a repetition of earlier motions. The motions are instead the product of this Court's prior rulings and MSI's recent admissions.

In the initial cross-motions for summary judgment, both parties asserted that the matter before the Court was ripe for decision as a matter of law, with both parties focused on the purely legal issue of whether MSI could assert setoff against its acknowledged debt to Fluxo-Cane. Cross-Motions for Sum. J. (Docket Nos. 31, 39) In its ruling on the Cross-Motions, this Court held that MSI bore the burden of proving what it then identified as the affirmative defense of setoff. Mem. Op. at 5-6 (Docket No. 50). The Court further noted that the parties had not adequately addressed the English law whether MSI could assert its alleged equitable assignment of claim in setoff, and that disputed issues of fact remained. Mem. Op. at 11, 15 (Docket No. 50).

This Court subsequently held that MSI's assertion of setoff was not an affirmative defense to Fluxo-Cane's claim, but instead constituted a permissive counterclaim. Mem. Op. at 6 (Docket No. 67). As a consequence, Fluxo-Cane was *required* under the rules to either answer the permissive counterclaim, or move to dismiss it. Fed. R. Civ. P. 12. With regard to Fluxo-Cane's breach of contract claim, the confirmation that MSI's claim of setoff is not an affirmative defense necessarily meant that MSI had no defense to the claim. Moreover, MSI conceded that it did not dispute the claim in the Joint Proposed Pretrial Order and at the Pretrial Conference. Joint Proposed Pre-Trial Order at Section g (Docket No. 71). A motion for summary judgment was therefore ripe and proper for disposition pursuant to Fed. R. Civ. P. 56. MSI's request for delay at this point serves no legitimate purpose.

### 2.  *MSI's request was certainly a stay, for which MSI has offered no support.*

The indefinite postponement of further proceedings in this case pending the resolution of the English Action is of course a stay. *See, e.g., Nken v. Holder*, 129 S. Ct. 1749, 1758 (2009) ("a stay operates upon the judicial proceeding itself. It does so either by halting or postponing some portion of the proceeding . . ."); *S. La. Cement, Inc. v. Van Aalst Bulk Handling, B.V.*, 383 F.3d 297, 301 (5th Cir. 2004) ("a stay, by definition, constitutes a postponement of proceedings"). The Court in *Nken* also quoted Black's Law Dictionary to note that a "stay" is by definition "a suspension of the case or some designated proceedings within it." *Nken*, 129 S. Ct. at 1758 (quoting Black's Law Dictionary at 1413 (6th ed. 1990)).

MSI's reference to Rule 6(b) is misplaced. That Rule governs extensions of time for good cause. In the context of extending time, "good cause" means that a party cannot meet a deadline despite diligent efforts or due to excusable neglect. *C.f. McTwigan-Evans v. Spaulding*, 2007 U.S. Dist. LEXIS

20771 (D. Colo. Mar. 21, 2007) (citing *Dilmar Oil Co. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997) ("Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts. . . ."). As a consequence, an extension under Rule 6(b) is one for a defined period of time, as contrasted with a stay, under which the postponement of a case depends upon the outcome of some other event.

Here, MSI asked for, and the Court granted, a postponement of the case pending judgment in the English Action. It was therefore a stay, and accordingly subject to the precedents governing the grant of a stay, as discussed in the Request to Vacate.

As noted in the Request to Vacate, the criteria that a court must apply to a request for a stay are well known: (1) likelihood of success on the merits, (2) irreparable injury, (3) prejudice to non-moving party, and (4) the public interest. *See, e.g.*, *Nken v. Holder*, 129 S. Ct. 1749, 1761 (2009) (U.S. Reporter citation pending). Notably, MSI did not address those criteria, and had no rebuttal to Fluxo-Cane's showing that MSI satisfies *none* of them.

### 3.     *The requested stay serves no purpose.*

MSI also ignores the central question of what the stay (or even "extension") is meant to accomplish. As discussed in the Request to Vacate, MSI's request and the Marginal Order simply do not say whether the "judgment" to which they refer means a final judgment or the judgment of the trial court. MSI's Opposition suggests that they meant to refer to the judgment of the trial court. MSI Opp. at 3 n.2 (Docket No. 81). Either way, as noted in the Request to Vacate, the stay is pointless.

The decision of the English trial court will not be the final disposition of the case, as an appeal by the losing party is inevitable. If an appeal is sought, the case would be subject to appellate briefing and remand, which could cause this matter to drag on for years. In any event, MSI has clearly evinced an intent to have the dispute over the Customer Agreement litigated in the English courts as required by the forum selection clause in that contract. For what reason, then, should this Court delay justice in this case to await the outcome of a trial in a foreign jurisdiction where that final judgment will be the subject of further appeal? Will MSI ask for another "extension" to allow the appeals to run their course?

Most significantly, MSI has failed to explain how the ultimate outcome in the English Action could lead to any outcome other than dismissal of its permissive counterclaim here. If Fluxo-Cane prevails in the English Action, MSI's counterclaim would be shown to be baseless, and would have to be dismissed on grounds of collateral estoppel. On the other hand, if MCA and MSI were to prevail in the English Action, then the English Court would order full relief, including the amounts subject to the alleged equitable assignment, and the counterclaim would have to be dismissed as a double recovery or otherwise as moot. MSI has never suggested that the English Court is not competent to grant full relief in that matter, regardless of how long it may take. Simply put, MSI has not shown any way in which the English Action is relevant to the pending motions, and to the resolution of this case, because it cannot.

Since it is plain that the English Action is not relevant to the disposition of this case, why would this Court permit an indefinite delay to accommodate the trial court's decision in that case? What more does this Court need to resolve this matter?

### 4. *MSI would not be entitled to an extension of time even under Rule 6's more lenient standard.* [2]

Even if MSI's request could be viewed as an extension of time, MSI failed to establish any "good cause" for such an extension. MSI made no showing why it needed more time. Rather, it relied on the uncontested fact that the merits of its permissive counterclaim will be decided by the English Court. Fluxo-Cane agrees that the English Court will decide the matter, as required by the forum-selection clause in the Customer Agreement. But, as detailed in the Motion to Dismiss and the Request to Vacate, the consequence of those facts is that the permissive counterclaim must be dismissed for lack of venue under Fed. R. Civ. P. 12(b)(3).

MSI's purpose for keeping the permissive counterclaim in this forum is obvious. It seeks to hold the funds it owes Fluxo-Cane hostage in a de facto prejudgment attachment in favor of its affiliate's action in a foreign court. That de facto prejudgment attachment is highly prejudicial to Fluxo-Cane, as noted in the unchallenged affidavit of Mr. Garcia, and as made plain by the facts that: (a) MSI has never made any showing here to justify the use of this Court's process to maintain prejudgment attachment in support of foreign litigation, and (b) *the English Court itself discharged the prior attempt of MSI and E.D. & F. Man Commodity Advisors, Ltd. ("MCA") to assert the English equivalent of prejudgment attachment* (referred to there as a "freezing order").

### 5. *MSI does not dispute that it has no defense to Fluxo-Cane's claim, or that its permissive counterclaim is the same matter being tried in the English Court.*

---

[2] Contrary to MSI's transparent accusation, Fluxo-Cane does not question the broad discretion of the Court to control its docket. Rather, Fluxo-Cane noted that with regard to the grant of a stay, discretion is not absolute, but is bounded by the Rules of Civil Procedure, the Local Rules, and binding precedents. Contrary to MSI's suggestion, the Rule does not include a "perceived futility" exception. L. Rule 105(9).

MSI's Opposition is also striking for its failure to dispute that it has no defense to Fluxo-Cane's claim or that its permissive counterclaim is being tried in the English Action. Indeed, it cannot dispute those facts – they are well-established. The *only* effect of further delay is the wrongful withholding of the funds to which Fluxo-Cane is entitled.

## CONCLUSION

MSI's other commentary is as transparent as it is irrelevant.[3] The issues before this Court are exceptionally straightforward: Should this Court stay judgment on an uncontested claim and dismissal of a permissive counterclaim that is already being litigated in the chosen forum? For what reason should it do so? MSI has offered no reasons whatsoever, beyond the meaningless observation that the English trial court will at some point issue a judgment. We ask this Court to direct MSI to either concede or respond to the pending motions without further delay and then to allow the parties the opportunity to be heard on the motions, should they remain contested after briefing. We submit that is no reason to delay justice to Fluxo-Cane any further.

---

[3] Notably, MSI fails to respond substantively to the other issues noted by Fluxo-Cane, except to assert a general lack of merit, and MSI fails to offer any legal or factual support. MSI's claim that Fluxo-Cane failed to support its point that a forum-selection clause warrants dismissal of a covered suit brought in a different jurisdiction simply ignored the extensive authority supporting that point, as set out in detail in the pending Motion for Dismissal. Mem. in Support at 7-9 (Docket No. 74-1).

With regard to MSI's attempt to excuse its improper reference to settlement discussions by now claiming that it was Fluxo-Cane that raised the issue at the Pretrial Conference, suffice it to say that we recall the matter quite differently. More importantly, MSI offers no response to the impropriety of using a claim of settlement discussions to forestall the dismissal of its permissive counterclaim.

Dated:  December 22, 2009

        Respectfully submitted,


        By:  /s/ _____
        H. Allen Black, III (No. 024542)
        WINSTON & STRAWN LLP
        1700 K Street, N.W.
        Washington, DC  20006
        hblack@winston.com
        bgardner@winston.com
        (202) 282-5821
        (202) 282-5100 (Facsimile)

        *Counsel for Fluxo-Cane Overseas, Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Reply to Opposition to Request to Vacate Indefinite Extension of Time to Address Motions and for a Hearing were served on this 22nd day of December, 2009, on Anthony Ashton of DLA Piper, counsel of record for Defendant, by the Court's Electronic Filing System.


H. Allen Black