# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Fluxo-Cane Overseas Ltd., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Case No. 08-cv-356 (WDQ) |
| E.D. & F. Man Sugar Inc., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM IN OPPOSITION TO
## ED&F MAN SUGAR INC.'S MOTION FOR SUMMARY JUDGMENT
## ON ITS COUNTERCLAIM OF SET-OFF

Plaintiff Fluxo-Cane Overseas Ltd. ("Fluxo-Cane") hereby submits this Memorandum in Opposition to Defendant ED&F Man Sugar, Inc.'s ("MSI"s) Motion for Summary Judgment on its Counterclaim of Set-Off. Fluxo-Cane's earlier motions for Summary Judgment on Count II of the Complaint and to Dismiss the Permissive Counterclaim are incorporated herein.

**I.   SUMMARY**

MSI's motion is a procedural non-sequitur. It ignores the procedural poster of the case, and seeks summary judgment on a counterclaim of setoff that has not been properly pled, on a basis that has not been previously pled or even identified, and therefore on a ground that is not properly before this court.

Moreover, the assertion by MSI of its permissive counterclaim as a basis for denying summary judgment to Fluxo-Cane on its complaint conflicts with the process for the resolution of multiple claims

set out in Fed. R. Civ. P. 56 and noted by the Supreme Court in clearly binding precedent. Accordingly, it must be denied, and Fluxo-Cane's pending motion for summary judgment must be granted.

## II.     PROCEDURAL POSTURE OF THE CASE

The remaining count of the Complaint filed by Fluxo-Cane alleges a breach of a contract for the delivery of a cargo of sugar by MSI's failure to pay. Complaint at Count II (Docket No. 13) MSI's only defense against the claim was a purported affirmative defense stating in its entirety "Fluxo-Cane's claim is barred by the doctrine of set-off." Answer, "First Affirmative Defense," at 5 (Docket No. 25).

However, this Court subsequently held that MSI's claim of setoff is not an affirmative defense to the Complaint, but is instead a permissive counterclaim. Mem. Op. at 6 (Docket No. 67). As a consequence. MSI has no defense against the claim, the facts of which are not in dispute.

Following that holding, Fluxo-Cane filed a motion for summary judgment on Count II of the Complaint, noting that MSI had admitted to the elements of the Count and the material facts were not in dispute. Fluxo-Cane Motion for Summary Judgment (Docket No. 73). Fluxo-Cane also filed a motion to dismiss MSI's permissive counterclaim for various reasons, including failure to state a claim, improper venue, lack of subject matter jurisdiction, and failure to join an indispensible party. Fluxo-Cane Motion to Dismiss (Docket No. 74).

This Court granted a request by MSI to defer responding to Fluxo-Cane's motions until 30 days following judgment on the action between Fluxo-Cane, MSI, and ED&F Man Commodity Advisors, Ltd. ("MCA") pending in an English court (the "English Action"). Marginal Order (Docket No. 78).

Judgment in the English Action was rendered on February 11, 2010, in favor of MSI and MCA. The English court held that the equitable assignment by MCA to MSI of part of its claim against Fluxo-

Cane was valid. However, Fluxo-Cane has been granted the right to appeal. Accordingly, the complex dispute between Fluxo-Cane and MCA and MSI will again be reviewed by the English appeals court.

MSI has not responded to Fluxo-Cane's pending motions, other than to assert that Fluxo-Cane's motions are now moot as a result of the judgment in the English Action. MSI Motion at 2 (Docket No. 85); MSI Mem. in Support at 4 (Docket No. 85-1).

### III. FLUXO-CANE'S MOTIONS, AND THE ORDERLY DISPOSITION OF THIS MATTER, ARE NOT MOOT

This case is about a contract for the sale of a cargo of sugar. Fluxo-Cane delivered the sugar, and MSI failed to pay for it. Several months after payment was due, MCA and MSI brought a claim against Fluxo-Cane in the English court in a dispute over MCA's Customer Agreement. While the decision there was against Fluxo-Cane, it is again under appeal, and subject again to further revision. However, that dispute is not relevant to Fluxo-Cane's claim here.

MSI argues that the English Court's grant of permission to collect against Fluxo-Cane for the amount assigned by MCA defeats Fluxo-Cane's claim; but that argument ignores this Court's holding, in accordance with well-established precedents, that a claim of set-off is not an affirmative defense; it is a permissive counterclaim. Mem. Op. at 6 (Docket No. 67). Courts can, should, and routinely do, grant summary judgment on claims for failure to pay amounts due under contracts, even while permissive counterclaims for setoff remain pending.

For example, the facts in *Allis-Chalmers Corp. v. Philadelphia Electric Co.*, 521 F.2d 360 (3d Cir. 1975) are notably similar to the salient facts here. In that case, the plaintiff had filed suit against the defendant for failing to pay for goods delivered, and the defendant argued that the debt should be setoff by a separate and unrelated claim. *Allis-Chambers Corp. v. Philadelphia Elec. Co.*, 64 F.R.D. 135, 137 (E.D. Pa. 1974). The court concluded that because the counterclaim was unrelated to the complaint, it

was therefore not relevant to the complaint, and summary judgment was accordingly mandated by Fed. R. Civ. P. 56. The court not only granted summary judgment to the plaintiff, it also certified that decision as a final judgment under Fed. R. Civ. P. 54(b). Fluxo-Cane has asked this Court to similarly abide by Rule 56 by granting summary judgment on its Complaint, which is similarly uncontested except for MSI's request for setoff based on an unrelated claim.

However, what is more notable about *Allis-Chambers* is its subsequent history. The Third Circuit acknowledged the correctness of the grant of summary judgment, but overturned the Rule 54(b) certification in light of the pending permissive counterclaim of setoff. *Allis-Chalmers Corp. v. Philadelphia Electric Co.*, 521 F.2d 360, 365 (3d Cir. 1975). A few years later, the Third Circuit relied on *Allis-Chambers* to overrule a similar Rule 54(b) certification involving a similar undisputed claim for contract debt that was granted summary judgment while counterclaims for setoff remained pending. *Curtiss-Wright Corp. v. General Electric Co.*, 597 F.2d 35, 35 (3d Cir. 1979). However, *Curtiss-Wright* was reviewed by the Supreme Court, which overturned the Third Circuit, and overruled the Circuit's earlier decision in *Allis-Chambers*. *Curtiss-Wright Corp. v. General Elec. Co*, 446 U.S. 1, 7 (1980). The Court approved as a matter of course the granting of summary judgment on an undisputed claim notwithstanding pending counterclaims for setoff, and moreover encouraged the final disposition of claims, that, *inter alia*, were separable from remaining claims and would not involve the same issues on appeal. *Id*.

Ignoring that precedent, MSI has asked this Court to deny Fluxo-Cane's claim on the basis of MSI's unrelated counterclaim. Not only does that argument fly in the face of Rule 56 and the countless cases such as *Allis-Chambers* and *Curtiss-Wright* which have applied that Rule, it cleverly seeks for MSI a double-recovery – it would deny Fluxo-Cane the judgment to which it is entitled on its breach of

contract claim, while claiming for MSI a right to recover funds based on the latest current judgment in the English Action. Allowing such a result would be plain error.

We respectfully submit that to properly resolve the matters pending in this Court, the Court should consider the following:

(i) First, determine whether payment for the cargo of sugar delivered by Fluxo-Cane to MSI is due and owing. As discussed below, that fact is not in dispute. Therefore, this Court should grant summary judgment to Fluxo-Cane on Count II of the Complaint.

(ii) Second, determine whether MSI's permissive counterclaim is properly pled, and if it is, whether it is now moot, since the issues to which MSI's vague counterclaim alludes have since been adjudicated in the English court. For the reasons set out below, the claim was not properly before this Court, and in any case, is no longer a live controversy here; rather it is a matter to be finally resolved by the English appeals court.

(iii) Finally, determine whether MSI can be permitted to change its permissive counterclaim to a wholly new ground; for enforcement of a foreign judgment. As noted below, this Circuit and this District Court have held that parties cannot ignore the requirement of properly pleading a claim and cannot amend pleadings through motion papers. Accordingly, this Court should not permit MSI to do so here.

While the English action has resulted in a judgment, at least until the appeal is decided, that judgment cannot short circuit the due process of law here. Fluxo-Cane's motions for summary judgment and to dismiss the permissive counterclaim are ripe for a favorable decision. Under Rules 56 and 12, and Supreme Court precedents, Fluxo-Cane's motions cannot be moot, but rather, must be granted.

**IV.     FLUXO-CANE IS ENTITLED TO SUMMARY JUDGMENT ON THE COMPLAINT**

As set forth in greater detail in Fluxo-Cane's Memorandum in Support of its Motion for Summary Judgment (Docket No. 73-1), which is adopted and incorporated herein, no genuine issue of material dispute exists regarding:

(1) the existence of the contract between Fluxo-Cane and MSI for the sale of a cargo of sugar (Stipulation 2);

(2) that Fluxo-Cane performed its obligations under that contract (Stipulations 3, 4, 10);

(3) that MSI did not perform its obligation (to pay) under the contract (Stipulations 5, 10, MSI admission in Docket No. 39-2); or

(4) that Fluxo-Cane has suffered damages, to wit: the failure of MSI to pay the sum of $6,597.456.62 (plus interest) that MSI owes for the sugar delivered by Fluxo-Cane (Stipulations 5, 10, MSI admission in Dock No. 39-2).

MSI asserts that it did not breach the contract because it has a claim of setoff.  MSI Mem. in Support at 5 (Docket No. 85-1).  However, this Court has already held in accordance with well-established precedents, that a claim of setoff is not an affirmative defense, but is instead a counterclaim.  Mem. Op. at 6 (Docket No. 67).  Accordingly, the claim of setoff is no defense to Count II of the Complaint, and summary judgment must be granted to Fluxo-Cane on the Complaint.

**V.      FLUXO-CANE IS ENTITLED TO DISMISSAL OF THE PERMISSIVE COUNTERCLAIM**

As MSI states in its motion, judgment in the English Action was in favor of MCA and MSI.  The English court therefore issued an order in favor of those parties.  However, that cannot help MSI in this action.  Rather, it confirms that MSI's permissive counterclaim in this action must be dismissed for the

reasons set forth in Fluxo-Cane's Motion to Dismiss, which is adopted and incorporated here. Fluxo-Cane's Mem. in Support (Docket No. 74-1).

As noted above, MSI's counterclaim is, in its entirety, a mere assertion of an unspecific right to setoff. MSI Answer at 5 (Docket No. 25). As set out in fuller detail in the Motion to Dismiss, that counterclaim failed to comply with Rule 8(a) by failing to set out any basis for relief, and failing to allege any basis for jurisdiction. A counterclaim limited to such an unsupported statement is not a sufficient pleading to sustain a claim. *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 455 F. Supp. 2d 399, 436 (D. Md. 2006).

In *Sensormatic*, the court rejected a virtually identical permissive counterclaim of setoff. *Id*. In that case, the defendant had offered an affirmative defense that "[the plaintiff's] claims against [defendant] are barred, in whole or in part, by the doctrine of setoff." *Id*. at 437. The court held that such a bald, unsupported statement "is insufficient to plead properly the affirmative defense of set-off in that it does not 'set up such an independent right in the defendant as will make his claim a proper matter of set-off." *Id*. Accordingly, the affirmative defense/counterclaim was dismissed. *Id*. The situation in this case is the same, and the result must also be the same.

As Fluxo-Cane has noted previously, the very same issues that MSI was seeking to raise, albeit improperly, were pending in the English Action. That court has since decided those issues, although Fluxo-Cane has been granted the right to appeal the most recent judgment.

Accordingly, there is nothing for this Court to decide with regard to the vague counterclaim of MSI, and it should be dismissed as moot.

## VI. MSI CANNOT AMEND ITS COUNTERCLAIM THROUGH A MOTION FOR SUMMARY JUDGMENT

Without expressly saying so, MSI nonetheless now appears to be attempting to amend its counterclaim. It is not seeking to litigate its right to a setoff again; rather, it is seeking to enforce the favorable judgment in the English Action before the English appeals court reconsiders the matter again. MSI Mem. in Support at 2 (Docket No. 85-1). In its motion memorandum, MSI identifies its claim as arising under diversity jurisdiction and states that it is brought under the Maryland Uniform Foreign Money-Judgments Recognition Act (the "FJRA"). *Id.*

However, as discussed at length in the Motion to Dismiss, a party cannot amend its pleadings through motions for summary judgment or responses to motions. *Cloaninger v. McDevitt*, 555 F.3d 324, 336 (4th Cir. 2009) ("We have previously held, along with the Fifth, Sixth, Seventh, and Eleventh Circuits, that a [party] may not raise new claims after discovery has begun without amending his complaint");[1] *Sensormatic.*, 455 F. Supp. at 436 ("A plaintiff may not amend its complaint through arguments at the summary judgment stage."); *White v. Potocska*, 589 F.Supp.2d 631, 641 (E.D. Va. 2008) (same).

In *Sensormatic*, the defendant made a counterclaim of "unjust enrichment," which it sought to explain in its response to a summary judgment motion as claims of overpayment. The court held that the Rules did not permit a party to amend its pleadings in such a way. *Sensormatic*, 455 F. Supp.at 435-36 ("A plaintiff may not amend its complaint through arguments at the summary judgment stage.").

---

[1] The cases to which the Fourth Circuit referred included *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) ("A plaintiff may not amend her complaint through argument in a brief opposing summary judgment."); and *Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996) ("plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment").

Similarly, in *White*, the counterclaimants made a number of contentions that could have supported claims in their responses to plaintiff's summary judgment motion. *Id*. However, because the counterclaimants did not amend their counterclaims to add those contentions, the court held that the issues were not properly before the court. *Id*., citing to *Shanahan*.

If MSI wishes to seek to enforce the decision from the English Action here, then it must file a claim pursuant to the FJRA. It has not done so, and therefore it certainly cannot be granted summary judgment on a claim not properly before this Court.

Finally, a FJRA claim raises issues significantly different than those raised in a claim of breach of contract and the permissive counterclaim of setoff. *See*, Md. Code Ann. Title 10, Subtitle 7. Those issues have not been raised in any pleading, and have not been briefed to this Court. If MSI wishes to adjudicate those issues, it should comply with the applicable rules and raise its new claim properly.

## VII. CONCLUSION

In summary, MSI's only defense to Count II of the complaint is its inchoate claim of setoff. However, that claim is not an affirmative defense. Accordingly, Fluxo-Cane, not MSI, is entitled to judgment on the Complaint as a matter of law.

MSI's permissive counterclaim of setoff was never properly raised. It is now moot. MSI cannot convert that counterclaim of setoff into a claim for enforcement of a foreign judgment. If MSI wishes to bring an action under the FJRA, it must do so in accordance with the Rules, which would enable Fluxo-Cane to seek relief allowed under the FJRA, and would allow this Court to review the issue on the basis of issues properly raised through the pleadings.

For the foregoing reasons, Fluxo-Cane respectfully requests that summary judgment be granted to Fluxo-Cane on Count II of the Amended Complaint, that the permissive counterclaim of setoff be dismissed, and that this Court grant such further relief as the interests of justice require.

We request a hearing on this matter as soon as possible so that any remaining issues may be addressed immediately before the Court.

Dated:  March 12, 2010

>Respectfully submitted,
>
>By: _____/s/_____
>H. Allen Black, III (No. 024542)
>WINSTON & STRAWN LLP
>1700 K Street, N.W.
>Washington, DC  20006
>hblack@winston.com
> (202) 282-5821
>(202) 282-5100 (Facsimile)
>
>*Counsel for Fluxo-Cane Overseas, Ltd.*

- 11 -

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Memorandum in Opposition to ED&F Man Sugar Inc.'s Motion for Summary Judgment on its Counterclaim of Set-off was served on this 15th day of March, 2010, on Anthony Ashton of DLA Piper, counsel of record for Defendant, by the Court's Electronic Filing System.

                                            /s/
                                    H. Allen Black