# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| FLUXO-CANE OVERSEAS LTD., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ED & F MAN SUGAR INC., et al., ) <br> ) <br> Defendants. ) <br> _____) | Case No.: 08-cv-356 (WDQ) |

## REPLY TO OPPOSITION TO ED & F MAN SUGAR INC.'S
## MOTION FOR SUMMARY JUDGMENT ON ITS COUNTERCLAIM OF SET-OFF

Defendant/Counter-Plaintiff ED & F Man Sugar Inc. ("Man") responds to the Memorandum in Opposition to Man's motion for summary judgment on its counterclaim of set-off filed by Plaintiff/Counter-Defendant Fluxo-Cane Overseas Ltd. ("Fluxo") and states:

### A.   There Are No Disputed Facts

As set forth in Man's motion for summary judgment, the High Court of Justice, Queen's Bench Division, Commercial Court, has entered judgment in favor of Man and against Fluxo in the amount of $6,611,952.83 – $14,495.21 more (in principal amount) than the sum Man allegedly owes Fluxo under the sugar-sale contract that is the basis of Fluxo's claim against Man. These facts warrant summary judgment in favor of Man on its set-off claim. Rule 56(e)(2) expressly provides that, in response to a motion for summary judgment, "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." FED. R. CIV. P. 56(e)(2). In the Opposition, Fluxo does not dispute

the facts set forth in Man's motion for summary judgment. To the contrary, Fluxo concedes, as it must, that: "Judgment in the English Action was rendered on February 11, 2010, in favor of MSI and MCA. The English court held that the equitable assignment by MCA to MSI of part of its claim against Fluxo-Cane was valid." Opposition at 2-3. Having conceded by page three of its Opposition all material facts requiring judgment as a matter of law enforcing Man's set-off right, the rest of Fluxo's brief is just noise.[1]

### B.     Man Does Not Seek Double Recovery

Man does not "cleverly seek[] for MSI a double-recovery . . . ." Opposition at 4-5. As Man has often stated, granting set-off of the English judgment against Fluxo's claim under the sugar-sale contract will satisfy the English judgment *pro tanto*. In other words, as a result of the set-off to which Man is entitled as a matter of law, Fluxo will be deemed to have satisfied the English judgment in the amount of $6,597,456.62—the amount Fluxo is seeking in this action. Man would be judicially estopped from seeking to collect that amount from Fluxo in any other action including the English action. The only portion of the English judgment still outstanding will be the sum of $14,495.21 (plus interest and costs), *i.e.*, the amount not satisfied by set-off in

---

[1] Fluxo argues without explanation that, because it has been judicially determined that Fluxo owes Man an amount large enough to set-off the entire amount that Fluxo seeks from Man, somehow Man's set-off right has become moot without Man having received the benefit of the set-off right grounded in the English High Court judgment. *See* Opposition at 7. That is obviously incorrect. The English judgment does not moot Man's set-off right; it confirms the set-off right. Man is not "seeking to litigate its right to a setoff *again*" (*id.* at 8 (emphasis added)) because Man has not litigated its set-off rights *before* in any other forum. What was litigated and decided in Man's favor in the English action (among other things) is Fluxo's $6,611,952.83 debt to Man—which serves as the basis for the set-off right asserted here. Fluxo also ignores this Court's prior rejection of Fluxo's argument for dismissal of Man's set-off claim. *See* September 23, 2009 Memorandum Opinion at 5-6; *see also County of Santa Clara v. Astra USA, Inc.*, 257 F.R.D. 207, 213-n.6 (N.D. Cal. 2009) ("If defendants are able to establish their claim in a timely fashion, the Court will consider amendment to allow them to assert it as a counterclaim or setoff in due course, assuming due diligence . . . In fact, amendment arguably *would not be necessary*. Defendants pled setoff as a *defense* to plaintiff's third-party beneficiary contract claim but not as a counterclaim.)" (citing FED. R. CIV. PRO. 8(c)) (emphasis added). The English judgment demonstrates that Man has established its claim in the timely fashion contemplated in the Court's ruling.

this action.[2] It follows that set-off will not result in any double recovery. Instead, as intended, set-off will extinguish the parties' mutual obligations dollar-for-dollar without the absurdity of passing funds back and forth. *See* February 24, 2009 Memorandum Opinion at 9. That is the purpose of set-off. If requested by Fluxo, Man will execute any suitable partial satisfaction of the English judgment reflecting the effect of the set-off in this action required by the English judgment.

### C.   There Was No Breach of Contract

Fluxo admits that to establish a cause of action for breach of the sugar contract, it must prove: (1) the existence of an agreement; (2) its own adequate performance; (3) breach of contract by the defendant; and (4) damages. Summary Judgment Memorandum at 4. The only alleged breach by Man is its failure to pay Fluxo $6,597,456.62—a payment to which Fluxo is not entitled because of Man's set-off right.[3] Accordingly, there has been no breach. Moreover, because the set-off will satisfy Fluxo's obligation to pay Man $6,597,456.62 of the $6,611,952.83 currently owed under the English judgment, Fluxo has suffered no damages.

---

[2]   Man is not seeking in this action the remaining $14,495.21 owed by Fluxo under the English action.

[3]   This Court already has found that the "[t]he sugar contract expressly incorporates the Domino Sugar Rules;" the Domino Rules permit set-off, and the payment clause of the sugar contract "does not bar set-offs." February 24, 2009 Memorandum Opinion at 7-8. Exercising lawful set-off rights cannot constitute a breach of contract. Accordingly, Fluxo's reliance on *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1 (1980), is misplaced. Here, Fluxo's breach-of-contract claim is intertwined with Man's set-off claim, *i.e.*, Fluxo's obligation to pay the English judgment necessarily extinguishes Man's alleged obligation to pay the balance due on the sugar-sale contract.

3

4

                                    /s/
Anthony P. Ashton (Fed. Bar No. 25220)
DLA Piper LLP (US)
6225 Smith Avenue
Baltimore, Maryland 21209-3600
(410) 580-3000
anthony.ashton@dlapiper.com

Stanley McDermott III
(admitted *pro hac vice*)
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, NY 10020-1104
(212) 335-4500
stanley.mcdermott@dlapiper.com

Attorneys for Defendant,
ED & F Man Sugar Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 18th day of March, 2010, copies of the Reply to Opposition to ED & F Man Sugar Inc.'s Motion for Summary Judgment on Its Counterclaim of Set-Off were sent, via electronic filing, to:

>H. Allen Black, III, Esquire
>Bryant E. Gardner, Esquire
>WINSTON & STRAWN LLP
>1700 K Street, N.W.
>Washington, DC 20006

_____/s/_____
Anthony P. Ashton