IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| Fluxo-Cane Overseas Ltd., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Case No. 08-cv-356 (WDQ) |
| E.D. & F. Man Sugar Inc., et al., ) | |
| ) | |
| Defendants. ) | |

**SURREPLY MEMORANDUM IN OPPOSITION TO
ED&F MAN SUGAR INC.'S MOTION FOR SUMMARY JUDGMENT
ON ITS COUNTERCLAIM OF SET-OFF**

Plaintiff Fluxo-Cane Overseas Ltd. ("Fluxo-Cane") requests leave of this Court to make the following brief surreply to the Reply to Opposition to ED&F Man Sugar, Inc.'s ("MSI's") Motion for Summary Judgment.

Surreplies may be permitted "when the moving party would be [otherwise] unable to contest matters presented to the court for the first time in the opposing party's reply." *Khoury v. Meserve*. 268 F. Supp. 2d 600, 605 (D. Md. 2003).  This Surreply is required because MSI has introduced in its Reply the contention that the Court has already held setoffs to be permitted under the sugar sale contract between the parties.  Reply at 3 n.3 (Docket No. 87)  That is, of course, incorrect.  The Court held that it could not grant summary judgment for either party on that issue.  Mem. Op. at 14-15 (Docket No. 50). While Fluxo-Cane maintains that the issue of setoff is irrelevant to the claim set out in the Complaint for the reasons detailed in its Opposition to MSI's motion, if this Court *were* to consider setoff in the

context of the Complaint, then that issue would present a genuine dispute of material fact, as well-documented in the Court's earlier Memorandum Opinion. Mem. Op. (Docket No. 50).

This surreply is also necessary because MSI's Reply introduced the argument that another court permitted a setoff claim to be used as a defense against a breach of contract claim; misrepresenting (and slightly mis-citing) *County of Santa Clara v. Astra USA, Inc*., 257 F.R.D. 207, 213 n.7 (N.D. Cal. 2008) to suggest that pleading requirements are irrelevant. Reply at 2 n.1 (Docket No. 87). MSI did so in the context of misconstruing Fluxo-Cane's earlier motion to dismiss and this Court's ruling on that motion.

Fluxo-Cane never contended that the counterclaim should be dismissed because it was improperly labeled as an affirmative defense; rather, Fluxo-Cane had pointed out that the counterclaim failed to allege either a basis of jurisdiction or any facts supporting a right to relief. Mem. in Support (Docket No. 74-1). In its memorandum opinion, this Court noted Rule 8(c)'s mandate that a counterclaim improperly labeled as an affirmative defense should not be dismissed on that basis, but did not consider whether the counterclaim had been adequately pled. Mem. Op. at 6 (Docket No. 67).

MSI cites to *County of Santa Clara* for the newly-raised proposition that pleading requirements are irrelevant. Reply at 2 n.1 (Docket No. 87). However, the footnote comment from that case about a counterclaim pled as a defense does not support MSI's argument. Instead, it shows the proper application of Rules 8(c), 8(a), and 56. Unlike MSI's bare claim that "Fluxo-Cane's claim is barred by the doctrine of set-off," the *County of Santa Clara* defendants' stated their claim of setoff as follows:

> Second Defense
>
> Should any damages be awarded against TAP, TAP is entitled to a set-off for the entire amount of all damages recovered by Plaintiffs and/or any member of the putative class, or an appropriate proportion of such damages, with respect to errors made by TAP in favor of the Plaintiffs or class members, improper diversion of pharmaceuticals, duplicate discounts or rebates, improper use of a group purchasing organization for the purchase of

> outpatient drugs, and/or any other failures by Plaintiffs or putative class members to meet the requirements of the PPA and PHS Act.

*County of Santa Clara v. Astra USA, Inc*, Case3:05-cv-03740-WHA (N.D. Cal.) Document 290, Jan. 21, 2009 (copy attached) ("PPA" referring to a "Pharmaceutical Pricing Agreement" and the "PHS Act" referring to the "Public Health Service Act of 1992"). Although improperly labeled as a defense, and therefore requiring the mercy of Rule 8(c), it satisfied the standards of Rule 8(a). MSI's claim does not.

Lastly, MSI misrepresented Fluxo-Cane's point that the permissive counterclaim of setoff is now moot. Reply at 2 n.1 (Docket No. 87). Simply put, MSI's claim of rights under the equitable assignment from MCA, although never properly pleaded here, was adjudicated by the English court (at least pending the results of the current appeal). Thus, MSI's prior arguments regarding its rights under the assignment are now moot. To say, as MSI does, that its current claim is the same claim of setoff is deceptive. A setoff can only be on the basis of a claim or judgment that is applied (or setoff) against a judgment for the other party. To the extent that MSI now wishes to raise a new counterclaim of setoff on the basis of a foreign judgment, it must properly raise that counterclaim, and Fluxo-Cane must be allowed its right to answer or move to dismiss such a counterclaim. MSI cannot be granted judgment on a new counterclaim it raises for the first time in a motion for summary judgment.

As previously requested, we ask for a hearing on this matter as soon as possible so that any remaining issues may be addressed immediately before the Court.

- 4 -

Dated:  March 19, 2010

                              Respectfully submitted,

                              By:  _____/s/_____
                              H. Allen Black, III (No. 024542)
                              WINSTON & STRAWN LLP
                              1700 K Street, N.W.
                              Washington, DC  20006
                              hblack@winston.com
                              (202) 282-5821
                              (202) 282-5100 (Facsimile)

                              *Counsel for Fluxo-Cane Overseas, Ltd.*

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Request for Surreply to Reply to Opposition to ED&F Man Sugar Inc.'s Motion for Summary Judgment on its Counterclaim of Set-off was served on this 19th day of March, 2010, on Anthony Ashton of DLA Piper, counsel of record for Defendant, by the Court's Electronic Filing System.

_____/s/_____
H. Allen Black
