```
          IN THE UNITED STATES DISTRICT COURT FOR
         THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                                *
FLUXO-CANE OVERSEAS, LTD.
                                *
     Plaintiff,
                                *
        v.
                                *
E.D. & F. MAN SUGAR, INC.,          CIVIL NO.:  WDQ-08-0356
et al.                          *

     Defendants.                *

                                *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Fluxo-Cane Overseas Ltd. ("Fluxo-Cane") sued E.D. & F. Man Sugar, Inc. ("Man Sugar") for breach of contract, conversion, and misappropriation of bills of lading and sugar cargo. Man Sugar filed a permissive counterclaim for set-off. For the following reasons, Fluxo-Cane's motions for summary judgment and for leave to file surreply will be granted, and its motions to dismiss and to vacate will be denied; Man Sugar's motion for summary judgment will be granted.

I.   Background

Man Sugar and E.D. & F. Man Commodity Advisers, Ltd. ("MCA") are subsidiaries of E.D. & F. Man Holdings, Ltd., a London-based group of commodities trading companies. Def. Cross. Mot. Summ. J. at 1. On February 1, 2005, Fluxo-Cane

entered into a commodities futures trading contract with MCA (the "futures contract"). *Id.* at Ex. A.

Before February 4, 2008, MCA terminated the futures contract, liquidated Fluxo-Cane's account, and determined its debt. Pl. Mot. Summ. J. Ex. 16. On February 4, 2008, MCA assigned a portion of that debt to Man Sugar. *Id.* That same day Man Sugar notified Fluxo-Cane that it would set off Man Sugar's sugar contract debt against Fluxo-Cane's debt assigned from MCA. *Id.* On February 7, 2008, Fluxo-Cane demanded payment on the sugar contract. Pl. Mot. Summ. J. Ex. 17, 18. Man Sugar refused. *Id.* On February 8, 2008, Fluxo-Cane filed this suit.[1] Paper No. 2. On December 3, 2009, Man Sugar requested an extension of time to respond to Fluxo-Cane's motions pending "the outcome of . . . a case between the parties now pending in the United Kingdom" (the "English Action"). Paper No. 76 at 1.[2]

---

[1] On February 24, 2009, the Court denied Fluxo-Cane's motion for summary judgment, and granted in part Man Sugar's motion for summary judgment. Papers Nos. 50, 51. On September 24, 2009, the Court denied Fluxo-Cane's motion to dismiss Man Sugar's set-off counterclaim. Paper No. 67. On October 28, 2009, the pretrial conference was held. On November 25, 2009, Fluxo-Cane filed motions for partial summary judgment on its breach of contract claim, Paper No. 73, and to dismiss Man Sugar's set-off counterclaim, Paper No. 74.

[2] Man Sugar argued that (1) the English trial would conclude on December 3, 2009 and a judgment would soon be entered; (2) the trial date in this case was selected "in part, to ensure that the English Action would be resolved beforehand"; and (3) the English trial would moot the dispositive motions pending here. *Id.* Man Sugar also argued that those motions were "duplicative"

On February 11, 2010, the High Court of Justice, Queen's Bench Division, Commercial Court (1) ruled that MCA had sustained a loss of $22,056,154.62 caused by Fluxo-Cane, (2) declared that MCA's assignments to Man Sugar of $6,611,952.83 of the debt owed by Fluxo-Cane to MCA was a valid equitable assignment, (3) entered judgment for MCA in the amount of $15,444,201.79 plus interest and costs against Fluxo-Cane and its guarantor, and (4) entered judgment for Man Sugar in the amount of $6,611,952.83 plus interest and costs against Fluxo-Cane.  Paper No. 85 at Ex. A ¶¶ 80-86, 90-101, Ex. B ¶¶ 1-3.

On February 23, 2010, Man Sugar moved for summary judgment on its set-off counterclaim, arguing in its memorandum that Fluxo-Cane's motions were moot following judgment in the English Action.  Paper No. 85.

II. Analysis

   A.   Fluxo-Cane's Motion to Dismiss the Set-Off
        Counterclaim

Fluxo-Cane argues that Man Sugar's set-off counterclaim should be dismissed for (1) failure to state a claim, (2)

---

of "issues previously addressed and decided by the Court."  *Id*.
On December 4, 2009, the Court extended time for Man Sugar to file responses "until 30 days following the judgment in the English Action" (the "Extension Order").  *See* Paper No. 78.  On December 9, 2009, Fluxo-Cane moved to vacate the Extension Order.  Paper No. 79.

improper venue, (3) lack of subject matter jurisdiction, and (4) failure to join a necessary party.  Paper No. 74 at 3-13.

This Court previously considered and rejected Fluxo-Cane's arguments that the counterclaim should be dismissed for failures to satisfy the pleading requirements of Rule 8(a) and to join MCA as a necessary and indispensable party.  *See* Paper No. 67 at 5-6, 8-10.  Because the English Action has established MCA's right to recover over $22 million from Fluxo-Cane and validated the assignment of $6,611,952.83 of that debt to Man Sugar, this Court need not decide any dispute between MCA and Fluxo-Cane to adjudicate Man Sugar's set-off counterclaim.  Further, there is no risk of double recovery, as Man Sugar has declared that a set-off of the debt under the sugar contract "will be deemed to have satisfied the English judgment[.]"  Paper No. 87 at 2.[3]  As there is no risk of double recovery by Man Sugar, and the Court may grant complete relief between Fluxo-Cane and Man Sugar, MCA is not a necessary party to the counterclaim.[4]

---

[3]   Man Sugar seeks to "extinguish the parties' mutual obligations dollar-for-dollar without the absurdity of passing funds back and forth," *id*. at 3, and notes that it "would be judicially estopped from seeking to collect [the amount of the set-off] from Fluxo[-Cane] in any other action, including the English [A]ction,"  Paper No. 87 at 2.

[4]   Because MCA is not a necessary party, Fluxo-Cane's argument that MCA's addition would defeat diversity jurisdiction must also fail.

Fluxo-Cane also argues for dismissal on the grounds of improper venue because the forum selection clause in the futures contract chose the courts of England, and Fluxo-Cane should not be required "to litigate identical issues and the identical claim[] simultaneously in two forums." Paper No. 74 at 7-8. But the issue litigated in the English Action--the validity of the assignment of debt from MCA to Man Sugar--was not whether set-off is permitted under the sugar contract. Thus, the forum selection clause in the futures contract does not preclude Man Sugar's counterclaim for set-off under the sugar contract.

Fluxo-Cane asserts that Man Sugar should not be permitted to amend its set-off theory by argument in its motion for summary judgment. Paper No. 74 at 5. To the extent Fluxo-Cane seeks to challenge the re-designation of Man Sugar's set-off defense as a counterclaim pursuant to Rule 8(c)(2), that issue has been considered and decided. *See* Paper No. 67 at 6.[5] Fluxo-Cane's motion to dismiss the set-off counterclaim will be denied.

---

[5] Although the cases cited by Fluxo-Cane recite the general rule that pleadings may not be amended through argument on summary judgment, none considered the exception for re-designation made in Rule 8(c)(2). *See Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 455 F. Supp. 2d 399, 435-36 (D. Md. 2006); *White v. Potocska*, 589 F. Supp. 2d 631, 641 (E.D. Va. 2008).

  B. Fluxo-Cane's Motion for Summary Judgment on its Breach of Contract Claim

   1. Standard of Review

Under Rule 56(c), summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In considering a motion for summary judgment, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id*. at 248.  The Court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in h[is] favor," *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002), but the Court also "must abide by the affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial," *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003).

2. Breach of Contract

To establish a claim for breach of contract, Fluxo-Cane must show (1) the existence of an agreement, (2) its own due performance of the contract, (3) breach of the contract by Man Sugar, and (4) damages resulting from the breach. *JP Morgan Chase v. J.H. Elec. of New York, Inc.*, 69 A.D.3d 802, 893 N.Y.S.2d 237, 239 (N.Y. App. Div. 2010).[6]  Here, it is undisputed that (1) the sugar contract existed, (2) Fluxo-Cane performed its obligations to deliver sugar, (3) Man Sugar failed to pay for a delivery of sugar under the contract, and (4) Man Sugar owes Fluxo Cane $6,597,456.62 for that unpaid delivery.

Fluxo-Cane has moved for summary judgment on its breach of contract claim, arguing that Man Sugar breached its undisputed obligation to pay under the sugar contract and that set-off is no defense because it is a counterclaim and not an affirmative defense.  Paper No. 86 at 6.  Man Sugar responds that there has been no breach of contract because (1) the exercise of its right to set-off under the contract does not constitute a breach; and (2) Fluxo-Cane has suffered no damage because the set-off

---

[6] Under Maryland choice of law rules, the principle of *lex loci contractus* applies the law of the state where the contract was made.  *Allstate Ins. Co. v. Hart*, 327 Md. 526, 611 A.2d 100, 101 (Md. 1992).  The sugar contract between Fluxo-Cane and Man Sugar was made in New York; thus, New York law applies.  *See* Paper No. 50 at 5.

satisfied Man Sugar's obligation to pay under the sugar contract. Paper No. 85 at 5; Paper No. 87 at 3.

Contrary to Man Sugar's arguments, "mutual liquidated debts do not cancel one another without mutual assent or judicial action, [thus] a debtor violates a legal duty if he or she fails to pay [a] debt when due, even though the creditor is indebted to the debtor in a larger liquidated amount." 15 Samuel Williston & Richard A. Lord, *A Treatise on the Law of Contracts* § 44:35 (4th ed. 2009). Because there has been no judicial action to establish the contractual right to set-off, Man Sugar breached its duty and caused damages by failing to pay Fluxo-Cane money due under the sugar contract. As the facts establishing breach of the sugar contract are undisputed, Fluxo-Cane's motion for summary judgment must be granted.

    C.    Man Sugar's Motion for Partial Summary Judgment on its Set-Off Counterclaim

        1.    Set-off Under the Sugar Contract

To grant Man Sugar's counterclaim for set-off, this Court must determine that (1) set-off is permitted under the sugar contract, and (2) the requirements for set-off[7] have been met.

---

[7] Set-off is appropriate only when the debts between parties are liquid and mutual. *Willet v. Lincolnshire Mgmt., Inc.*, 302 A.D.2d 271, 756 N.Y.S. 2d 9, 10 (N.Y. App. Div. 2003); *see also Westinghouse Credit Corp. v. D'Urso*, 278 F.3d 138 (2d Cir. 2002). "Debts are mutual when they are due to and from the same persons in the same capacity." *D'Urso*, 278 F.3d at 149.

*See* Paper No. 50 at 5-12.  In its February 24, 2009 Memorandum Opinion, this court denied cross-motions for summary judgment because the sugar contract was ambiguous about whether it permitted set-off, and the trier of fact needed to weigh the extrinsic evidence of course-of-dealings.  *Id*. at 5-9, 15.  That opinion also held that there were questions of fact--about the existence of a trust relationship between MCA and Man Sugar[8] and the validity of the assignment from MCA to Man Sugar--which precluded a finding that the requirements for set-off had been met.  *Id*. at 10-12.[9]

Judgment in the English Action established that Fluxo-Cane owes Man Sugar $6,611,952.83 under a valid assignment from MCA to Man Sugar,[10] and the parties agree[11] that Man Sugar owes Fluxo-Cane $6,597,456.62.  But questions remain regarding the existence of a trust relationship between MCA and Man Sugar and

---

[8]  Debts are not mutual when one party's debt is based on a trust relationship with a third party.  *D'Urso*, 278 F.3d at 149.

[9]  Fluxo-Cane has requested leave to file a surreply to address new argument made in Man Sugar's reply.  Paper No. 88 at 1.  Surreply is permitted "when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply."  *Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003).  As there is no opposition and Fluxo-Cane contends that new arguments were raised in the reply, leave to file surreply will be granted.

[10]  Establishing the validity of the assignment does not concurrently establish the right to set-off under the sugar contract.

[11]  Paper No. 50 at 9.

whether the sugar contract permits set-off. Accordingly, summary judgment on the counterclaim for set-off under the sugar contract must be denied.

        2.   Equitable Set-Off

Even though a contractual right to set-off has not been established, this Court may offset mutual debts owed between the same parties under principles of equity. *See Norwalk Cove Marina, Inc. v. S/V Odysseus*, 64 Fed. Appx. 319, 321 (2d 2003). It is undisputed that Man Sugar owes Fluxo-Cane $6,597,456.62 under the sugar contract. It is also undisputed that, following judgment in the English Action, Fluxo-Cane owes Man Sugar $6,611,952.83. Because Man Sugar is not seeking to recover the $14,495.21 difference owed by Fluxo-Cane,[12] equitable set-off will extinguish the parties' mutual obligations without the absurdity of passing money back-and-forth.

        D.   Fluxo-Cane's Motion to Vacate

Fluxo-Cane has moved to vacate the Extension Order, which allowed Man Sugar to delay responding to Fluxo-Cane's dispositive motions until after judgment in the English Action. Paper No. 79. As Man Sugar filed its responses following the English court's decision, *see* Paper Nos. 85 & 87, this motion will be denied as moot.

---

[12] Paper No. 87 at 3 n.2.

III. Conclusion

For the reasons stated above, Fluxo-Cane's motions to dismiss the counterclaim and to vacate the Extension Order will be denied, and its motions for summary judgment on the breach of contract claim and for leave to file surreply will be granted; Man Sugar's motion for summary judgment on its counterclaim will be granted.


June 15, 2010                           _____/s/_____
Date                                    William D. Quarles, Jr.
                                        United States District Judge