**DLA PIPER**

DLA Piper LLP (US)
The Marbury Building
6225 Smith Avenue
Baltimore, Maryland 21209-3600
www.dlapiper.com

Anthony P. Ashton
anthony.ashton@dlapiper.com
T  410.580.4106
F  410.580.3106

June 22, 2010

*VIA ELECTRONIC FILING*

The Honorable William D. Quarles, Jr.
United States District Judge
United States District Court for the District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

  Re: ***Fluxo-Cane Overseas, Ltd. v. ED & F Man Sugar, Inc.***
     **Civil No. WDQ-08-0356**
     **Status Report**

Dear Judge Quarles:

  We are counsel for ED & F Man Sugar, Inc. ("Man") and refer to yesterday's letter from Your Honor, requesting a status report. In the light of this Court's June 15, 2010 decision, there is no longer any case or controversy. The order granting Man summary judgment on its counterclaim precludes any relief in favor of plaintiff Fluxo-Cane. This Court should therefore enter a final judgment dismissing the action with prejudice, and the clerk should mark the action closed.

  Although Fluxo-Cane claims that it plans to appeal the final judgment entered against it in the High Court in London, it is not at all clear that the Court of Appeal in London will permit it to do so. To preserve its right of appeal, Fluxo-Cane has been ordered to furnish costs security in the sum of £100,000 on or before July 2, 2010, and it has not done so. Should Fluxo-Cane not do so, then the Court of Appeal will have grounds to strike its appeal. Man has also asked the Court of Appeal to strike Fluxo-Cane's appeal due to other court order(s) ruling Fluxo-Cane in contempt. (*See* attached correspondence (a series of three letters each dated June 21, 2010).) Man's application to strike the appeal should be decided by the Court of Appeal shortly after July 2, 2010 in the event the Court does not otherwise strike the appeal.

  Regardless, there is no reason for this Court to defer entering a final judgment in the action here based on what happens in London. "The established rule in the federal courts is that a final judgment [and the English judgment is a final judgment] retains all of its *res judicata* consequences pending decision of the appeal." *Warwick Corp. v. Maryland Dept. of Transp.*, 573 F. Supp. 1011, 1014 (D.C. Md. 1983) (citing Wright & Miller, *Federal Practice and Procedure*, § 4433 at 308 (1981); *see also* Md. Code, Cts. & Jud. Proc. § 10-702. (The



Maryland Uniform Foreign Money-Judgments Recognition Act "applies to a foreign judgment that is final, conclusive, and enforceable where rendered even though an appeal is pending or it is subject to appeal."); *Andes v. Versant Corp.*, 878 F.2d 147, 149 (4th Cir. 1989) ("The Act requires the Maryland courts to give a foreign money judgment no lesser effect than it would have in the rendering nation; it does not restrict a Maryland court from giving greater effect to a foreign nation judgment, and it would be expected to do so when giving it greater effect would be consistent with generally accepted notions of American substantive law."). There is also no stay preventing the execution of the English judgment, which is further reason why this Court should enter final judgment dismissing the action here.

Respectfully,

Anthony P. Ashton
On behalf of ED & F Man Sugar, Inc.

Enclosures

cc: H. Allen Black III, Esquire



51 Eastcheap
London EC3M 1JP
United Kingdom
Telephone: +44 (0) 20 7623 1244
Facsimile: +44 (0) 20 7623 5427
DX: 1071 London/City
www.clydeco.com

Civil Appeals Office Registry
Room E307
Royal Courts of Justice
Strand, London
WC2A 2LL

Attn:   Mr A. Lee

**BY HAND**

| Our ref | Your ref | Date |
|---|---|---|
| JDW/0800645 | | 21 June 2010 |

Dear Sirs

**(1) ED&F Man Commodity Advisers Limited (2) ED&F Man Sugar Inc. v (1) Fluxo-Cane Overseas Limited & (2) S/A Fluxo-Comercio E Assessoria Internacional**
**Appeal No: A3/2010/0713(A)**

We refer to our letter of 10 June 2010, a copy of which is enclosed for your easy reference. We also attach, again for convenience purposes, the letter from Hill Dickinson to the Civil Appeals Office dated 10 June 2010 and the Order of the Court of Appeal dated 25 May 2010 ("the Order"). Finally we attach the Order of Mr Justice Tomlinson dated 16 June 2010 to which we will refer below.

Under paragraph 1 of the Order, the Appellants were required to provide security for the judgment sums. By the terms of the Order, unless such security was provided by 11 June 2010 the stay would be set aside. No security has been provided nor indeed proposed and accordingly the stay is now set aside. Although this is clearly the effect of the Order, it would be very much appreciated if the Court were able to provide us with an order expressly stating that the stay has been lifted. This is needed for our registration and enforcement actions in the United States and Brazil where evidence may be required to demonstrate that the conditions of the stay, by the required deadline, have not been met.

Under paragraph 2 of the Order, the Respondents are entitled to security for costs of appeal in the sum of £100,000. The Order provided "*unless security in a form acceptable to the Respondents or, in the event of dispute, approved by the Court, is provided by 11 June 2010, the appeal will be struck out*". No security was provided by 11 June or indeed proposed. However, on 10 June 2010, Hill Dickinson wrote to the Civil Appeals Office seeking an extension of time. This was done pursuant to paragraph 3 of the Order which states "*the parties have liberty to apply in writing, on notice, to vary the date for provision of security*". In their letter of 10 June 2010 Hill Dickinson, on behalf of their clients, set out the grounds on which they sought to justify an extension of time until 2nd July. It was stated by Hill Dickinson that "*We are instructed that the [Banque Cantonale Vaudoise, Lausanne, Switzerland] has consented in principle to provide its guarantee, albeit, of course, that its terms will need to be*

0800645 19256346.1
INTERNATIONAL LAW FIRM  (Clyde & Co LLP offices and associated * offices)
ABU DHABI  BANGALORE*  BELGRADE*  CARACAS  DAR ES SALAAM*  DOHA  DUBAI  GUILDFORD  HONG KONG  LONDON  MOSCOW  MUMBAI*  NANTES
NEW JERSEY  NEW YORK  PARIS  PIRAEUS  RIO DE JANEIRO  RIYADH*  SAN FRANCISCO  SHANGHAI  SINGAPORE  ST PETERSBURG*

Clyde & Co LLP is a limited liability partnership registered in England and Wales under number OC326539. A list of members is available for inspection at its registered office 51 Eastcheap, London EC3M 1JP.
Clyde & Co LLP uses the word "partner" to refer to a member of the LLP, or an employee or consultant with equivalent standing and qualifications. Regulated by the Solicitors Regulation Authority.

# CLYDE&CO

*finalised*". We responded to that letter on 10 June 2010. We do not wish to repeat in this letter the submissions set out in our letter of 10 June 2010 (which is attached) but would like to update the Court on current developments of which there are two.

1. First, we have still not been provided with the first draft of any proposed guarantee nor have we been informed when the draft is to be expected. We have still not received confirmation from Hill Dickinson that Banque Cantonale Vaudiose (BCV) in Lausanne, Switzerland will in fact provide this guarantee. In our letter of 10 June 2010 we suggested the draft wording be provided forthwith with a view to this being agreed by Wednesday 16 June 2010. No response was received. We also have concerns that BCV is outside this jurisdiction.

2. Second, following the hearing on 16 June 2010 before Mr Justice Tomlinson in the Commercial Court, the Appellants have been found guilty of 8 counts of contempt of which 6 counts remain to be purged. The Order of Mr Justice Tomlinson is attached. The Appellants have been aware of our client's contempt application since 22 April. In this Judgment (which will be provided as soon as it is transcribed) Mr Justice Tomlinson described the Appellant's conduct and failure to comply with Orders of the Court as "deliberate and cynical".

Taking into account the delay in providing the security, the delay in advancing matters so that security can be agreed and the finding of contempt by Mr Justice Tomlinson, it is our submission that the Appellants be struck out from their appeal. For the purpose of enforcement it is important particularly in Brazil where the Appellants' assets are located, that an unappealable judgment has been obtained. There is therefore a practical and immediate purpose for which the Respondents require an order from the Court dismissing the appeal. The Defendants' conduct is clearly unconscionable and they are operating effectively to debar the Respondents from legitimate remedies of enforcement which they are now entitled to pursue by reason of the lifting of the stay of their unsatisfied Judgment.

If the Court is not minded to grant a dismissal of the appeal, we respectfully request that the Court make a final unless order requiring the Appellants to provide security within seven days and to purge the six counts of contempt set out in paragraphs 1, 2, 4, 5, 6 and 7 of the Order of Mr Justice Tomlinson dated 16 June 2010 and to make payment of costs of £32,500 as reflected in that Order. As we have said, there is a real practical purpose behind our application in that the Respondents wish to pursue their legitimate remedies of enforcement. They also require some certainty to demonstrate to the foreign courts that the appeal has been dismissed and that the Judgment of Mr Justice Steel is unappealable. We would be very grateful if you could please consider this matter urgently.

Yours faithfully

*Clyde & Co LLP*

Clyde & Co LLP

**FILE COPY**

Civil Appeals Office
Royal Courts of Justice
Strand
London
WC2A 2LL

DX 44450 STRAND

T 020 7 9476646
F 020 7 9476736

**RNID Typetalk**
18001 (Text)  18002 (Voice)
(Helplines for the deaf and hard of hearing)

www.civilappeals.gov.uk

www.hmcourts-service.gov.uk

Messrs Hill Dickinson Llp
London/City

Our ref: A3/2010/0713(B)

21 June 2010

Your ref: AM/SEL/MP04626-2

Dear Sirs

**Re: ED&F Man Commodity Advisers Limited & anr v Fluxo-Cane Overseas Limited & ors**

We write further to your letter of 10th June 2010 which was referred to Lord Justice Stanley Burnton who has directed that paragraph 2 of our order dated 24th May 2010 be extended until the **2nd July 2010**.

Please could the Respondent inform us by **10am 5th July 2010** whether the above has or has not been complied with.

Yours faithfully

Miss Anne Billinge
Case Management Section A
civilappeals.cmsa@hmcourts-service.gsi.gov.uk
cc: Messrs Clyde & Co   Anf/Jdw/0800645


INVESTOR IN PEOPLE

Blank letter.doc js 11/08/08



51 Eastcheap
London EC3M 1JP
United Kingdom
Telephone: +44 (0) 20 7623 1244
Facsimile: +44 (0) 20 7623 5427
DX: 1071 London/City
www.clydeco.com

Civil Appeals Office Registry
Room E307
Royal Courts of Justice
Strand, London
WC2A 2LL

Attn: Mr A. Lee

**BY HAND AND BY EMAIL**

| Our ref | Your ref | Date |
|---|---|---|
| TMP/JDW/0800645 | | 21 June 2010 |

Dear Sirs

**(1) ED&F Man Commodity Advisers Limited (2) ED&F Man Sugar Inc. v (1) Fluxo-Cane Overseas Limited & (2) S/A Fluxo-Comercio E Assessoria Internacional**
**Appeal No: A3/2010/0713(A)**

We refer your letter to the parties, which crossed with our first letter of today.

We note that the Court has granted an extension to the Appellants for provision of security for costs until 2 July 2010. For the reasons set out in our earlier letter, we should be grateful if the Court would confirm that this is a final Order.

For the same reasons, we also request the Court to further order that the Appeal should be struck out on 2 July 2010 should the Appellants fail to purge by that date each of the contempts of Court set out in the Order of Mr Justice Tomlinson dated 16 June 2010, and pay the awarded costs of £32,000.

Yours faithfully

*Clyde & Co LLP*
Clyde & Co LLP

0800645 19272624.1
INTERNATIONAL LAW FIRM (Clyde & Co LLP offices and associated * offices)
ABU DHABI  BANGALORE*  BELGRADE*  CARACAS  DAR ES SALAAM*  DOHA  DUBAI  GUILDFORD  HONG KONG  LONDON  MOSCOW  MUMBAI*  NANTES
NEW JERSEY  NEW YORK  PARIS  PIRAEUS  RIO DE JANEIRO  RIYADH*  SAN FRANCISCO  SHANGHAI  SINGAPORE  ST PETERSBURG*

Clyde & Co LLP is a limited liability partnership registered in England and Wales under number OC326539. A list of members is available for inspection at its registered office 51 Eastcheap, London EC3M 1JP.
Clyde & Co LLP uses the word "partner" to refer to a member of the LLP, or an employee or consultant with equivalent standing and qualifications. Regulated by the Solicitors Regulation Authority.