# WINSTON & STRAWN LLP

SUITE 718, CHINA WORLD OFFICE 1
1 JIANGUOMENWAI AVENUE
BEIJING 100004, CHINA

214 NORTH TRYON STREET
CHARLOTTE, NORTH CAROLINA 28202-1078

35 WEST WACKER DRIVE
CHICAGO, ILLINOIS 60601-9703

43 RUE DU RHÔNE
1204 GENEVA, SWITZERLAND

GLOUCESTER TOWER
11TH FLOOR
THE LANDMARK
15 QUEEN'S ROAD CENTRAL
HONG KONG, CHINA

99 GRESHAM STREET
LONDON, EC2V 7NG, UK

1700 K STREET, N.W.
WASHINGTON, D.C. 20006-3817

+1 (202) 282-5000

FACSIMILE +1 (202) 282-5100

www.winston.com

333 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-1543

SUITE A350, 4 STASOVOY STREET
MOSCOW, 119071, RUSSIAN FEDERATION

200 PARK AVENUE
NEW YORK, NEW YORK 10166-4193

ONE RIVERFRONT PLAZA, SUITE 730
NEWARK, NEW JERSEY 07102-5401

25 AVENUE MARCEAU, CS 31621
75773 PARIS CEDEX 16, FRANCE

101 CALIFORNIA STREET
SAN FRANCISCO, CALIFORNIA 94111-5802

UNITS 3105-3106, SHANGHAI KERRY CENTRE
1515 NANJING ROAD WEST
JINGAN, SHANGHAI 200040, CHINA

H. ALLEN BLACK III
Partner
+(202) 282 5821
hblack@winston.com

June 22, 2010

**VIA ELECTRONIC FILING AND EMAIL**

The Honorable William D. Quarles, Jr.
United States District Judge
United States District Court for the District of Maryland
101 West Lombard Street
Baltimore, Maryland  21201

> **Re:**  *Fluxo-Cane Overseas, Ltd. v. E.D. & F. Man Sugar, Inc.*
> Civil No. WDQ-08-0356
> Status Report

Dear Judge Quarles:

      This is to respond to Your Honor's letter of June 21, 2010 (Docket No. 91).  You have asked the parties to provide a status report on claims still pending after the Court's June 15, 2010 Order.  While we had hoped to provide a joint report, apparently that was not possible.[1]

      Fluxo-Cane Overseas, Ltd. ("Fluxo-Cane") notes that the claims raised by its Complaint are decided and are ready for entry of judgment for the amount outstanding and unpaid by Man Sugar ($6,597,456.62) plus prejudgment interest in accordance with New York law (as applicable under the Contract) (pursuant to NY CLS CPLR § 5001) at the New York statutory rate of 9% per annum (NY CLS CPLR § 5004) from the date on which payment was due (January 30, 2008) through the date of the final order on the Complaint (assuming that the

---

[1] Counsel had agreed in a phone conversation this morning to provide a joint report.  We had been waiting for some time for a response from Mr. Ashton on a third proposed draft when we received electronic notice of unilateral letter shortly before 5:00 pm.  Upon review, we see that it contained legal argument to which the concise response which follows was regrettably necessary.

The Honorable William D. Quarles, Jr.
June 22, 2010
Page 2

final order issues on or about July 1, 2010, that amount would be $1,385,465.10, for a total amount due of $7,982,921.72).

With regard to the counterclaim of E.D. & F. Man Sugar, Inc. ("MSI"), the U.K. Court of Appeals has granted Fluxo-Cane the right to appeal the decision from the U.K. Commercial Court on which this Court's judgment on Man Sugar's counterclaim was based. Leaving aside the irrelevant ad hominem correspondence from MSI's U.K. counsel, Mr. Ashton confirms that the matter is now pending before the U.K. Court of Appeals.

Although Mr. Ashton urges this Court to enter a final judgment on MSI's counterclaim while the ultimate resolution of the dispute remains before the U.K. Court of Appeals, he neglects to call this Court's attention to the applicable sections of Maryland law that state that such an course would be contrary to the Maryland Uniform Foreign Money-Judgments Recognition Act (the "Act").  See Md. Code, Cts & Jud. Proc. §§ 10-706, 11-804.[2]

Section 10-706 of the Act provides that "if a Defendant satisfies the court either that an appeal is pending or that he is entitled to appeal from the foreign judgment, the court may stay the proceedings until the appeal has been determined or until the expiration of a period of time sufficient to enable the defendant to prosecute the appeal."  Section 11-804 makes a stay mandatory if the appealing party has furnished security as required by the state where the judgment was rendered.  Fluxo-Cane is in the process of providing the security required by the U.K. Court of Appeals.  Accordingly, this Court should stay further proceedings on the counterclaim until such time as the pending U.K. appeal is concluded or dismissed.

Because the judgment on which MSI's counterclaim relies is still in dispute in the U.K. courts, entry of judgment on the counterclaim would be premature, and Fluxo-Cane requests that further action on the counterclaim be stayed until such time as the dispute is finally resolved in the U.K. courts, pursuant to Sections 10-706 and 11-804.

---

[2] Mr. Ashton's reference to Section 10-702 of the Act is inapposite.  That Section allows a claim to be brought under the Act based on a final judgment from a foreign trial court.  Fluxo-Cane has not disputed that MSI could bring a claim on the judgment from the U.K Commercial Court, although it previously questioned whether a counterclaim limited to non-specific assertion of a right to set-off constituted such a claim.

The references to *Warwick Corp. v. Maryland Dept. of Transp.*, 573 F. Supp. 1011 (D.Md. 1983) and *Andes v. Versant Corp.*, 878 F.2d 147 (4th Cir. 1989) are similarly off-target.  In *Warwick*, a party attempted to avoid an adverse decision in state court by bringing the same claim in federal court and the federal court held that the claim was barred by *res judicata* even though the state court action was under appeal.  The court reasoned that to hold otherwise would allow litigants to refile identical claims in another court while an appeal was pending.  *Id*. at 1014.

In *Andes*, the Fourth Circuit Court of Appeals held that a Maryland court would not be bound by the English rule of preclusion in an action against a secondary debtor guarantor.  Neither case undermines the Act's clear statement regarding the customary granting of a stay of enforcement of a foreign judgment while that judgment remains on appeal.

The Honorable William D. Quarles, Jr.
June 22, 2010
Page 3

       The fact that the counterclaim must remain pending while the matter is under appeal in the U.K. courts does not preclude this Court from entering final judgment on Fluxo-Cane's claim. Indeed, Rule 54(b) expressly permits entry of final judgment as to one or more, but fewer than all, claims; as long as the court finds no just reason for delay.

       This case presents no just reason for delay. As this Court found in its Order of June 15, 2010, MSI has owed Fluxo-Cane over six and a half million dollars since January 2008; indeed since even before MSI brought any claim in the U.K. courts. Mr. Ashton's letter conceded that the U.K. court has already addressed MSI's requests for security. Further delay of judgment on Fluxo-Cane's claims would be both unnecessary and unjust.

Respectfully submitted;

On behalf of Fluxo-Cane Overseas, Ltd.

-- /s/ --

H. Allen Black III
Winston & Strawn, LLP