**DLA PIPER**

DLA Piper LLP (US)
The Marbury Building
6225 Smith Avenue
Baltimore, Maryland  21209-3600
www.dlapiper.com

Anthony P. Ashton
anthony.ashton@dlapiper.com
T  410.580.4106
F  410.580.3106

June 24, 2010

*VIA ELECTRONIC FILING*

The Honorable William D. Quarles, Jr.
United States District Judge
United States District Court for the District of Maryland
101 West Lombard Street
Baltimore, Maryland  21201

    Re:    ***Fluxo-Cane Overseas, Ltd. v. ED & F Man Sugar, Inc.***
            **Civil No. WDQ-08-0356**
            **Status Report**

Dear Judge Quarles:

    ED & F Man Sugar, Inc. ("Man") regrets taking up more of Your Honor's time, but believes it should address counsel's June 22, 2010 letter on behalf of Fluxo-Cane Overseas, Ltd. ("Fluxo-Cane"). First, as Your Honor is aware, there is no *pending* counterclaim in this matter, as the Court has granted summary judgment in Man's favor on Man's counterclaim. Thus, there is no counterclaim to stay, much less any reason for the Court to defer entering a final judgment dismissing the action. Indeed, the very purpose and effect of the Court's recent order is to *extinguish* the parties' claims *inter sese*, not give Fluxo-Cane further opportunity to try to insulate its breach-of-contract claim from Man's counterclaim. That is precisely what Your Honor's ruling precludes.

    Second, while the Maryland Uniform Foreign Money-Judgments Recognition Act ("Act") is analogous, it is *not* the basis of Man's counterclaim or this Court's ruling (and is not even mentioned in the ruling). This Court's ruling is grounded in Fluxo-Cane's adjudicated liability in the English judgment, the entry of which Fluxo-Cane does not dispute. That judgment validates the assignment to Man of the debt now equitably set off against Fluxo-Cane's contract damages. Nothing in Your Honor's ruling suggests that Man would be required to enforce the English judgment under the Act to perfect its set-off defense, the more so when Fluxo-Cane does not dispute the existence of the English judgment.

    Third, although the Act is not at issue, Fluxo-Cane would have no basis for relying on it anyway. Fluxo-Cane is not "in the process of providing the security required by the U.K. Court of Appeals" within the meaning of Section 11-804. That section concerns the satisfaction or execution of a judgment—matters not relevant here. Moreover, it permits a court to stay the enforcement of a final overseas judgment (*i.e.*, for execution purposes) only when the judgment debtor "[p]roves that the judgment debtor has furnished the security for the ***satisfaction of the***



The Honorable William D. Quarles, Jr.
June 24, 2010
Page Two

*judgment* required by the state in which it was rendered." (Emphasis added). Fluxo-Cane has not given the slightest indication it will secure the $20+ million English judgment. The £100,000 it has been ordered to pay is security only for the appellees' legal costs on appeal.

Because this Court has ruled dispositively on all pending claims and counterclaims, the Court should enter final judgment and the Clerk should close the matter.

We appreciate Your Honor's time and attention.

Respectfully,

Anthony P. Ashton
On behalf of ED & F Man Sugar, Inc.

cc: H. Allen Black III, Esquire