# WINSTON & STRAWN LLP

<div style="display:flex;justify-content:space-between;">

SUITE 718, CHINA WORLD OFFICE 1
1 JIANGUOMENWAI AVENUE
BEIJING 100004, CHINA

214 NORTH TRYON STREET
CHARLOTTE, NORTH CAROLINA 28202-1078

35 WEST WACKER DRIVE
CHICAGO, ILLINOIS 60601-9703

43 RUE DU RHÔNE
1204 GENEVA, SWITZERLAND

GLOUCESTER TOWER
11TH FLOOR
THE LANDMARK
15 QUEEN'S ROAD CENTRAL
HONG KONG, CHINA

99 GRESHAM STREET
LONDON, EC2V 7NG, UK

1700 K STREET, N.W.
WASHINGTON, D.C. 20006-3817

+1 (202) 282-5000

FACSIMILE +1 (202) 282-5100

www.winston.com

333 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-1543

SUITE A350, 4 STASOVOY STREET
MOSCOW, 119071, RUSSIAN FEDERATION

200 PARK AVENUE
NEW YORK, NEW YORK 10166-4193

ONE RIVERFRONT PLAZA, SUITE 730
NEWARK, NEW JERSEY 07102-5401

25 AVENUE MARCEAU, CS 31621
75773 PARIS CEDEX 16, FRANCE

101 CALIFORNIA STREET
SAN FRANCISCO, CALIFORNIA 94111-5802

UNITS 3105-3106, SHANGHAI KERRY CENTRE
1515 NANJING ROAD WEST
JINGAN, SHANGHAI 200040, CHINA

</div>

H. ALLEN BLACK III
Partner
+(202) 282 5821
hblack@winston.com

June 25, 2010

## VIA ELECTRONIC FILING AND EMAIL

The Honorable William D. Quarles, Jr.
United States District Judge
United States District Court for the District of Maryland
101 West Lombard Street
Baltimore, Maryland  21201

**Re:**  *Fluxo-Cane Overseas, Ltd. v. E.D. & F. Man Sugar, Inc.*
Civil No. WDQ-08-0356
Status Report; Response to E.D. & F. Man Sugar, Inc.'s Letter of June 24, 2010.

Dear Judge Quarles:

Your Honor's letter of June 21, 2010 (Docket No. 91) directed the parties to provide a status report on claims still pending after the Court's June 15, 2010 Order.  As suggested by the correspondence of the last few days, the counterclaim of E.D. & F. Man Sugar, Inc. ("Man Sugar") remains in dispute.  As we originally proposed to Mr. Ashton, we have set out that dispute in a Motion for Reconsideration being filed concurrently with this letter.

With regard to Fluxo-Cane's claim, despite Man Sugar's most recent letter, the Court has already held (twice) that Man Sugar's claim of setoff is not a defense to that claim, but an independent counterclaim.  As a consequence, the judgment on that claim should now be certified pursuant to Rule 54(b), notwithstanding the pending permissive counterclaim.  *See, e.g.*

The Honorable William D. Quarles, Jr.
June 25, 2010
Page 2


*Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7 (1980); *see also* discussion in Fluxo-Cane's Mem. in Opp. at 3-4 (Docket No. 86).[1]

We address Man Sugar's new disavowal of the Maryland Uniform Enforcement of Judgments Act (the "Act"), as well as its misunderstanding of the Act, in the Motion. However, we note that Man Sugar has already conceded that the pending U.K. appeal will either be stricken or allowed to go forward by July 5, 2010.

In any case, we note that Fluxo-Cane has been waiting for well over two years for payment on the sugar contract, to which this Court has finally found Fluxo-Cane to have been entitled. Fluxo-Cane has previously shown to this Court the hardship imposed by the prolonged denial of those funds through the tactics of Man Sugar.

On the other hand, there is no need to further delay this matter on Man Sugar's account. Man Sugar has made no claim of hardship. To the contrary, Man Sugar has shown that the U.K. forum is fully seized of the main dispute between the parties, and can grant any relief or security it deems necessary.

So, in response to this Court's original question, we submit that (a) the claim of Fluxo-Cane has been resolved and is ready for entry of judgment; and (b) the claim of Man Sugar remains subject to the resolution of certain issues, which will either become moot shortly after July 5, 2010, or require the stay of Man Sugar's claim pending resolution of the U.K. Appeal.


Respectfully submitted;

On behalf of Fluxo-Cane Overseas, Ltd.

-- /s/ --

H. Allen Black III
Winston & Strawn, LLP

Cc: Anthony P. Ashton, Esquire

---

[1] Also, the effect of the Court's recent Opinion and Order of June 15, 2010 could not in any case be to extinguish the parties claims *inter sese*, as argued by Mr. Ashton. As noted in our letter of June 22, 2010, Fluxo-Cane is entitled to pre-judgment interest as a matter of right; therefore its recovery under its claim is $7,982,921.72. This Court found that Man Sugar's claim under its assignment from E.D. & F. Commodity Advisors, Ltd. is $6,611,952.83. That would leave a difference payable by Man Sugar to Fluxo-Cane of $1,370,968.89, even if judgment on Man Sugar's counterclaim was proper.