IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Fluxo-Cane Overseas Ltd., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Case No. 08-cv-356 (WDQ) |
| E.D. & F. Man Sugar Inc., et al., ) | |
| ) | |
| Defendants. ) | |

REPLY MEMORANDUM
OF FLUXO-CANE OVERSEAS LTD.
ON
MOTION FOR RECONSIDERATION OF SUMMARY JUDGMENT ON
COUNTERCLAIM OF E.D. & F. MAN SUGAR, INC.

Plaintiff Fluxo-Cane Overseas Ltd. ("Fluxo-Cane") makes the following brief Reply to the Opposition of E.D. & F. Man Sugar ("Man Sugar") to the pending Motion for Reconsideration.

1. This Court has granted judgment to Fluxo-Cane on its Complaint. Man Sugar's counterclaim is not related to the Complaint. Man Sugar has not challenged that judgment in favor of Fluxo-Cane. Accordingly, final judgment should be entered on the Complaint in favor of Fluxo-Cane. Man Sugar's assertion that the action should be "dismissed" ignores this Court's ruling of June 15, 2010, and is nonsensical.

2. Fluxo-Cane's appeal in the U.K. Court of Appeals is going forward, contrary to the assertion of Man Sugar. We are informed that the wording of the necessary security was agreed between the parties, and the U.K. Court of Appeals has allowed additional time for the delivery of the

required instruments.  Accordingly, the ultimate resolution of the English Action may be further delayed for a considerable period of time.

   3. E.D. & F. Man Commodity Advisors Ltd. ("MCA") is not a party to this case.  Therefore, Man Sugar's arguments regarding the amounts allegedly owed by Fluxo-Cane to MCA are irrelevant and can only be intended to prejudice this Court.

   4 This Court found that Man Sugar was entitled to $6,611,952.83 (the "Assigned Amount") based upon the English Action and granted summary judgment to Man Sugar on that basis.  Mem. Op. at 4, 10 (Docket No. 89).  However, the only legal authority for recognizing and enforcing a foreign judgment is the Maryland Uniform Foreign Money Judgment Recognition Act (the "Act").  *See, e.g.*, *Pitman v. Aran*, 935 F. Supp. 637, 650 (D. Md. 1996) (noting the absence of an applicable federal statute, and further noting that the Maryland Act requires a party to provide an authenticated foreign judgment as a necessary predicate to enforcement of such judgment).  Man Sugar originally recognized that fact in its Motion for Summary Judgment.  Mem. in Sup. at 2 (Docket No. 85-1)

   5. Under the Act, a court should stay proceedings on enforcement of a foreign judgment until any pending appeal is decided.  Md. Cts. & Jud. Proc. §§ 10-706, 11-804.  As noted above, the English Judgment is under appeal.  Therefore, further proceedings on a claim by Man Sugar for enforcement of the English Judgment should be stayed, pursuant to the Act.  The grant of summary judgment to Man Sugar was therefore premature under the Act.

   6. Man Sugar cannot avoid the Act's requirement for a stay of further proceedings on its claim pending resolution of the appeal by now claiming that the Act does not apply.  Plainly, the Act does apply.  *See Pitman, supra*.

- 3 -

7.  Man Sugar asks the Court to give it the benefit of the Act and to enforce the English Judgment, but it also asks the Court to excuse it from the procedural requirements of the Act.  Man Sugar cannot have it both ways.  If, as Man Sugar now asserts, the claim is on the basis of its original arguments, then the claim has been rendered moot by the English Judgment, and should be dismissed.  The English courts are well-able to render any relief to which Man Sugar may ultimately be entitled with regard to the claim.

8.  Man Sugar's post-Opinion assertion that it did not intend to tender the English Judgment under the Act underscores the practical problems caused by not requiring Man Sugar to comply with the pleading requirements of Rule 8(a).

Man Sugar's initial arguments were predicated on the equitable assignment it was given by its affiliate E.D. & F. Man Commodities Ltd. ("MCA").  After MCA and Man Sugar filed their claim in the English Court, Man Sugar then argued here that it was entitled to relief based on the substance of MCA's claim, and submitted voluminous materials in support of that claim.  After the English trial court issued a judgment in favor of Man Sugar and MCA, Man Sugar then changed its claim again, to seek enforcement of the English Judgment, short-circuiting the procedural requirements of the Act.

As noted in Fluxo-Cane's submissions, and in *Pitman, supra*, the Act imposes its own unique requirements, among which is the principle that a court should not enforce a foreign judgment until that judgment is no longer subject to an appeal.

For the reasons set out in the Motion, we respectfully suggest that the provisions of Rule 8(c), which allow a court to treat a counterclaim mislabeled as a defense as if it were correctly designated, do not mean that a court may disregard the pleading requirements of Rule 8(a).  To conclude otherwise would mean that a party could ignore Rule 8(a)'s requirements by the expedient of mislabeling its

- 4 -

counterclaims. We therefore respectfully submit that the issue must have been misunderstood previously.

In this case, Man Sugar has been able to change the basis of its claim repeatedly because it has never pled a "plain statement of the claim showing that the pleader is entitled to relief." As a consequence, it has changed its theory multiple times. Notably, Fluxo-Cane was not even given the opportunity to state an answer to Man Sugar's claim before summary judgment was given to Man Sugar on "equitable" grounds. For those reasons, the disregard of Rule 8(a) constitutes manifest injustice.

9. With regard to the case of *Norwalk Cove Marina v. S/V Odysseus*, 64 Fed. Appx. 319, 321 (2d Cir. 2003), Man Sugar either fails to understand the case, or assumes that the Court did not read it. In *Norwalk Cove*, the court adjudicated the amount due to the plaintiff for services it provided to defendants' vessel, and also adjudicated the amount by which those damages should be offset, representing the cost to the defendants of repairing plaintiff's "faulty workmanship." Thus, the court was in a proper position to apply offset as a defense against plaintiff's damages.

In this case, as this Court has ruled, Man Sugar's claim is not a defense to Fluxo-Cane's claim. It is an unrelated counterclaim, and the Court is not in a position to enter judgment on that claim, because it is not properly before the Court. *If* Man Sugar had properly filed a claim for enforcement of a foreign judgment; *if* the claim were supported by filing an authenticated copy of the foreign judgment as required by the Act, and *if* Fluxo-Cane's right to appeal that judgment had been extinguished, *then* the Court could properly grant judgment on the foreign judgment through an offset against the amount that Man Sugar owes to Fluxo-Cane. The underlying principles of law have never been in dispute. However, Man Sugar has not satisfied *any* of those "*ifs*."

10. Accordingly, for the reasons set out above, in the Motion, and in the accompanying Memorandum, the granting of summary judgment to Man Sugar was contrary to the Act, is undermined by Man Sugar's post-Opinion disavowal of the Act, and is not supported by the *Norwalk Cove* decision.

We therefore respectfully request that the grant of summary judgment to Man Sugar be reconsidered, and that judgment be entered for Fluxo-Cane.

Dated:  July 8, 2010

             Respectfully submitted,

             By: _____/s/_____
             H. Allen Black, III (No. 024542)
             WINSTON & STRAWN LLP
             1700 K Street, N.W.
             Washington, DC  20006
             hblack@winston.com
              (202) 282-5821

             *Counsel for Fluxo-Cane Overseas, Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing Reply Memorandum of Fluxo-Cane Overseas Ltd. on Motion for Reconsideration of Summary Judgment on Counterclaim of E.D. & F. Man Sugar, Inc. was served on this 8th day of July 2010, on Anthony Ashton of DLA Piper, counsel of record for Defendant, by the Court's Electronic Filing System.

                                             /s/
                                   H. Allen Black