# WINSTON & STRAWN LLP

| | | |
|---|---|---|
| SUITE 718, CHINA WORLD OFFICE 1<br>1 JIANGUOMENWAI AVENUE<br>BEIJING 100004, CHINA | 1700 K STREET, N.W.<br>WASHINGTON, D.C. 20006-3817 | 333 SOUTH GRAND AVENUE<br>LOS ANGELES, CALIFORNIA 90071-1543 |
| 214 NORTH TRYON STREET<br>CHARLOTTE, NORTH CAROLINA 28202-1078 | +1 (202) 282-5000 | SUITE A350, 4 STASOVOY STREET<br>MOSCOW, 119071, RUSSIAN FEDERATION |
| 35 WEST WACKER DRIVE<br>CHICAGO, ILLINOIS 60601-9703 | FACSIMILE +1 (202) 282-5100 | 200 PARK AVENUE<br>NEW YORK, NEW YORK 10166-4193 |
| 43 RUE DU RHÔNE<br>1204 GENEVA, SWITZERLAND | www.winston.com | ONE RIVERFRONT PLAZA, SUITE 730<br>NEWARK, NEW JERSEY 07102-5401 |
| GLOUCESTER TOWER<br>11TH FLOOR<br>THE LANDMARK<br>15 QUEEN'S ROAD CENTRAL<br>HONG KONG, CHINA | | 25 AVENUE MARCEAU, CS 31621<br>75773 PARIS CEDEX 16, FRANCE |
| | | 101 CALIFORNIA STREET<br>SAN FRANCISCO, CALIFORNIA 94111-5802 |
| 99 GRESHAM STREET<br>LONDON, EC2V 7NG, UK | | UNITS 3105-3106, SHANGHAI KERRY CENTRE<br>1515 NANJING ROAD WEST<br>JINGAN, SHANGHAI 200040, CHINA |

H. ALLEN BLACK III
Partner
+(202) 282 5821
hblack@winston.com

July 16, 2010

**VIA ELECTRONIC FILING AND EMAIL**

The Honorable William D. Quarles, Jr.
United States District Judge
United States District Court for the District of Maryland
101 West Lombard Street
Baltimore, Maryland  21201

>       **Re:**   *Fluxo-Cane Overseas, Ltd. v. E.D. & F. Man Sugar, Inc.*
>               Civil No. WDQ-08-0356

Dear Judge Quarles:

Your Honor has directed that Fluxo-Cane provide evidence pursuant to Md. Code Ann., Cts & Jud. Proc. § 11-804 that (1) an appeal from the English judgment or a stay of execution of that judgment is pending, and (2) Fluxo-Cane has provided security for the satisfaction of that judgment required by the English court.

We respectfully reserve our contention that a decision on enforcement of the English judgment is not properly before this Court, for the reasons set forth in earlier submissions, including the failure of Man Sugar to comply with Rule 8(a), and the failure to provide a properly authenticated copy of the judgment to this Court as mandated by the Maryland Uniform Foreign Money Judgment Enforcement Act at § 11-802(a) and noted by precedents of this Court, such as *Pitman v. Aran*, 935 F. Supp. 637, 650 (D. Md. 1996). Specifically, because the English judgment has not been properly recognized as required by the Maryland Uniform Foreign Judgment Recognition Act (Md. Code Ann. Cts & Jud. Proc. Title 10, Subtitle 7), it is premature to even consider enforcement of the English judgment. *See, e.g., Guinness PLC v. Ward*, 955 F.2d 875, 891 (4th Cir. 1992).

The Honorable William D. Quarles, Jr.
June 16, 2010
Page 2

      Subject to those reservations, we note that the fact that an appeal of the English judgment is pending is not in dispute, and is evidenced by the English court transcript of February 11, 2010 at page 4, lines 36-41 (Enclosure 1).

      With regard to security for the satisfaction of the English judgment in the English case and the status of Fluxo-Cane's appeal in the English case, the English court ordered that the stay against enforcement of the lower court's order would be set aside unless security for the judgment was provided by June 11, 2010. Order of May 24, 2010 at ¶ 1. (Enclosure 2). Upon information and belief, judgment security was not provided, and therefore the stay against enforcement was lifted. The English court further ordered that Fluxo-Cane provide security for Man's costs of appeal, in the absence of which the appeal would be struck out. Order of May 24, 2010 at ¶ 2 (Enclosure 2). The original date of June 11 was subsequently extended, first to July 2, and then to July 14, to allow the parties to come to agreement on the wording of the security. Upon information and belief, there was a last-minute issue with regard to the wording, and as a consequence the matter has been put before the English Court of Appeal judge for resolution. We had delayed submission of this letter in the hopes of such a decision, but as of this writing are still waiting. We will advise this Court upon further developments from the English Court of Appeal.

      In the meantime, we respectfully submit that if the Court does not otherwise dismiss the counterclaim, it should nevertheless stay further proceedings on the counterclaim pursuant to Md. Code Ann., Cts & Jud. Proc. § 10-706. That section provides that a court may stay proceedings on a claim for the recognition of a foreign judgment if the defendant satisfies the court either that an appeal is pending or that he is entitled and intends to appeal from the foreign judgment.

      Such an approach is particularly prudent here, where Man Sugar has an alternative forum, *e.g.* the English courts, that are well-able to provide any relief that might be merited by Man Sugar, and this Court's further involvement is not required. The alternative, of enforcing a claim that is not properly before this Court, could well entail further litigation in this forum and in the Court of Appeals over the issues already noted in earlier submissions. This Court has ample grounds to conclude this case, and to leave the dispute between Fluxo-Cane and Man Sugar to the English courts for final resolution.

          Respectfully submitted;

          H. Allen Black III
          Winston & Strawn, LLP

Cc: Anthony P. Ashton, Esquire

# ENCLOSURE (1)

<u>IN THE HIGH COURT OF JUSTICE</u>                     <u>No. 2008 Folio No. 276</u>

<u>QUEEN'S BENCH DIVISION</u>

<u>COMMERCIAL COURT</u>

<u>Royal Courts of Justice</u>

<u>Thursday, 11th February 2010</u>

Before:

<u>MR. JUSTICE DAVID STEEL</u>

<u>B E T W E E N</u> :

(1) ED&F MAN COMMODITY ADVISERS LIMITED
(2) ED&F MAN SUGAR INC.                                    <u>Claimants</u>

- and -

(1) FLUXO-CANE OVERSEAS LIMITED
(2) S/A FLUXO-COMERCIO E ASSESSORIA INTERNACIONAL     <u>Defendants</u>

_____

*Transcribed by* **BEVERLEY F. NUNNERY & CO**
*Official Shorthand Writers and Tape Transcribers*
*Quality House, Quality Court, Chancery Lane, London WC2A 1HP*
**Tel:  020 7831 5627   Fax:  020 7831 7737**

_____

<u>MR. P. DOWNES</u> (instructed by Clyde & Co.)  appeared on behalf of the Claimants.

<u>MR. S. MALES QC</u>  (instructed by Hill Dickinson)  appeared on behalf of the Defendants.

_____

# P R O C E E D I N G S

# I N D E X

Page No.

SUBMISSIONS re order:

    Mr. DOWNES    1
    Mr. MALES    1


SUBMISSIONS re costs:

    Mr. MALES    2
    Mr. DOWNES    2


APPLICATION for permission to appeal:

    Mr. MALES    3


SUBMISSIONS re stay:

    Mr. DOWNES    5


SUBMISSIONS re freezing injunction:

    Mr. DOWNES    6
    Mr. MALES    15


DISCUSSION re return date:    17

_____

1    facts would have had to have been gone into in any event - the chronology, the
2    timetable, the difficulties with ICE, how things panned out on 16th, 17th and
3    18th.
4

5    Fourthly, the full picture in relation to what was going on between Fluxo-Cane
6    and ICE only emerged at a very late stage and, indeed, in the course of
7    Mr. Garcia's cross-examination afterwards.  We obviously were able to
8    strengthen our case in the light of that picture, and one of the important
9    findings of your Lordship was the extent to which Fluxo were in difficulties
10    with ICE.  So it would be a travesty, I suggest, if the defendants get some
11    credit for the fact that a case develops and gets stronger at a late stage when it
12    is they themselves that have not been forthcoming and candid in relation to the
13    relevant facts relating to that.
14

15    My Lord, fifthly - I said four points but in fact there are five - importantly, the
16    reason that the timing of the margin case became important was because of the
17    counterclaim.  The counterclaim that was originally put forward, your
18    Lordship will recall, we did not really look at it at trial, was in the form of an
19    appendix to the defence and counterclaim, with a whole series of trades
20    attacked as being negligent, in breach of the broking agreement and the like.
21    That was all abandoned very shortly before the trial and, indeed, only finally
22    abandoned in my learned friend's skeleton for opening.  It was a case put
23    forward without any support from their expert.  It was obviously, we now see
24    in hindsight, a case that was put forward to buy time, an attempt to avoid
25    summary judgment.  Again one has to see everything in the round.  The
26    margin case was only important because of that counterclaim, abandoned, and
27    so we say quite simply it would be unfair and unjust if we did not get the
28    totality of our costs.
29

30  MR. JUSTICE DAVID STEEL:  Thank you.  So far as costs are concerned, I think
31    a fair outcome, having regard to the way in which the issues were eventually
32    resolved, is that the claimants should recover 90% of their costs.  I will make
33    an order for interim payment of £400,000.  Mr. Males, leave to appeal?
34

35  MR. MALES:  Yes.
36

37  MR. JUSTICE DAVID STEEL:  On the whole caboosh?
38

39  MR. MALES:  Yes.  I simply ask your Lordship to grant permission to appeal.
40    Your Lordship will have seen, I believe, that Mr. Garcia is very unwell at the
41    moment.
42

43  MR. JUSTICE DAVID STEEL:  Yes, I am sorry about that.

1
2   MR. MALES:  I do not want to say anything in public about the detail of that
3       because obviously that is very personal and confidential and he is entitled not
4       to have those details broadcast. But your Lordship has seen, I think, the broad
5       picture.
6
7   MR. JUSTICE DAVID STEEL:  Yes.
8
9   MR. MALES:  That means that we simply have not had the opportunity to discuss
10      with him in any detail your Lordship's judgment and the point on which there
11      may be a possibility of an appeal.  So I am not in a position to formulate in any
12      detail the points we would wish to appeal on, but your Lordship will be aware
13      that this is a very serious matter for the defendants and, indeed, for Mr. Garcia
14      personally, and there are points arising - for example, as to the impact of the
15      fact that the commencement of liquidation by Man was, as we say, premature;
16      there is the question whether, on the true construction of the customer
17      agreement it is open to Man to rely on other provisions apart from the non-
18      payment of margin, when they stated very clearly at the time that that was the
19      provision they were relying on and did not rely on anything else.  Your
20      Lordship was against us on those points but, nevertheless, in my submission,
21      they are points which may well be capable of going further with a realistic
22      prospect of success.  We will also need to consider whether there are grounds
23      on which we can challenge your Lordship's findings as to the way in which the
24      liquidation was conducted.  So I would submit that where there is a very
25      substantial sum at stake, where there are, as your Lordship knows, other cases
26      with other brokers still outstanding, this would be an appropriate case to give
27      permission.  I would also ask your Lordship, if you give permission, to grant a
28      stay on the financial parts of the judgment pending an appeal or, alternatively,
29      if you do not, to give at least a stay pending the outcome of any application for
30      permission which we may need to make to the Court of Appeal.
31
32  MR. JUSTICE DAVID STEEL:  Thank you.  Do you want to say anything?
33
34  MR. DOWNES:  My Lord, it is for your Lordship.
35
36  MR. JUSTICE DAVID STEEL:  I think the only thing that persuades me to grant
37      leave to appeal is that there are a number of other cases which seem to raise
38      similar, if not precisely the same, issues that I have decided in this case, the
39      total claims being of a very substantial character.  Whilst I feel confident about
40      the conclusions I have reached, I cannot say that the prospects of a successful
41      appeal are simply fanciful. So I will grant leave to appeal. What do you say
42      about the stay, Mr. Downes?
43

# ENCLOSURE (2)



MONDAY 24TH MAY 2010

# IN THE COURT OF APPEAL                    017176

ON APPEAL FROM THE HIGH COURT OF JUSTICE
QUEEN'S BENCH DIVISION
COMMERCIAL COURT

2008FOLIO276

**BEFORE**    LORD JUSTICE STANLEY BURNTON

IN PRIVATE
Application No.

A3/2010/0713(A) (B)

**B E T W E E N**

1)FLUXO-CANE OVERSEAS LIMITED
2)S/A FLUXO-COMERCIO E ASSESSORIA INTERNACIONAL

DEFENDANTS

- and -

1)ED&F MAN COMMODITY ADVISERS LIMITED
2)ED&F MAN SUGAR INC

CLAIMANTS

**ON READING** the two ancillary applications to the Defendants' appeal against

the order of Mr Justice David Steel dated 11 February 2010

**IT IS ORDERED** that

1)   the stay be set aside by 11 June 2010:

i)    the Appellants provide security in the sum of US$15 million in

respect of the judgment debt that is the subject of paragraph 1 of the

order of Mr Justice Steel dated 11 February 2010; and

ii)   the First Applicant/Defendant provides security in the sum of US$6.5

million in respect of the sum ordered to be paid under paragraph 2 of

that order



iii)   such security may be in the form of payment into a joint solicitors'

account, or by way of a stand-by letter of credit issued by a bank

acceptable to the Respondents or in such other form as may be

accepted by the Respondents or in default of agreement as determined

by the Court

2)   the Respondents are entitled to security for their costs of appeal, in the

sum of £100,000. Unless security in a form acceptable to the Respondents or, in the event of dispute, approved by the Court, is provided by the 11 June 2010, the appeal will be struck out

3) the parties have liberty to apply in writing, on notice, to vary the date for provision of security

*By the Court*