

DLA Piper LLP (US)
The Marbury Building
6225 Smith Avenue
Baltimore, Maryland 21209-3600
www.dlapiper.com

Anthony P. Ashton
anthony.ashton@dlapiper.com
T   410.580.4106
F   410.580.3106

July 21, 2010
VIA ELECTRONIC FILING

The Honorable William D. Quarles, Jr.
United States District Judge
United States District Court
  for the District of Maryland
101 West Lombard Street
Baltimore, Maryland  21201

      Re:    **Fluxo-Cane Overseas, Ltd. v. E.D. & F. Man Sugar, Inc.**
            **Civil No.: WDQ-08-0356**

Dear Judge Quarles:

      We refer to Mr. Black's letter of July 19, 2010 on behalf of plaintiff Fluxo-Cane Overseas Ltd. ("Fluxo-Cane"), admitting that the English Court of Appeal has struck out Fluxo-Cane's appeal from the High Court judgment in favor of defendant ED&F Man Sugar Inc. ("Man Sugar") and ED&F Man Commodity Advisers Limited ("MCA"). That admission deprives Fluxo-Cane of any basis for continuing to ask this Court to defer entering final judgment dismissing the parties' claims and closing the action.

      On June 30, 2010, we submitted a proposed Order and Final Judgment (a) denying Fluxo-Cane's motion to reconsider this Court's June 15, 2009 Memorandum Opinion and Order, and (b) dismissing the action. We respectfully re-urge Man Sugar's request that the Court enter that Order and Final Judgment ending the action once and for all.

      It is meritless in the extreme for Fluxo-Cane to suggest—despite the parties' extensive motion practice and without any supporting authority—that the Court should enter a "net judgment" in Fluxo-Cane's favor based on prejudgment interest on Fluxo-Cane's breach-of-contract claim. Fluxo-Cane basically claims that (a) interest should run on its breach-of-contract claim (at a New York, not a Maryland rate) up to June 15, 2010, the date of the Court's set-off order; (b) Man Sugar's set-off right should take effect only as of June 15, 2010, the date of the Court's Memorandum Opinion and Order, not as of February and April, 2008, when Man Sugar exercised its set-off rights for the express purpose of avoiding any obligation to pay for the sugar sold by Fluxo-Cane; and (c) the Court should disregard the interest that would otherwise have run on the assigned debt had the set-off not taken effect as of February and April, 2008 (as it surely did).



The Honorable William D. Quarles, Jr.
July 21, 2010
Page Two

In the first place, Fluxo-Cane has not explained on what procedural grounds it can now ask this Court to enter any "net judgment" when Fluxo-Cane did not make that request in its motion and opposition papers or when it moved for reconsideration of the Court's June 15, 2010 Memorandum Opinion and Order. The procedural infirmities aside, the suggestion that Fluxo-Cane is entitled to a "net judgment" is obviously incorrect. We have taken the liberty to explain why to expedite the Court's entry of a final judgment.

A.  First, Fluxo-Cane ignores the fact that Man Sugar obtained the two assignments in 2008 thereby permitting it to set-off the money that would otherwise have been owed to Fluxo-Cane in 2008 under the sugar-sale contract. As a result of the assignments and the immediate notice provided to Fluxo-Cane, Man Sugar has never been required to pay Fluxo-Cane any part of the price of the sugar.

The sequence of events is explained in the June 9, 2008 affidavit that Fluxo-Cane's Jose Luiz P. Cipriani submitted in support of Fluxo-Cane's motion for summary judgment. (That affidavit is Record Doc. No. 32 filed on June 10, 2008.) Fluxo-Cane sent to Man Sugar and Man Sugar received on January 31, 2008 the shipping documents that called for Man Sugar to pay $6,013,149.93 for the sugar shipped to it (the price corresponding to 98% of the bill-of-lading quantity). (Cipriani Aff. ¶¶ 18-20.) A few days later, on February 4, 2008, MCA assigned to Man Sugar $6,013,149.93 of the debt that Fluxo-Cane owed MCA as unpaid margin on Fluxo-Cane's futures-trading account with MCA. On the same day, Man Sugar sent Fluxo-Cane notice of the assignment and its effect on the sugar contract. (*Id.* ¶ 22.) Man Sugar's notice informed Fluxo-Cane that "[w]e hereby give you notice that we hereby set-off our Contractual Indebtedness against the Partial Assignment Debt which discharges our obligation to make any further payment for the shipping documents presented pursuant to purchase contact PO1688.000." (That notice is Ex. K to the July 18, 2008 declaration submitted by MCA's Christian Bouet in support of Man Sugar's cross-motion for summary judgment.) That assignment and notice extinguished Man Sugar's obligation to pay the first tranche of the purchase price following Man Sugar's receipt of the shipping documents on January 31, 2008. As a result, Man Sugar never had any obligation to pay Fluxo-Cane the $6,013,149.93 initially invoiced by Fluxo-Cane.

Later, on April 4, 2008, MCA assigned to Man Sugar a further part of the debt that Fluxo-Cane owed to MCA, in the sum of $598,802.90. On April 7, 2008, Man Sugar promptly notified Fluxo-Cane of that assignment. That notice likewise informed Fluxo-Cane that "we hereby set off our Contractual Indebtedness against the Partial Assigned Debt which discharges our obligation to make any further payment in relation to the obligations arising out of the Purchase Contract No. P01688." In the event, the final invoices dated 25th March 2008 that Fluxo-Cane sent to Man Sugar on June 2, 2008 (based on actual delivered quantity and quality),


**DLA PIPER**

The Honorable William D. Quarles, Jr.
July 21, 2010
Page Three

amounted to $584,306.69 (Cipriani Aff. ¶ 25, referring to Ex. 20.) Because that second assignment exceeded the last amount due under the sugar contract, Man Sugar has never been required to pay Fluxo-Cane any part of the price for the sugar.[1]

Fluxo-Cane also ignores the fact that the assignments and hence Man Sugar's set-off rights became effective as of February 4, 2008 and April 7, 2008—thereby extinguishing any obligation on the part of Man Sugar to pay Fluxo-Cane anything thereafter.[2] No interest could ever have begun to accrue on the price of the sugar because, as result of the set-off exercised in February and April, 2008, Man Sugar, at that time, owed $0.00 to Fluxo-Cane under the sugar contract.

Moreover, Fluxo-Cane's unsupported and insupportable position seeks to reward Fluxo-Cane for incorrectly denying Man Sugar's set-off rights. Indeed, by Fluxo-Cane's reasoning, the longer it incorrectly denied the existence of Man Sugar's set-off rights, the greater would be Fluxo-Cane's claim to prejudgment interest. Equity does not allow a party improperly denying set-off rights to profit at the expense of the party lawfully exercising its set-off rights.

It is therefore spurious for Fluxo-Cane to suggest that the assignments should have effect only as of the date (June 15, 2010) on which this Court granted Man Sugar's motion for summary judgment. The High Court judgment and this Court's Memorandum Opinion validate the equitable set-off right exercised by Man Sugar more than two years before.

---

[1] "By definition, a setoff is a reduction from an amount otherwise owed, *see Black's Law Dictionary* 1376 (7th ed. 1999) ('A debtor's right to reduce the amount of a debt by any sum the creditor owes the debtor.')." *Norwalk Cove Marina, Inc. v. S/V Odysseus*, 64 Fed. Appx. 319, 321 (2d Cir. 2003); *see also In re Chateaugay Corp.*, 94 F.3d 772, 780 (2nd Cir. 1996) (recognizing "[t]he right of setoff is a 'common right, which belongs to every creditor, to apply the unappropriated moneys of his debtor, in his hands, in extinguishment of the debts due to him'") (quoting *Gratiot v. United States*, 40 U.S. (15 Pet.) 336, 370 (1841)).

[2] Man Sugar's set-off unquestionably had immediate effect in 2008. *See Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 19 (1995) (recognizing the rule that set-off occurs once "three steps have been taken: (i) a decision to effectuate a setoff; (ii) some action accomplishing the set-off; and (iii) a recording of the setoff."). In accordance with the *Citizens Bank* rule, a party claiming set-off "must manifest an intent to permanently settle accounts." *In re United Marine Shipbuilding, Inc.*, 158 F.3d 997, 1001 (9th Cir. 1998) (citing *Citizens Bank*). As Man Sugar in its notices to Fluxo-Cane immediately "manifested [its] intent to permanently settle accounts," the set-off necessarily took effect at that time, *i.e.*, in February and April, 2008.



The Honorable William D. Quarles, Jr.
July 21, 2010
Page Four

      B.    Second, even if the set-off exercised by Man Sugar in February and April, 2008 did not preclude the accrual of interest, as it surely did, Fluxo-Cane would still have no "net judgment" right because the debt assigned to Man Sugar would in that event include the interest to be awarded by the English Court based on Fluxo-Cane's adjudicated liability to MCA as of January 17, 2008. MCA did not simply assign to Man Sugar lump sums of money. It assigned part of the interest-bearing debt owed MCA due to Fluxo-Cane's failure to meet MCA's margin calls on January 17, 2008 and following dates (until Fluxo-Cane's position was finally liquidated as of April 24, 2008). While the English Court has not yet determined the pre-judgment interest owed by Fluxo-Cane, that interest would off-set any interest that Fluxo-Cane might theoretically claim against Man Sugar based on the sugar contract. But that alternative ground also barring Fluxo-Cane's "net judgment" claim is of academic interest only because the set-off exercised by Man Sugar in February and April, 2008 extinguished the parties' mutual claims and precludes Fluxo-Cane from now claiming any money from Man Sugar.

      We appreciate the Court's time and attention.

                                        Respectfully,

                                        Anthony P. Ashton
                                        On behalf of ED & F Man Sugar, Inc.

cc: H. Allen Black III, Esquire

EAST\43098390.1