# WINSTON & STRAWN LLP

SUITE 718, CHINA WORLD OFFICE 1
1 JIANGUOMENWAI AVENUE
BEIJING 100004, CHINA

214 NORTH TRYON STREET
CHARLOTTE, NORTH CAROLINA 28202-1078

35 WEST WACKER DRIVE
CHICAGO, ILLINOIS 60601-9703

43 RUE DU RHÔNE
1204 GENEVA, SWITZERLAND

GLOUCESTER TOWER
11TH FLOOR
THE LANDMARK
15 QUEEN'S ROAD CENTRAL
HONG KONG, CHINA

99 GRESHAM STREET
LONDON, EC2V 7NG, UK

1700 K STREET, N.W.
WASHINGTON, D.C. 20006-3817

+1 (202) 282-5000

FACSIMILE +1 (202) 282-5100

www.winston.com

333 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-1543

SUITE A350, 4 STASOVOY STREET
MOSCOW, 119071, RUSSIAN FEDERATION

200 PARK AVENUE
NEW YORK, NEW YORK 10166-4193

ONE RIVERFRONT PLAZA, SUITE 730
NEWARK, NEW JERSEY 07102-5401

25 AVENUE MARCEAU, CS 31621
75773 PARIS CEDEX 16, FRANCE

101 CALIFORNIA STREET
SAN FRANCISCO, CALIFORNIA 94111-5802

UNITS 3105-3106, SHANGHAI KERRY CENTRE
1515 NANJING ROAD WEST
JINGAN, SHANGHAI 200040, CHINA

H. ALLEN BLACK III
Partner
+(202) 282 5821
hblack@winston.com

July 21, 2010

**VIA ELECTRONIC FILING**

The Honorable William D. Quarles, Jr.
United States District Judge
United States District Court for the District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

   Re: *Fluxo-Cane Overseas, Ltd. v. E.D. & F. Man Sugar, Inc.*
     Civil No. WDQ-08-0356

Dear Judge Quarles:

  We are compelled to provide a brief response to Mr. Ashton's letter of earlier today in the hopes of clarifying the issues. Mr. Ashton's vehement complaints about ignoring judgments and lack of procedural grounds are ironic, since the reason for the confused nature of this case is now, as it has always been in this matter, Man Sugar's failure to set out its claim in the manner required by the Rules. In short, what exactly is Man Sugar's counterclaim?

  That question is currently before the Court in our Motion for Reconsideration. With regard to the disposition of this case, we note the following:

  1. Fluxo-Cane was granted summary judgment on its Complaint for breach of contract. As the Court noted in its Memorandum Opinion of June 15, 2010, Man Sugar's claim under the equitable assignment was not a defense to Fluxo-Cane's claim for the amount

**WINSTON & STRAWN** LLP

The Honorable William D. Quarles, Jr.
July 21, 2010
Page 2

outstanding and unpaid by Man Sugar under the sugar contract. Mem. Op. at 8 (Docket No. 89). Fluxo-Cane was therefore entitled to judgment for the sum due under the sugar contract.[1]

2. The sugar contract was governed by New York law. New York law provides for prejudgment interest. NY CLS CPLR § 5001. The statutory rate for prejudgment interest under New York law is 9% per annum, from the date on which payment was due through the date of entry of judgment. NY CLS CPLR § 5004.

3. As noted in earlier correspondence, that results in a total amount due to Fluxo-Cane from Man Sugar of $8,081,884.36 ($6,597,456.62 principle plus $1,484,427.74 interest).

4. Man Sugar's counterclaim as pled to this Court is, in its entirety, "Fluxo-Cane's claim is barred by the doctrine of set-off." Man Sugar has submitted various arguments and materials in support of motions, but has never amended its counterclaim.

5. Most recently, Man Sugar claimed in its Motion for Summary Judgment a right to enforcement of the English judgment. Man Sugar Mem. in Sup. at 2 (Docket No. 85-1). However, Man Sugar has never complied with the requirement to submit an authenticated copy of the Judgment, as required by the Maryland Uniform Foreign Money Judgment Enforcement Act at § 11-802(a) and held mandatory in *Pitman v. Aran*, 935 F. Supp. 637, 650 (D. Md. 1996).

6. For those reasons, Fluxo-Cane has maintained in its earlier submissions that Man Sugar has not properly brought before this Court a claim for enforcement of the English judgment, and therefore this Court has no grounds to enter judgment on such a claim.

7. If the Court nevertheless enters judgment for Man Sugar on its inchoate counterclaim, all this Court has before it is an unauthenticated English judgment. That judgment was for $6,611,952.83, as noted by the Court in its Opinion of June 15, 2010. Mem. Op. at 9 (Docket No. 89).

8. Man Sugar has made no submission or showing when interest would accrue on a claim of the nature of the one underlying its equitable assignment, or of the applicable interest rate under English law, which is the law applicable to the underlying claim. Notably, the English court does not appear to have issued a final order calculating interest or setting out an amount due from Fluxo-Cane to Man Sugar other than the stated amount of the equitable assignments.

9. Accordingly, this Court should enter final judgment in this matter based on what is before it, and should not further excuse Man Sugar from having to actually plead and

---

[1] We have noted Mr. Ashton's recitation of the events of 2008. Those arguments are of course moot; having been foreclosed by this Court's Opinion of June 15, 2010, so we will spare this Court a further rehashing of the matter.

**WINSTON & STRAWN** LLP

The Honorable William D. Quarles, Jr.
July 21, 2010
Page 3

support its own case. To the extent that Man Sugar contends that it has a claim on further sums from Fluxo-Cane, it can readily pursue those sums through the English court.

    10  As noted in earlier submissions, and without prejudice to those submissions, this Court should dismiss Man Sugar's insufficient counterclaim and enter final judgment in favor of Fluxo-Cane in the amount of $8,081,884.36. If the Court decides to enter judgment in favor of Man Sugar on its counterclaim despite the pleading infirmities and the failure to comply with the requirement for an authenticated final judgment from the foreign court, then the judgment could only be for the amount shown to be conclusively due from Fluxo-Cane to Man Sugar.

                  Respectfully submitted,

                   H. Allen Black III
                   Winston & Strawn, LLP

Cc: Anthony P. Ashton, Esquire