# WINSTON & STRAWN LLP

SUITE 718, CHINA WORLD OFFICE 1
1 JIANGUOMENWAI AVENUE
BEIJING 100004, CHINA

214 NORTH TRYON STREET
CHARLOTTE, NORTH CAROLINA 28202-1078

35 WEST WACKER DRIVE
CHICAGO, ILLINOIS 60601-9703

43 RUE DU RHÔNE
1204 GENEVA, SWITZERLAND

GLOUCESTER TOWER
11TH FLOOR
THE LANDMARK
15 QUEEN'S ROAD CENTRAL
HONG KONG, CHINA

99 GRESHAM STREET
LONDON, EC2V 7NG, UK

1700 K STREET, N.W.
WASHINGTON, D.C. 20006-3817

+1 (202) 282-5000

FACSIMILE +1 (202) 282-5100

www.winston.com

333 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-1543

SUITE A350, 4 STASOVOY STREET
MOSCOW, 119071, RUSSIAN FEDERATION

200 PARK AVENUE
NEW YORK, NEW YORK 10166-4193

ONE RIVERFRONT PLAZA, SUITE 730
NEWARK, NEW JERSEY 07102-5401

25 AVENUE MARCEAU, CS 31621
75773 PARIS CEDEX 16, FRANCE

101 CALIFORNIA STREET
SAN FRANCISCO, CALIFORNIA 94111-5802

UNITS 3105-3106, SHANGHAI KERRY CENTRE
1515 NANJING ROAD WEST
JINGAN, SHANGHAI 200040, CHINA

H. Allen Black III
Partner
+(202) 282 5821
hblack@winston.com

August 27, 2010

**VIA ELECTRONIC FILING AND EMAIL**

The Honorable William D. Quarles, Jr.
United States District Judge
United States District Court for the District of Maryland
101 West Lombard Street
Baltimore, Maryland  21201

**Re:**   *Fluxo-Cane Overseas, Ltd. v. E.D. & F. Man Sugar, Inc.*
Civil No. WDQ-08-0356
Status Report; Response to E.D. & F. Man Sugar, Inc.'s Letter of August 13, 2010.

Dear Judge Quarles:

We respectfully offer a brief response to the August 4, 2010 and August 13, 2010 letters of E.D. & F. Man Sugar, Inc. ("Man Sugar") (Docket Nos. 107 and 108) prepared in response to Your Honor's letter order of July 30, 2010 (Docket No. 106).  This note is without prejudice to the pending motion for reconsideration filed by Fluxo-Cane Overseas, Ltd. ("Fluxo-Cane").

You directed Man Sugar to "provide evidence of the prejudgment interest rate and costs owed to it by Fluxo-Cane under the English judgment."  In response, Man Sugar's counsel first filed a letter on August 4, 2010, setting forth their arguments with regard to the computation of interest and the corresponding calculations of counsel.  (Docket No. 107).  On August 13, 2010, Man Sugar filed a second letter, summarizing the earlier arguments, and attaching a recalculation of amounts owed, again by counsel.  We object to the consideration of those materials – they are not admissible evidence as ordered by the Court.

The Honorable William D. Quarles, Jr.
August 27, 2010
Page 2

The "Interest and Costs Calculation" and the "Amended Interest and Costs Calculation" are not sworn (as required by Fed. R. Evid. 603), are not based on personal knowledge and do not set forth the basis of knowledge for their assertions (e.g. establish a proper foundation) (as required by Fed. R. Evid. 602), are not admissible opinions formed by duly qualified experts (as required by Fed. R. Evid. 703 and *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 597 (1993)), and are hearsay (in violation of Fed. R. Evid. 802). Indeed, they do not even identify who actually prepared them, other than "Messrs. Clyde & Co."

Moreover, the letters and the Calculations misrepresent and fail to satisfy their own claimed source. The rate stated in the letter of August 13, 2010 is not certified as required by Section 20.1.2 of the Customer Agreement on which they rely. Further, Man Sugar has not provided any evidence that its calculation of interest has been approved, or even reviewed, by the English Court.

With regard to Man Sugar's arguments about the accrual of interest, Man Sugar is attempting to re-hash, yet again, this Court's finding in its June 15, 2010 Memorandum Opinion that Man Sugar's claim of set off did not extinguish its debt and the corresponding grant of summary judgment to Fluxo-Cane on its breach of contract claim. Man Sugar attempts to undermine the necessary consequences of that ruling by referring to "New York's interest on the balance rule." However, that "rule" is not applicable. It only applies in connection with setoff cases where mutual, liquidated debts arise out of the same transaction. *See Indu Craft v. Bank of Baroda*, 87 F.3d 614, 619 (2d Cir. 1996) *citing to Ralston Purina Co. v. Parsons Feed & Farm Supply, Inc.*, 416 F.2d 207, 211 (8th Cir. 1969).

In *Ralston*, the court noted that:

> The 'interest on the entire claim' rule entitles the plaintiff to interest on the full amount of his claim when the counterclaim does not directly concern the plaintiff's claim, that is, when the unliquidated counterclaim arises out of a collateral matter. This rule thus is an exception to the "interest on the balance" rule.

*Id*. In this case, as in Ralston, the debts arise from unrelated transactions. However, *Indu Craft* noted by contrast that it was proper to apply the interest on the balance in its case because "the setoff was directly related to the plaintiff's claim and was not collateral to it.[1]

The result in *Mark (Holdings) Ltd. v. Int'l Watch Group, Inc.*, S.D.N.Y. Case No. 08-CV-2460 (RRM), 2010 U.S. Dist. LEXIS 28467 at *17 (Feb. 1, 2010) was similar. The court three held that because the plaintiff's claim was subject to credits on the same invoices on which

---

[1] In *Indu-Craft*, the plaintiff Indu Craft owed the defendant Bank funds on a promissory note which it was not able to repay due to a breach of the covenant of good faith, because the Bank drove Indu Craft out of business when it refused to make an investment in favor of a Bank official's son. *Id* at 616. Indu Craft was awarded damages, but it was required to set those off by the amount of promissory note that it failed to repay. *Id*.

The Honorable William D. Quarles, Jr.
August 27, 2010
Page 3

the claim was based, the correct calculation required deducting those credits prior to computing interest on the net debt from the transaction at issue. *Id.*

The point of the various cases on the calculation of interest is that courts are to accurately balance out respective costs of delays in payments, to the extent the application of pre-judgment interest is appropriate or required by law.

In this case, Man Sugar has owed Fluxo-Cane payment for the Sugar from January 30, 2008, with pre-judgment interest accruing at the statutory rate of 9% per annum. NY CLS CPLR § 5004.

However, Man Sugar's right to prejudgment interest is not clear. The assignment on which Man Sugar's counterclaim is based is for a sum certain, and does not mention interest.[2] The English Court has held that Fluxo-Cane owes Man Sugar on the unrelated equitable assignment the sum of $6,611,952.83. However, the English court has not provided any guidance with to what interest is to be allowed, how the interest is to be allocated between MCA and Man Sugar, the period over which the interest accrues, or the approved interest rate to be applied. In any case, Man Sugar cannot not dispute that, whatever the applicable interest rate and interest period may be with regard to its claim against Fluxo-Cane, they are both different (and less) than the applicable interest rate and interest period applicable to Fluxo-Cane's claim.

As discussed in prior submissions, Man Sugar has not even filed an authenticated copy of the foreign judgment, which is a necessary predicate to enforcement of the English judgment. *See, e.g., Pitman v. Aran*, 935 F. Supp. 637, 650 (D. Md. 1996). All this Court has before it is an uncertified copy of a judgment and the arguments of Man Sugar's English counsel; materials far short of what a court requires to render a judgment.

Accordingly, we respectfully submit that this Court should reject Man Sugar's counterclaim. To the extent that this Court decides to allow Man Sugar's counterclaim, it has not been provided the information it requires to allow interest on the counterclaim. As noted previously, Man Sugar may easily obtain any further relief to which it may be entitled in the English forum, and does not need this court to exercise creative efforts to afford it relief. Further, the risk of an error in resolving Man Sugar's ancillary claim here poses the risk of needless further litigation, while the English forum is properly seized of this matter and has the jurisdiction, information, and resources to dispose of the matter conclusively.

---

[2] As noted in previous submissions, Man Sugar has never actually pled the assignment – or any facts for that matter – in its counterclaim. We maintain our position as noted in the pending Motion for Reconsideration that it is improper to accept arguments on motions in lieu of proper pleadings.

The Honorable William D. Quarles, Jr.
August 27, 2010
Page 4

                         Respectfully submitted;

                         On behalf of Fluxo-Cane Overseas, Ltd.

                               -- /s/ --

                         H. Allen Black III
                         Winston & Strawn, LLP

Cc:  Anthony P. Ashton, Esquire