**DLA PIPER**

DLA Piper LLP (US)
The Marbury Building
6225 Smith Avenue
Baltimore, Maryland 21209-3600
www.dlapiper.com

Anthony P. Ashton
anthony.ashton@dlapiper.com
T   410.580.4106
F   410.580.3106

August 31, 2010
<u>VIA ELECTRONIC FILING</u>

The Honorable William D. Quarles, Jr.
United States District Judge
United States District Court
  for the District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

      **Re:**    **Fluxo-Cane Overseas, Ltd. v. E.D. & F. Man Sugar, Inc.**
             **Civil No.: WDQ-08-0356**

Dear Judge Quarles:

      We refer to Mr. Black's letter of August 27, 2010 on behalf of plaintiff Fluxo-Cane Overseas Ltd. ("Fluxo-Cane"). In that letter, Fluxo-Cane cites *Ralston Purina Co. v. Parsons Feed & Farm Supply, Inc.*, 416 F.2d 207 (8th Cir. 1969) as support for its argument that, contrary to the "interest on the balance" rule of New York law, Fluxo-Cane should receive prejudgment interest on its claim despite the fact that Fluxo-Cane owes a greater amount of interest and costs to defendant ED&F Man Sugar Inc. ("Man Sugar"). Man Sugar feels compelled to point out that: (1) in *Ralston*, the Eighth Circuit Court of Appeals did not purport to apply New York law, which Fluxo-Cane asserts to be the governing law; (2) the passage in *Ralston* relied upon by Fluxo-Cane does not even rise to the level of *dicta*; and (3) although the counterclaim at issue in *Ralston* was unrelated to the plaintiff's claim, the Eighth Circuit still affirmed the district court's application on the "interest on the balance" rule. *See id.* at 213 ("[T]hroughout the contested period Ralston was obligated to Parsons and, up to the amount of the counterclaim, was not deprived of the use of money. . . . Judge Miller denied interest here for the full amount of the claim during the contested period and we cannot say that the denial was either so unfair or so inequitable as to require us to upset it.") (citation and internal marks omitted). Thus, Fluxo-Cane has cited no authority that supports its position.

      As to Fluxo-Cane's other assertions, (a) the English High Court's February 11, 2010 Order granting Man Sugar judgment against Fluxo-Cane provides not only for the principal sum claimed but also specifically states "plus interest to be assessed;" (b) Man Sugar's London solicitors, Messrs. Clyde & Co., have explained exactly what the prejudgment interest and costs should be in accordance with Justice Steel's February 11, 2010 Order; (c) Fluxo-Cane has not suggested why that calculation is incorrect; and (d) the fact that Man Sugar has not formally applied to the High Court for a further Order recognizing the interest and costs actually due is of no moment in circumstances when Fluxo-Cane (i) has not given the slightest indication that it



The Honorable William D. Quarles, Jr.
August 31, 2010
Page Two

intends to pay any part of the principal sums awarded in the Judgment, much less any part of the interest and costs owed to Man Sugar (and ED & F Man Commodity Advisers Ltd.) and (ii) is to the contrary in contempt of disclosure orders requiring it to identify assets against which the judgment might be executed. Man Sugar could, of course, apply to the High Court for a further Order directing Fluxo-Cane to pay the interest and costs calculated by Messrs. Clyde & Co., but it has not done so lest it incur yet more legal expense that Fluxo-Cane will not satisfy. Man Sugar would nonetheless be willing to apply to the High Court for a suitable interest-and-costs order were this Court to consider it necessary for it to do so, but that should not be necessary. Man Sugar should not have to incur further wasteful legal expense in respect of obligations Fluxo-Cane has willfully repudiated. Fluxo-Cane, in short, has not suggested and cannot suggest any *equitable* reason why Man Sugar should continue to incur legal expense in respect of liabilities that Fluxo-Cane will continue to repudiate.

ED & F Man Commodity Advisers Ltd. ("MCA") equitably assigned to Man Sugar the debt owed by Fluxo-Cane that is the subject of this Court's set-off ruling to avoid the very result that Fluxo-Cane now pursues, *i.e.*, the payment of money to Fluxo-Cane even though Fluxo-Cane has incurred far greater obligations to MCA (and Man Sugar by virtue of the assignment), and which Fluxo-Cane refuses to pay. Your Honor's decisions in this case recognize the *equitable* purpose of the set-off rule to prevent one party from gaining unfair advantage over another. Fluxo-Cane's purported claim to be owed "interest"—while at the same time Fluxo-Cane repudiates every aspect of the English judgment, including principal, interest and costs—flouts the purpose of the set-off rule, and is otherwise contrary to New York law, for the reasons previously explained.

We appreciate the Court's time and attention.

Respectfully,

*[signature]*

Anthony P. Ashton
On behalf of ED & F Man Sugar, Inc.

cc: H. Allen Black III, Esquire