# WINSTON & STRAWN LLP

| | | |
|---|---|---|
| SUITE 718, CHINA WORLD OFFICE 1<br>1 JIANGUOMENWAI AVENUE<br>BEIJING 100004, CHINA | 1700 K STREET, N.W.<br>WASHINGTON, D.C. 20006-3817 | 333 SOUTH GRAND AVENUE<br>LOS ANGELES, CALIFORNIA 90071-1543 |
| 214 NORTH TRYON STREET<br>CHARLOTTE, NORTH CAROLINA 28202-1078 | +1 (202) 282-5000 | SUITE A350, 4 STASOVOY STREET<br>MOSCOW, 119071, RUSSIAN FEDERATION |
| 35 WEST WACKER DRIVE<br>CHICAGO, ILLINOIS 60601-9703 | FACSIMILE +1 (202) 282-5100 | 200 PARK AVENUE<br>NEW YORK, NEW YORK 10166-4193 |
| 43 RUE DU RHÔNE<br>1204 GENEVA, SWITZERLAND | www.winston.com | ONE RIVERFRONT PLAZA, SUITE 730<br>NEWARK, NEW JERSEY 07102-5401 |
| GLOUCESTER TOWER<br>11TH FLOOR<br>THE LANDMARK<br>15 QUEEN'S ROAD CENTRAL<br>HONG KONG, CHINA | | 25 AVENUE MARCEAU, CS 31621<br>75773 PARIS CEDEX 16, FRANCE |
| | | 101 CALIFORNIA STREET<br>SAN FRANCISCO, CALIFORNIA 94111-5802 |
| 99 GRESHAM STREET<br>LONDON, EC2V 7NG, UK | | UNITS 3105-3106, SHANGHAI KERRY CENTRE<br>1515 NANJING ROAD WEST<br>JINGAN, SHANGHAI 200040, CHINA |

H. ALLEN BLACK III
Partner
+(202) 282 5821
hblack@winston.com

September 2, 2010

VIA ELECTRONIC FILING AND EMAIL

The Honorable William D. Quarles, Jr.
United States District Judge
United States District Court for the District of Maryland
101 West Lombard Street
Baltimore, Maryland  21201

Re:   *Fluxo-Cane Overseas, Ltd. v. E.D. & F. Man Sugar, Inc.*
      Civil No. WDQ-08-0356
      Status Report; Response to E.D. & F. Man Sugar, Inc.'s Letter of August 31, 2010.

Dear Judge Quarles:

In response to Mr. Ashton's letter of August 31, 2010, we note that Man Sugar's vituperation is not evidence.  The fact remains that this Court has no admissible evidence before it to justify a judgment in favor of Man Sugar, much less to compute prejudgment interest rate and costs in support of the English action in the English court.  Those are matters for that court, not this, and can only be properly addressed in that forum, not here.

With regard to the calculation of interest, Mr. Ashton has unfortunately missed the point of the cited cases.  When calculating the application of interest to pre-judgment (and post-judgment) debts, a court can reasonably "net out" offsetting claims by mathematical calculation; an approach that is suitable when offsetting claims arise from the same transaction, or where the debts are subject to the same periods and interest rates.  Here, Man Sugar's debt to Fluxo-Cane was subject to a statutory interest rate of 9% per annum, while Fluxo-Cane's subsequent debt to MCA was subject to a contractual rate provision whose validity was not

The Honorable William D. Quarles, Jr.
September 2, 2010
Page 2

apparently determined by the English court, but which was, at most, a rate of 4.787 % per annum.

       In any event, we respectfully submit that the Federal Rules of Civil Procedure and the Federal Rules of Evidence could not possibly support an award to Man Sugar on the basis of a claim not found in the pleadings and unsupported by any admissible evidence.  Following those Rules and dismissing the counterclaim would not harm Man Sugar – it has recourse to the English Courts, where its claim has belonged all along.  On the other hand both Fluxo-Cane and the public interest are harmed by a disregard of well-established Rules of evidence and pleading.

                        Respectfully submitted;

                        On behalf of Fluxo-Cane Overseas, Ltd.

                        -- /s/ --

                        H. Allen Black III
                        Winston & Strawn, LLP

Cc:  Anthony P. Ashton, Esquire