IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | |
|---|---|
| FLUXO-CANE OVERSEAS, LTD. | * |
| Plaintiff, | * |
| v. | * |
| E.D. & F. MAN SUGAR, INC., *et al.* | * CIVIL NO.: WDQ-08-0356 |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Fluxo-Cane Overseas Ltd. ("Fluxo-Cane") sued E.D. & F. Man Sugar, Inc. ("Man Sugar") for breach of contract, conversion, and misappropriation of bills of lading and sugar cargo. Man Sugar filed a permissive counterclaim for set-off. For the following reasons, Fluxo-Cane's motion for reconsideration will be denied, and final judgment will be entered for Fluxo-Cane against Man Sugar in the amount of $1,469,931.53.

I. Background

Man Sugar and E.D. & F. Man Commodity Advisers, Ltd. ("MCA") are subsidiaries of E.D. & F. Man Holdings, Ltd., a London-based group of commodities trading companies. Def. Cross. Mot. Summ. J. at 1. On February 1, 2005, Fluxo-Cane

entered into a commodities futures trading contract with MCA (the "futures contract").  *Id.* at Ex. A.

Before February 4, 2008, MCA terminated the futures contract, liquidated Fluxo-Cane's account, and determined its debt.  Pl. Mot. Summ. J. Ex. 16.  On February 4, 2008, MCA assigned a portion of that debt to Man Sugar.  *Id.*  That same day Man Sugar notified Fluxo-Cane that it would set off Man Sugar's sugar contract debt against Fluxo-Cane's debt assigned from MCA.  *Id.*  On February 7, 2008, Fluxo-Cane demanded payment on the sugar contract.  Pl. Mot. Summ. J. Ex. 17, 18.  Man Sugar refused.  *Id.*  On February 8, 2008, Fluxo-Cane filed this suit.[1] Paper No. 2.  On December 3, 2009, Man Sugar requested an extension of time to respond to Fluxo-Cane's motions pending "the outcome of . . . a case between the parties now pending in the United Kingdom" (the "English Action").  Paper No. 76 at 1.[2]

---

[1]  On February 24, 2009, the Court denied Fluxo-Cane's motion for summary judgment, and granted in part Man Sugar's motion for summary judgment.  Papers Nos. 50, 51.  On September 24, 2009, the Court denied Fluxo-Cane's motion to dismiss Man Sugar's set-off counterclaim.  Paper No. 67.  On October 28, 2009, the pretrial conference was held.  On November 25, 2009, Fluxo-Cane filed motions for partial summary judgment on its breach of contract claim, Paper No. 73, and to dismiss Man Sugar's set-off counterclaim, Paper No. 74.

[2]  Man Sugar argued that (1) the English trial would conclude on December 3, 2009 and a judgment would soon be entered; (2) the trial date in this case was selected "in part, to ensure that the English Action would be resolved beforehand"; and (3) the English trial would moot the dispositive motions pending here.  *Id*.  Man Sugar also argued that those motions were "duplicative"

2

On February 11, 2010, the High Court of Justice, Queen's Bench Division, Commercial Court (1) ruled that MCA had sustained a loss of $22,056,154.62 caused by Fluxo-Cane, (2) declared that MCA's assignments to Man Sugar of $6,611,952.83 of the debt owed by Fluxo-Cane to MCA was a valid equitable assignment, (3) entered judgment for MCA in the amount of $15,444,201.79 plus interest and costs against Fluxo-Cane and its guarantor, and (4) entered judgment for Man-Sugar in the amount of $6,611,952.83 plus interest and costs against Fluxo-Cane. Paper No. 85 at Ex. A ¶¶ 80-86, 90-101, Ex. B ¶¶ 1-3.

On June 15, 2010, this Court: (1) granted Fluxo-Cane summary judgment on its claim for breach of the sugar contract, (2) denied Fluxo-Cane's motions to dismiss the set-off counterclaim and to vacate, (3) denied summary judgment on the counterclaim for set-off under the sugar contract, and (4) granted Man-Sugar's motion for summary judgment on its equitable set-off counterclaim. Paper No. 85. On June 25, 2010, Fluxo-Cane moved for reconsideration. Paper No. 96. By letter orders, this Court directed Fluxo-Cane to produce evidence that an appeal or stay of judgment was pending in the English Action,

---

of "issues previously addressed and decided by the Court." *Id*. On December 4, 2009, the Court extended time for Man Sugar to file responses "until 30 days following the judgment in the English Action" (the "Extension Order"). *See* Paper No. 78. On December 9, 2009, Fluxo-Cane moved to vacate the Extension Order. Paper No. 79.

Paper No. 100, and directed Man Sugar to provide evidence of the pre-judgment interest rate and costs owed by Fluxo-Cane under the English judgment, Paper No. 106.

II. Analysis

    A.   Standard of Review

A party may move for a new trial or to alter or amend a judgment under Rule 59, or for relief from a judgment under Rule 60. Fed. R. Civ. P. 59(e) & 60(b). A "judgment" is "a decree and any order from which an appeal lies"; it includes final judgments and appealable interlocutory orders. *Auto Servs. Co.*, 537 F.3d at 856 (*quoting* Fed. R. Civ. P. 54(a)). A motion to alter or amend filed within 10 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls. *MLC Auto., LLC v. Town of Southern Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d 1, 2-3 (4th Cir. 1992). Because Fluxo-Cane filed its motion for reconsideration within 10 days, Rule 59(e) will govern.

Under Rule 59(e), a court may grant a motion to alter or amend the judgment to: (1) accommodate an intervening change in controlling law; (2) account for new evidence previously unavailable; or (3) correct a clear error of law or prevent manifest injustice. *Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008). Rule 59(e) may not be used to reargue points that could have been made before

4

judgment was entered.  *Exxon Shipping Co. v. Baker*, 128 S. Ct. 2605, 2617 n.5 (2008); *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002).

Mere disagreement with the court's decision will not result in granting a Rule 59(e) motion.  *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993).  Indeed, "[w]here a motion does not raise new arguments, but merely urges the court to 'change its mind,' relief is not authorized."  *Medlock v. Rumsfeld*, 336 F. Supp. 2d 452, 470 (D. Md. 2002); *see also Erskine v. Bd. of Educ.*, 207 F. Supp. 2d 407, 408 (D. Md. 2002).

B.  Fluxo-Cane's Motion to Reconsider

Fluxo-Cane has raised three issues in its motion for reconsideration:  (1) the counterclaim fails to meet the pleading requirements of Fed. R. Civ. P. 8(a), (2) equitable set-off does not apply to permissive counterclaims, and (3) Maryland law requires proceedings on the counterclaim to be stayed pending appeal in the English Action.  Pl.'s Mot. 2-8.

This is the third time Fluxo-Cane has argued that the set-off counterclaim should be dismissed for failure to comply with Fed. R. Civ. P. 8(a)'s pleading requirements.  Pl.'s Mot. 4-7. Fluxo-Cane appears to be under the mistaken impression that this Court did not understand its argument that the Rule 8(a) pleading requirements must be applied to counterclaims

misdesignated as affirmative defenses.[3]  *See* Pl.'s Mot. 6-7.
The Court has considered the issue and permitted the set-off
counterclaim, recognizing that the purposes of the Rule 8(a)
pleading requirements--to give fair notice of a claim and the
grounds on which it rests[4]--have been served.  Fluxo-Cane also
argues that equitable set-off, as applied in *Norwalk Cove
Marina, Inc. v. S/V Odysseus*, 64 Fed. Appx. 319, 321 (2d 2003),
does not apply to permissive counterclaims.  Pl.'s Mot. 8.  As
Fluxo-Cane cites no change in the law or new facts and merely
asks this Court to "change its mind" about permitting the set-
off counterclaim and applying the *Norwalk Cove* decision to the
facts of this case, the Court will not readdress these issues
previously considered and decided.

Under Maryland law, a court:

> shall stay enforcement of [a] foreign judgment until an
> appeal is concluded, the time for appeal expires, or a stay
> of execution expires or is vacated if the judgment debtor:
>    (1)  [s]hows the court that an appeal from the foreign
>         judgment is pending or will be taken, or that a
>         stay of execution has been granted; and

---

[3]  Rule 8(c)(2) explicitly permits the court to redesignate a defense as a counterclaim if justice so requires.  Fed. R. Civ. P. 8(c)(2).  This flexibility in the rules "reflects the conscious attempt . . . to ignore pleading technicalities" and "promotes the liberality with which courts generally construe pleadings under the federal rules."  5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1275 (3d ed. 2004).

[4] *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

6

>    (2) [p]roves that the judgment debtor has furnished the security for the satisfaction of the judgment required by the state in which it was rendered.

Md. Code Ann., Cts. & Jud. Proc. § 11-804(a). Man Sugar has provided a copy of the July 15, 2010 Order of Her Majesty's Court of Appeal, which struck Fluxo-Cane's appeal for "fail[ure] to provide security in the extended time allowed." Paper No. 102, Ex. 1. Accordingly, enforcement of the judgment in the English Action need not be stayed.[5]

C.  Entry of Final Judgment

Man Sugar requests that final judgment be entered and this case closed. Paper No. 92.[6] Fluxo-Cane contends that, under the sugar contract, it is entitled to a net judgment against Man Sugar in the amount of $1,469,931.53.[7] Paper No. 103 at 2. But

---

[5] Citing *Pitman v. Aran*, 935 F. Supp. 637 (D. Md. 1996), Fluxo-Cane also argues that this Court should not enforce the English judgment because it has not been properly authenticated and registered under Md. Code Ann., Cts. & Jud. Proc. § 11-802(a). *See* Paper No. 101 at 1. In *Pitman*, the court refused to recognize an Israeli judgment because the party seeking its enforcement "ha[d] not produced a copy of the judgment." *Id*. at 650. By contrast, Man Sugar has provided a copy of the English judgment, and Fluxo-Cane has acknowledged its liability under that judgment. Accordingly, this Court will permit equitable set-off based on Fluxo-Cane's acknowledged liability to Man Sugar.

[6] Citing the same arguments made in its pending motion for reconsideration, Fluxo-Cane resists entry of final judgment on the set-off counterclaim. Paper Nos. 93 & 95.

[7] This number represents the amount outstanding and unpaid by Man Sugar under the sugar contract ($6,597,456.62) plus prejudgment interest in accordance with New York law at the New

7

Fluxo-Cane's calculation only deducted its $6,611,952.83 debt to Man Sugar and did not account for the interest and costs due under the English judgment.

On July 30, 2010, this Court directed Man Sugar to "provide evidence of the pre-judgment interest rate and costs owed to it by Fluxo-Cane under the English judgment." Paper No. 106. In response to that Letter Order, Man Sugar represents that "MCA and Man Sugar have not yet applied to the [English] Court for the award of interest and costs directed by Justice Steel's February 11, 2010 Order." Paper No. 107 at 1. Because this Court cannot equitably set-off payment due to Fluxo-Cane under the sugar contract against an unknown amount of interest and costs due under the English judgment, Fluxo-Cane may recover a net judgment against Man Sugar in the amount of $1,469,931.53, representing the pre-judgment interest due under the sugar contract.[8]

---

York statutory rate of 9% per annum ($1,484,427.74) minus the $6,611,952.83 due to Man Sugar under the English judgment. Paper No. 103 at 1. Man Sugar does not contest the calculation of prejudgment interest itself but instead argues that the set-off precluded the accrual of interest. See Paper No. 104 at 2-3.

[8] Man Sugar argues that the "mutual debts were set-off as of the dates . . . when MCA assigned the debts to Man Sugar." Paper No. 107 at 2. Because Man Sugar has not established a contractual right to set-off, the mutual debts were not set-off at the time of assignment but as of this Court's June 15, 2010 Order, granting equitable set-off. *See* Paper No. 89 at 10. Man Sugar does not appear to be pursuing its contract right to set-

III. Conclusion

For the reasons stated above, Fluxo-Cane's motion for reconsideration will be denied. Final judgment will be entered for Fluxo-Cane against Man Sugar in the amount of $1,469,931.53.

October 29, 2010                              /s/
Date                                William D. Quarles, Jr.
                                    United States District Judge

---

off, as it has requested entry of final judgment based on its right to equitable set-off. Accordingly, this Court will not further address arguments based on an unestablished--and seemingly abandoned--right to contractual set-off.

9