IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

FLUXO-CANE OVERSEAS, LTD.

    Plaintiff,

    v.     CIVIL NO.: WDQ-08-0356

E.D. & F. MAN SUGAR, INC.,

    Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Fluxo-Cane Overseas, Ltd. ("Fluxo-Cane") sued E.D. & F. Man Sugar, Inc. ("Man Sugar") for breach of contract, conversion, and misappropriation of bills of lading and sugar cargo. Man Sugar filed a permissive counterclaim for set-off. For the following reasons, Man Sugar's motion to alter or amend the judgment will be granted.

I.    Background

On February 1, 2005, Fluxo-Cane entered into a commodities futures trading contract (the "futures contract") with E.D. & F. Man Commodity Advisers, Ltd. ("MCA").[1] ECF. No. 39. On January 7, 2008, Fluxo-Cane entered into a contract to sell Man Sugar over 25,000 metric tons of sugar (the "sugar contract"). ECF

---

[1] Man Sugar and MCA are subsidiaries of E.D. & F. Man Holdings, Ltd. ECF No. 39.

No. 71.  Later that month, Fluxo-Cane delivered the sugar, but Man Sugar did not pay. *Id.*

Before February 4, 2008, MCA terminated the futures contract, liquidated Fluxo-Cane's account, and determined Fluxo-Cane's debt. ECF No. 32, Ex. 16.  On February 4, 2008, MCA assigned a portion of that debt to Man Sugar ("the assignment"). *Id.*  That same day, Man Sugar notified Fluxo-Cane that it would set off its debt under the sugar contract against the assignment from MCA.  *Id.*  On February 7, 2008, Fluxo-Cane demanded payment on the sugar contract.  ECF No. 32, Exs. 17 & 18.  Man Sugar refused.  *Id.*

On February 8, 2008, Fluxo-Cane filed this suit.  ECF No. 1.  On April 25, 2008, Man Sugar counterclaimed for set-off based on the assignment from MCA.  ECF No. 25.  On December 3, 2009, Man Sugar requested an extension of time to respond to Fluxo-Cane's motions pending "the outcome of . . . a case between the parties . . . pending in the United Kingdom" (the "English Action").  ECF No. 76 at 1.

On February 11, 2010, the High Court of Justice, Queen's Bench Division, Commercial Court (the "High Court"): (1) ruled that MCA had sustained a loss of $22,056,154.62 caused by Fluxo-Cane, (2) declared that MCA's assignment to Man Sugar of $6,611,952.83 of Fluxo-Cane's debt was valid, (3) entered judgment for MCA in the amount of $15,444,201.79 plus interest

2

and costs against Fluxo-Cane and its guarantor, and (4) entered judgment for Man Sugar in the amount of $6,611,952.83 plus interest and costs against Fluxo-Cane. ECF No. 85, Ex. A ¶¶ 80-86, 90-101, Ex. B ¶¶ 1-3.

On June 15, 2010, this Court: (1) granted Fluxo-Cane summary judgment on its claim for breach of the sugar contract, (2) denied Fluxo-Cane's motions to dismiss the set-off counterclaim and to vacate, and (3) granted Man Sugar's motion for summary judgment on its counterclaim. ECF No. 90. In the Memorandum Opinion, the Court stated that "[e]ven though a contractual right to set-off has not been established [by Man Sugar], this Court may offset mutual debts owed between the same parties under principles of equity." ECF No. 89 at 10.

On June 22, 2010, Man Sugar requested that final judgment be entered in the case, and the case be closed. ECF No. 92. On June 25, 2010, Fluxo-Cane moved for reconsideration. ECF No. 96. By letter order, this Court directed Fluxo-Cane to produce evidence that an appeal or stay of judgment was pending in the English Action and directed Man Sugar to provide evidence of the pre-judgment interest rate and costs owed by Fluxo-Cane under the High Court's February 11, 2010 judgment in the English Action. ECF Nos. 100 & 106.

Man Sugar submitted a letter in response on August 4, 2010. ECF No. 107. In the letter, Man Sugar provided a calculation

3

"reflect[ing] interest and costs that Man Sugar would at a minimum expect to recover should . . . it . . . apply to the High Court for that purpose." ECF No. 107 at 1. Man Sugar stated that it had "not yet applied to the [High Court] for the award of interest and costs directed by [the High Court's] February 11, 2010 Order." *Id.* Fluxo-Cane responded to Man Sugar's letter, but did not object to its method of calculating the interest and costs. ECF No. 109.

On October 29, 2010, this Court denied Fluxo-Cane's motion for reconsideration, and entered final judgment for Fluxo-Cane against Man Sugar in the amount of $1,469,931.53. ECF No. 112. The judgment for Fluxo-Cane represented "the amount outstanding and unpaid by Man Sugar under the sugar contract ($6,597,456.62) plus prejudgment interest in accordance with New York law at the New York statutory rate of 9% per annum ($1,484,427.74) minus the $6,611,952.83 due to Man Sugar under the English judgment." ECF No. 112 at 7-8. The amount of the set-off for the English judgment did not include the interests and costs awarded by the High Court because this Court could not "equitably set-off payment due to Fluxo-Cane under the sugar contract against an unknown amount of interest and costs due under the English judgment." *Id.* at 8.

On November 12, 2010, Man Sugar's English counsel requested an interest-and-costs order from the High Court to determine the

4

amounts owed under the February 11, 2010 English judgment. Def.'s Mot., Ex. A at 1. On November 22, 2010, the High Court ordered that Fluxo-Cane owed Man Sugar $590,403.05 in pre-judgment interest and $353,603.61 in post-judgment statutory interest. Def.'s Mot., Ex. B. Fluxo-Cane also owed $653,360.00 in costs.[2] Thus, Fluxo-Cane owes Man Sugar $1,579,366.66 in interest and costs in the English Action.

On November 23, 2010, Man Sugar filed its motion to alter or amend this Court's October 29, 2010 judgment awarding Fluxo-Cane $1,469,931.53. ECF No. 114. Fluxo-Cane has not opposed the motion.[3]

II. Analysis

A. Standard of Review

A party may move to alter or amend a judgment under Rule 59(e), or for relief from a judgment or order under Rule 60(b). *See* Fed. R. Civ. P. 59(e), 60(b). A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls. *See* Fed. R. Civ. P. 59(e); *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d. 1, 2-3 (4th Cir. 1992). Because Man Sugar filed its motion to amend

---

[2] The High Court awarded Man Sugar that amount in the February 11, 2010 order. ECF No. 85, Ex. B.

[3] Fluxo-Cane's opposition was due December 10, 2010.

within 28 days of the October 29, 2010 judgment, Rule 59(e) governs.

Under Rule 59(e), a court may grant a motion to alter or amend the judgment to: (1) accommodate an intervening change in controlling law; (2) account for new evidence previously unavailable; or (3) correct a clear error of law or prevent manifest injustice. *Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n. 8 (4th Cir. 2008).

Rule 59(e) permits a district court to correct errors, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). But Rule 59(e) may not be used to reargue points that could have been made before the judgment was entered. *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). Mere disagreement with the court's decision does not justify granting the motion, *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993), and when a motion "merely urges the court to 'change its mind,' relief is not authorized," *Medlock v. Rumsfeld*, 336 F. Supp. 2d 452, 470 (D. Md. 2002).

B. Man Sugar's Motion

Man Sugar requests that this Court amend the judgment to reflect the interests and costs that have now been assessed in the English Action. Man Sugar argues that the November 22, 2010

High Court order fixing the interest owed by Fluxo-Cane is "new evidence" supporting amendment of the judgment for Fluxo-Cane in this case. Def.'s Mem. 9.

Before considering new evidence, the Court "must satisfy itself as to the unavailability of the evidence." *Zinkland v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007). Additionally, the movant "must produce a legitimate justification for not presenting the evidence during the earlier proceeding." *Small v. Hunt*, 98 F.3d 789, 798 (4th Cir. 1996) (internal quotation marks omitted).

Because the High Court order assessing interest was not issued until November 22, 2010, it was unavailable when this Court issued the October 29, 2010 judgment that Man Sugar seeks to amend. Further, Man Sugar's failure to seek the High Court order earlier is excusable,[4] and its request for reconsideration

---

[4] Man Sugar's August 4, 2010 letter provided this Court with detailed calculations of the interest owed under the English judgment, and stated that Man Sugar "would . . . apply to the High Court for a suitable interest-and-costs order were this Court to consider it necessary." ECF Nos. 107. On August 31, 2010, Man Sugar explained that it had not applied for an interest-and-costs order because Fluxo-Cane had not argued that it incorrectly computed the interest owed under the English judgment in the August 4 letter. *See Steigerwald v. Bradley*, 229 F. Supp. 2d 445, 447 (D. Md. 2002) (plaintiff's rationale for not presenting evidence before the judgment was sufficient when they explained that "they did not previously submit requisite proof of lost profits because they believed such evidence would be needed only 'if the . . . Defendants challenged any aspect of the damage claims.'").

7

does not rely on legal arguments it should have raised earlier. Thus, the High Court's November 22, 2010 order is new evidence supporting Man Sugar's motion.

The November 22, 2010 order alters this Court's determination that the interests and costs owed to Man Sugar were unknown and, thus could not be included in the equitable set-off. *See* ECF No. 112 at 8. Accordingly, Man Sugar's unopposed motion will be granted,[5] and the judgment for Fluxo-Cane will be amended to reflect the amounts set by the High Court and avoid "the absurdity" of passing money back-and-forth

---

[5] Because the motion is granted on the basis of new evidence, the Court need not consider Man Sugar's other arguments for amendment. However, Man Sugar's arguments that the Court should have (1) recognized that it perfected its set-off right on the date it notified Fluxo-Cane of the assignment, and (2) applied the interest on the balance rule are unsuccessful because Man Sugar simply urges this Court to change its mind, but provides no authority to show that the Court incorrectly applied the law. The authority Man Sugar does rely on does not support its position. The set-off was not "perfected" when Man Sugar notified Fluxo-Cane of the assignment, *see Clarkson Co. Ltd. v. Shaheen*, 533 F. Supp. 905, 925 (S.D.N.Y. 1982) (set-off occurs after a decision to exercise the set-off and some affirmative action to accomplish the set-off, if a record evidences the right of set-off), and the interest on the balance rule does not apply because the parties' mutual debts arise from different transactions, *see Indu Craft, Inc. v. Bank of Baroda*, 1995 WL 479516, *1-2 (S.D.N.Y. Aug. 10, 1995)(applying the interest on the balance rule when mutual, liquidated debts arose out of the same transaction); *Ralston Purina Co. v. Parsons Feed & Farm Supply, Inc.*, 416 F.2d 207, 211 (8th Cir. 1969)(interest on the balance rule does not apply when the counterclaim "arises out of a collateral matter").

between the parties. *See Westinghouse Credit Corp. v. D'Urso*, 278 F.3d 138, 149 (2d Cir. 2002).[6]

III. Conclusion

For the reasons stated above, Man Sugar's motion to amend will be granted.

\_\_\_\_\_5/5/11\_\_\_\_\_            \_\_\_\_\_/s/\_\_\_\_\_
Date                                          William D. Quarles, Jr.
                                                    United States District Judge

---

[6] Under the amended judgment: Fluxo-Cane will be awarded the amount outstanding and unpaid by Man Sugar under the sugar contract ($6,597,456.62) plus prejudgment interest in accordance with New York law at the New York statutory rate of 9% per annum ($1,484,427.74) minus: (1) the amount due under the English judgment ($6,611,952.83), and (2) the interest and costs due under the English judgment ($590,403.05 in pre-judgment interest; $353,603.61 in post-judgment statutory interest; and $653,360.00 in costs). Because the amended set-off exceeds Fluxo-Cane's award on the sugar contract by $127,435.13, Fluxo-Cane's judgment will be $0.00.